**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff, Esq. (*pro hac vice* pending)
Rachael L. Ringer, Esq. (*pro hac vice* pending)
Megan M. Wasson, Esq. (*pro hac vice* pending)
Ashland J. Bernard, Esq. (*pro hac vice* pending)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Del Monte Foods Corporation II Inc., *et al.*,[1] | Case No. 25-16984 (MBK) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASE AND (B) ABANDONMENT OF ANY PERSONAL PROPERTY, EACH EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**")

respectfully state the following in support of this motion (this "**Motion**"), and rely upon and

incorporate by reference the *Declaration of Jonathan Goulding, as Chief Restructuring Officer, in

Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day

Declaration**") filed concurrently herewith:

---

[1] The last four digits of Debtor Del Monte Foods Corporation II Inc.'s tax identification number are 1894. A complete list of the Debtors in these Chapter 11 Cases and their respective tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent, at https://cases.stretto.com/DelMonteFoods. The location of the Debtor Del Monte Foods Corporation II Inc.'s principal place of business and the Debtors' service address is 205 North Wiget Lane, Walnut Creek, California 94598.

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "**Order**"): (i) authorizing the Debtors to (a) reject certain executory contracts

(each, a "**Contract**" and collectively, the "**Contracts**") and the unexpired lease for non-residential

real property (the "**Lease**") identified on Schedule 1[2] to the Order and (b) abandon certain

equipment, fixtures, furniture, or other personal property that may be located at the premises

covered by the Lease (collectively, the "**Personal Property**"), each effective as of the Petition

Date (as defined below), and (ii) granting related relief.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of New Jersey (the "**Court**")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered on July 23, 1984, and amended on June

6, 2025 (Bumb, C.J.) (the "**Standing Order**").  The Debtors confirm their consent to the Court

entering a final order in connection with this Motion to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of

title 11 of the United States Code (the "**Bankruptcy Code**"), rule 6006 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 9013-1 of the Local Rules of the

United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**").

---

[2]      The Debtors reserve the right to amend Schedule 1 to the Order by removing certain Contracts and Leases from
such schedule prior to the hearing on this motion.

**Background**

5.        On July 1, 2025 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, these "**Chapter 11 Cases**").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their business and manage their financial affairs as debtors in possession.

6.        On the Petition Date, the Debtors have also filed a motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to sections 105(a) and 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 1015(b).  As of the date hereof, no request for the appointment of a trustee or examiner has been made, nor has any statutory committee been appointed or designated, in the Chapter 11 Cases.

7.        Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of the Chapter 11 Cases can be found in the First Day Declaration, which is incorporated herein by reference.

**Contracts and Lease to be Rejected[3]**

8.        As set forth in the First Day Declaration, the Debtors filed these Chapter 11 Cases with the intent of commencing a value maximizing reorganization process. Before the Petition Date, the Debtors, with the assistance of their advisors, undertook a comprehensive review of their executory contracts and unexpired leases to identify contracts and leases that are no longer necessary for the Debtors' business operations, will not be assumed and assigned as part of any sale or restructuring process, and that are otherwise financially burdensome.  Each of the Contracts

---

[3]     While the Debtors are seeking rejection pursuant to section 365 of the Bankruptcy Code, nothing herein shall be deemed or otherwise construed as the Debtors' concession that any Contract is, in fact, an executory contract.

and the Lease identified on Schedule 1 to **Exhibit A** fall into one or more of these categories. Accordingly, the Debtors have determined that rejecting such Contracts and Lease is an appropriate exercise of their business judgment and in the best interest of their estates, as rejection allows the Debtors to avoid potentially incurring further costs and expenses that would only undermine their efforts to minimize costs and maximize the value of their estates for the benefit of creditors.  Accordingly, in an effort to reduce postpetition administrative costs and in the exercise of the Debtors' business judgment, the Debtors seek authority to reject the Contracts and Lease, in each case, effective as of the Petition Date.

9.       The rejection of the Contracts and Lease is critical for the Debtors to efficiently divest and monetize assets and administer their estates during the pendency of these Chapter 11 Cases.  The Lease relates to the Debtors' former headquarters location in Walnut Creek, California (the "**Rejected Premises**") which Lease expired on May 31, 2025.  While the Lease expired before the Petition Date and the Debtors have already vacated the Rejected Premises, the Debtors nonetheless seek authority to reject the Lease out of an abundance of caution to avoid any potential administrative claims associated with the Lease.

10.       Moreover, the Debtors have identified certain contracts that are no longer relevant to their business operations.  The Debtors have analyzed the terms of such contracts and determined that such Contracts do not provide any material benefit to their estates, would not likely be assumed and assigned in connection with any sale process, and accordingly, should be rejected to cut off the potential incurrence of additional administrative costs or expenses associated with such Contracts during the pendency of these Chapter 11 Cases.

11.       Accordingly, the Debtors have determined that it is in the best interests of their estates to reject the Lease and Contracts set forth on Schedule 1, effective as of the Petition Date.

4

## **Personal Property to Be Abandoned**

12.     The Debtors submit that any personal property remaining at the Rejected Premises is either of inconsequential value to the Debtors' estates or that the costs to the Debtors of retrieving, marketing, and reselling the personal property will exceed the recoveries, if any, that the Debtors and their estates could reasonably obtain in exchange for such property.  For the avoidance of doubt, the Debtors seek to abandon such personal property pursuant to section 554 of the Bankruptcy Code.

13.     Accordingly, to reduce postpetition administrative costs, and in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of the personal property as of the Petition Date is appropriate and in the best interests of the Debtors, their estates, and their creditors.

## **Basis for Relief**

### **I.     Rejection of the Contracts and Lease Reflects the Debtors' Sound Business Judgment.**

14.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  The decision to assume or reject executory contracts or unexpired leases is a matter within the "business judgment" of the debtor.  *See NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) *aff'd*, 465 U.S. 513 (1984) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (D. Del. 1995).  Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice.  *See, e.g.*, *In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511–12 (Bankr. D. Del. 2003).  Further, "[t]his provision allows a trustee to relieve the bankruptcy

estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

15.    The Debtors' rejection of a contract or unexpired lease is appropriate where such rejection would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39–40 (3d Cir. 1989). Upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a). *See, e.g., In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

## II.    Rejection of the Contracts and Lease is in the Best Interest of the Debtors' Estates.

16.    After evaluation and analysis, the Debtors, with the assistance of their advisors, have determined that there is no net benefit that is likely to be realized from the Debtors' efforts to retain and market the Contracts and Lease, and that there is little, if any, likelihood that the Debtors will be able to realize value from the Contracts or Lease. Therefore, the Contracts and Lease are otherwise a burden to the Debtors' estates and cannot be efficiently administered by the Debtors' estates during the pendency of these Chapter 11 Cases.

17.    The Debtors seek to reject the Contracts and Lease, pursuant to section 365(a) of the Bankruptcy Code, to avoid the incurrence of any additional unnecessary expenses related to the Contracts and Lease as they seek to divest and monetize their assets. The Debtors have concluded that the cost of maintaining the Contracts and Lease outweighs any value that such

Contract or Lease could generate or that they are likely to generate if they were assumed and assigned. Absent rejection, the Debtors believe that the Contracts and Lease will continue to burden the Debtors' estates with substantial administrative expenses without providing any corresponding benefit.

18.     For all of the foregoing reasons, the Debtors have decided, in the exercise of their sound business judgment, to reject the Contracts and Lease as of the Petition Date. Accordingly, the Debtors respectfully request that the Court authorize the rejection of the Contracts and Lease pursuant to section 365(a) of the Bankruptcy Code.

### III. Rejection of the Contracts and Lease as of the Petition Date Is Appropriate.

19.     Section 365 of the Bankruptcy Code does not specifically address whether the Bankruptcy Court may order rejection to be applied retroactively. *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating that section 365 allows for retroactive rejection of nonresidential leases where the principles of equity dictate); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of leases to apply retroactively"). Many courts have held that bankruptcy courts may, in their discretion, authorize rejection retroactively to a date prior to entry of the order authorizing such rejection where the balance of equities favor such relief. *See, e.g., In re Virginia Packaging Supply Co., Inc.*, 122 B.R. 491, 493 (Bankr. E.D. Va. 1990) (allowing retroactive rejection of a lease where the debtor timely filed a motion for rejection); *see also, e.g., In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 185 (Bankr. E.D. Pa. 2010) (granting retroactive rejection where equitable considerations did not weigh against it); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) *cert. denied sub*

7

*nom.*, 546 U.S. 814 (2005) (affirming bankruptcy court's approval of retroactive rejection); *In re Thinking Machs., Corp.*, 67 F.3d 1021, 1028 (1st. Cir. 1995) ("[B]ankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."). In considering whether to approve retroactive rejection, courts examine a number of factors and generally approve retroactive rejection where it promotes the purposes of section 365(a) of the Bankruptcy Code. *See In re Chi-Chi's, Inc.*, 305 B.R. at 339.

20.     In this instance, the balance of the equities favors approval of retroactive rejection of the Contracts and Lease. Prior to the Petition Date, the Debtors vacated the Rejected Premises and determined that they do not require the services provided under the Contracts. As a result of these prepetition actions and notice of this motion, the relevant landlord and contract counterparties are not subject to any uncertainty regarding the Debtors' intent with respect to the Contracts and Lease. Upon the Petition Date, the affected landlord and contract counterparties identified in <u>Schedule 1</u> will be relieved of their own obligations under the applicable Contract or Lease, allowing them to cease performance of such obligations and immediately repossess their property or enter into new contracts or leases (as applicable). Any postponement of the effective date of the rejection of the Contracts or Lease would compel the Debtors to compensate the contract counterparties, at the estates' expense, for a delay that the Debtors made every effort to avoid and, further, would force the Debtors potentially to incur unnecessary administrative expenses which provide no benefit to the Debtors' estates. Such an outcome would be inequitable to the Debtors' other stakeholders.

21.     Pursuant to section 365 of the Bankruptcy Code, the Debtors seek to effectuate rejection of the Contracts and Lease as of the Petition Date, which may in some cases occur before the date of an order approving rejection of the Contracts and Lease has been entered by the Court. For the reasons set forth above, permitting rejection of the Contracts and Lease to occur as of the

Petition Date is fair and equitable to all parties in interest, especially where the counterparties to the Contracts and the Lease will not be prejudiced thereby.  Permitting rejection to occur as of the Petition Date is consistent with prior rulings in this jurisdiction.  *See, e.g.*, *In New Rite Aid, LLC,* No. 25-14861 (MBK) (Bankr. D.N.J. May 7, 2025) (authorizing rejection of unexpired contracts and leases as of the petition date); *In re Sam Ash Corp.*, No. 24-14727 (SLM) (Bankr. D.N.J. July 1, 2024) (authorizing rejection of unexpired contracts and leases effective as of a specified date); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D. N.J. Apr. 4, 2024) (same); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D. N.J. Jul. 25, 2024 (same); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D. N.J. June 18, 2024) (same); *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D. N.J. May 18, 2023).[4]

22.    A court may permit such retroactive rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses.  If the relief requested is not granted, the Debtors and their creditors will be burdened with unnecessary expenses.  Moreover, the counterparties to the Contracts and Lease will not be unduly prejudiced, because (a) such counterparties have sufficient notice of the Debtors' intent to reject the applicable Contracts and Lease and (b) with respect to the Lease, its term has already expired and the Debtors have relinquished control of the Rejected Premises.  *See, e.g., Bildisco & Bildisco*, 465 U.S. at 523 (stating that rejection relates back to the petition date); *In re Thinking Machs. Corp.*, 67 F.3d at 1028 ("In the section 365 context . . . bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section

---

4    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed co-counsel.

365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

**IV.    Abandonment of Any Personal Property Located at the Rejected Premises is Authorized by Section 554(a) of the Bankruptcy Code.**

23.    Section 554(a) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a); *see also In re Wilson*, 94 B.R. 886, 888 (Bankr. E.D. Va. 1989) ("It is well settled, however, that a trustee is not obligated to accept onerous or unprofitable property surrendered as part of the estate, and may abandon property that is 'burdensome' or 'of inconsequential value and benefit' under § 554 of the Code.") (internal citations omitted).    The right to abandon property is virtually unfettered, unless: (a) abandonment of the property will contravene laws designed to protect public health and safety; or (b) the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant under the instant facts.

24.    The Debtors submit that any personal property left at the Rejected Premises is of inconsequential value to the Debtors' estates, or the costs to the Debtors of retrieving, marketing, and reselling such Personal Property will exceed the recoveries, if any, that the Debtors and their estates could reasonably obtain in exchange for such property.    This Court previously approved similar relief in other chapter 11 cases. *See*, *e.g.*, *In New Rite Aid, LLC,* No. 25-14861 (MBK) (Bankr. D.N.J. May 7, 2025) (authorizing the abandonment of certain personal property of inconsequential value at closing stores); *In re Sam Ash Corp.*, No. 24-14727 (SLM) (Bankr. D.N.J. July 1, 2024); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. June 18, 2024) (same); *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. May 18, 2023) (same); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP)

(Bankr. D.N.J. May 17, 2023) (same); *In re L'Occitane, Inc.,* No. 2110632 (MBK) (Bankr. D.N.J.

Jan. 28, 2021) (same).

25.     Accordingly, the Debtors have determined, in the exercise of their sound business

judgment, that abandonment of any personal property located at the Rejected Premises will be in

the best interest of the Debtors and their estates.

## Waiver of Memorandum of Law

26.     The Debtors respectfully request that the Court waive the requirement to file a

separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon

which the Debtors rely is set forth herein and the motion does not raise any novel issues of law.

## Reservation of Rights

27.     Nothing contained in this motion or any order granting the relief requested in this

motion, and no action taken pursuant to the relief requested or granted (including any payment

made in accordance with any such order), is intended as or shall be construed or deemed to

be:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors

under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors'

or any other party in interest's right to dispute any claim on any grounds; (c) a promise or

requirement to pay any particular claim; (d) an implication, admission or finding that any particular

claim is an administrative expense claim, other priority claim or otherwise of a type specified or

defined in this motion or any order granting the relief requested by this motion; (e) a request or

authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365

of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection

of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or

(g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other

party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

## **No Prior Request**

28.     No prior request for the relief sought in this Motion has been made to this or any other court.

## **Notice**

29.     The Debtors will provide notice of this motion to the following parties and/or their respective counsel, as applicable:  (i) the Office of the United States Trustee for the District of New Jersey; (ii) counsel to the Prepetition ABL Agent; (iii) counsel to the Ad Hoc Term Lender Group; (iv) counsel to the Super-Senior Agent; (v) counsel to the DIP Agents; (vi) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (vii) the United States Attorney's Office for the District of New Jersey; (viii) the attorneys general for all states in which the Debtors conduct business; (ix) the United States Department of Justice; (x) the Internal Revenue Service; (xi) all parties requesting notice pursuant to Bankruptcy Rule 2002; and (xii) the counterparties to the Contracts and Lease listed on Schedule 1 to **Exhibit A**.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: July 1, 2025

/s/ Michael D. Sirota
Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota
David M. Bass
Felice R. Yudkin
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:   msirota@coleschotz.com
              dbass@coleschotz.com
              fyudkin@coleschotz.com

– and –

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff*
Rachael L. Ringer*
Megan M. Wasson*
Ashland J. Bernard*
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
E-mail: Adam.Rogoff@HSFKramer.com
              Rachael.Ringer@HSFKramer.com
              Megan.Wasson@HSFKramer.com
              Ashland.Bernard@HSFKramer.com

*Pending Admission Pro Hac Vice*

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Del Monte Foods Corporation II Inc., *et al.*,[1] | Case No. 25-16984 (MBK) |
| Debtors. | (Jointly Administered) |

## ORDER (I) AUTHORIZING
## (A) REJECTION OF CERTAIN EXECUTORY
## CONTRACTS AND UNEXPIRED LEASE OF NON-RESIDENTIAL REAL
## PROPERTY AND (B) ABANDONMENT OF ANY PERSONAL PROPERTY, EACH
## EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered four (4) through seven (7), is

**ORDERED**.

---

[1]  The last four digits of Debtor Del Monte Foods Corporation II Inc.'s tax identification number are 1894.  A complete list of the Debtors in these Chapter 11 Cases and their respective tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent, at https://cases.stretto.com/DelMonteFoods.  The location of the Debtor Del Monte Foods Corporation II Inc.'s principal place of business and the Debtors' service address is 205 North Wiget Lane, Walnut Creek, California 94598.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff (*pro hac vice* pending)
Rachael L. Ringer (*pro hac vice* pending)
Megan M. Wasson (*pro hac vice* pending)
Ashland J. Bernard (*pro hac vice pending*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
E-mail:  Adam.Rogoff@HSFKramer.com
          Rachael.Ringer@HSFKramer.com
          Megan.Wasson@HSFKramer.com
          Ashland.Bernard@HSFKramer.com


**COLE SCHOTZ P.C.**
Michael D. Sirota
David M. Bass
Felice R. Yudkin
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:  msirota@coleschotz.com
         dbass@coleschotz.com
         fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | Del Monte Foods Corporation II Inc., *et al*. |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Order (I) Authorizing (A) Rejection of Certain Executory Contracts and Unexpired Lease of Non-Residential Real Property and (B) Abandonment of any Personal Property, Each Effective as of the Petition Date and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing (A) Rejection of Certain Executory Contracts and Unexpired Lease of Non-Residential Real Property and (B) Abandonment of any Personal Property, Each Effective as of the Petition Date and (II) Granting Related Relief* (the "**Motion**"),[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**") (i) authorizing the Debtors to (a) reject the Contracts and Lease set forth on **Schedule 1** attached hereto and (b) abandon any personal property located at the Rejected Premises, each effective as of the Petition Date and (ii) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | Del Monte Foods Corporation II Inc., *et al*. |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Order (I) Authorizing (A) Rejection of Certain Executory Contracts and Unexpired Lease of Non-Residential Real Property and (B) Abandonment of any Personal Property, Each Effective as of the Petition Date and (II) Granting Related Relief |

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a basis as set forth herein.

2.      Pursuant to section 365 of the Bankruptcy Code, the Contracts and the Lease identified on Schedule 1 attached hereto are hereby rejected, with such rejection effective as of the Petition Date.

3.      The Debtors shall not be liable for any additional administrative expenses arising after the Petition Date with respect to the Contracts and Lease.

4.      The Debtors do not waive any claims that they may have against any counterparty to the Contracts or Lease, whether such claims arise under, are related to the rejection of, or are independent of the Contracts or Lease.

5.      Claims arising out of the rejection of the Contracts and Lease, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these Chapter 11 Cases, if any and (ii) thirty (30) days after the date of entry of this Order approving rejection of the Contracts and Lease.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection of the Contracts and Lease.

6.      Nothing herein shall prejudice any party's rights to assert that the Contracts or Lease are not, in fact, executory within the meaning of section 365 of the Bankruptcy Code.

7.      The Debtors are authorized, but not directed, to remove or abandon any of the Debtors' personal property that may be located at the Rejected Premises; *provided, however*, that the Debtors shall remove from the leased premises any of the Debtors' personal property or other assets that contain and/or consist of (i) any hazardous or toxic substances or materials (as such

4

(Page | 5)

| | |
|---|---|
| Debtors: | Del Monte Foods Corporation II Inc., *et al*. |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Order (I) Authorizing (A) Rejection of Certain Executory Contracts and Unexpired Lease of Non-Residential Real Property and (B) Abandonment of any Personal Property, Each Effective as of the Petition Date and (II) Granting Related Relief |

terms are defined under applicable law) to the extent they are required to do so under applicable law (the "**Hazardous Material**"),and  (ii) any "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "**PII**"). The property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Petition Date. For the avoidance of doubt, and absent any sustained objection as it relates to the Debtors' personal property at the Rejected Premises, any and all property located at the Rejected Premises on the Petition Date, other than the Hazardous Material and PII, shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Petition Date. The affected landlord may, in its sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

8.      Any personal property located at the Rejected Premises is deemed abandoned, other than the Hazardous Material and PII, as of the Petition Date, free and clear of all liens, claims, encumbrances, interests, and rights of third parties. And the counterparty to the Lease may dispose of such personal property, other than the Hazardous Material and PII, in its sole and absolute discretion and without further notice or order of this Court without liability to the Debtors or third parties. The automatic stay, to the extent applicable, is modified to allow for such disposition.

9.      Nothing herein shall prejudice the rights of the Debtors to argue that any of the Contracts or that the Lease were terminated prior to the Petition Date, or that any claim for damages arising from the rejection of the Contracts is limited to the remedies available under any applicable termination provision of such contract, or that any such claim is an obligation of a third party, and

(Page | 6)

| | |
|---|---|
| Debtors: | Del Monte Foods Corporation II Inc., *et al*. |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Order (I) Authorizing (A) Rejection of Certain Executory Contracts and Unexpired Lease of Non-Residential Real Property and (B) Abandonment of any Personal Property, Each Effective as of the Petition Date and (II) Granting Related Relief |

not that of the Debtors or their estates.

10.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11.     Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code, and all such rights are reserved.

12.     Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

(Page | 7)

| | |
|---|---|
| Debtors: | Del Monte Foods Corporation II Inc., *et al*. |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Order (I) Authorizing (A) Rejection of Certain Executory Contracts and Unexpired Lease of Non-Residential Real Property and (B) Abandonment of any Personal Property, Each Effective as of the Petition Date and (II) Granting Related Relief |

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## <u>Schedule 1</u>

## Contracts and Lease to Be Rejected[1]

| # | Debtor Counterparty | Rejection Counterparty | Description of Contract | Abandoned Property | Third Parties with Interest in Property | Rejection Date |
|---|---|---|---|---|---|---|
| 1 | DEL MONTE FOODS CORPORATION II INC. | 55 OAKWC OWNER, LLC PO BOX 515781 LOS ANGELES, CA 90051-5223 MENLO LAND & CAPITAL XIA, LLC C/O PENINSULA LAND & CAPITAL, INC. 2390 EL CAMINO REAL, SUITE 210 PALO ALTO, CA 94306 | FIRST AMENDMENT TO LEASE AGREEMENT DATED 02/01/2014 | No | N/A | 11:59 p.m. (prevailing time), July 1, 2025 |
| 2 | DEL MONTE FOODS CORPORATION II INC. | ALCALA FARMS 12591 10TH AVE. CITY OF HANFORD, CA 93230 | PROCESS WATER IRRIGATION AND TOMATO SOLID WASTE MANAGEMENT DATED 01/01/2021 | N/A | N/A | 11:59 p.m. (prevailing time), July 1, 2025 |
| 3 | DEL MONTE FOODS, INC. | PROMETHEUS GROUP ENTERPRISES, LLC 4601 SIX FORKS ROAD, SUITE 220 RALEIGH, NC 27609 | MASTER SUBSCRIPTION LICENSE AGREEMENT DATED 12/31/2021 | N/A | N/A | 11:59 p.m. (prevailing time), July 1, 2025 |
| 4 | DEL MONTE FOODS, INC. | INTERNATIONAL BUSINESS MACHINES CORPORATION 1 NEW ORCHARD ARMONK, NY 10504 | SOURCE PROGRAM SAVINGS CONSULTING SERVICES DATED 05/02/2022 | N/A | N/A | 11:59 p.m. (prevailing time), July 1, 2025 |

---

[1]   For the avoidance of doubt, the Contracts referenced herein include any ancillary documents, including guaranties or assignments thereof, and any amendments, modifications, or termination agreements related thereto.