Caption in Compliance with D.N.J. LBR 9004-1(b)

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| --- |
| In re:<br><br>Del Monte Foods Corporation II Inc., *et al.*,[1]<br><br>                Debtors. |

Order Filed on July 3, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 25-16984 (MBK) (Jointly Administered)

**INTERIM ORDER (A) AUTHORIZING DEBTORS TO PAY PREPETITION CLAIMS OF CRITICAL VENDORS, LIENHOLDERS, 503(B)(9) CLAIMANTS, AND PACA VENDORS; (B) DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS PAYMENTS IN CONNECTION THEREWITH; AND (C) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through nine (9), is **ORDERED**.

**DATED: July 3, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor Del Monte Foods Corporation II Inc.'s tax identification number are 1894. A complete list of the Debtors in these Chapter 11 Cases and their respective tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent, at https://cases.stretto.com/DelMonteFoods. The location of the Debtor Del Monte Foods Corporation II Inc.'s principal place of business and the Debtors' service address is 205 North Wiget Lane, Walnut Creek, California 94598.

.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff (*pro hac vice* pending)
Rachael L. Ringer (*pro hac vice* pending)
Megan M. Wasson (*pro hac vice* pending)
Ashland J. Bernard (*pro hac vice* pending)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
E-mail: Adam.Rogoff@HSFKramer.com
 Rachael.Ringer@HSFKramer.com
 Megan.Wasson@HSFKramer.com
 Ashland.Bernard@HSFKramer.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
David M. Bass
Felice R. Yudkin
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:  msirota@coleschotz.com
 dbass@coleschotz.com
 fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page 3)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Interim Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors, Lienholders, 503(B)(9) Claimants, and PACA Vendors; (B) Directing Financial Institutions to Honor and Process Payments in Connection Therewith; and (C) Granting Related Relief |

Upon the motion (the "**Motion**")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") seeking entry of an order (this "**Interim Order**"), (a) authorizing, but not directing, the Debtors, in their sole discretion, to pay, in the ordinary course of business, the prepetition claims of certain Domestic Critical Vendors, Foreign Critical Vendors, Lienholders, 503(b)(9) Claimants, and PACA Vendors; (b) authorizing, but not directing, the Banks to honor and process checks and electronic transfer requests related to the foregoing; and (c) granting related relief, all as more fully set forth in the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the Standing Order; and this Court having found that venue of the Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that due and proper notice of the Motion has been given, and that no other or further notice is required or necessary under the circumstances; and this Court having determined that it may enter an interim order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and upon the record in the Chapter 11 Cases and all of the proceedings had before this Court; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Interim Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors, Lienholders, 503(B)(9) Claimants, and PACA Vendors; (B) Directing Financial Institutions to Honor and Process Payments in Connection Therewith; and (C) Granting Related Relief |

1. The Motion is **GRANTED** as set forth herein on an interim basis.

2. The final hearing (the "**Final Hearing**") on the Motion shall be held on August 4, 2025, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be received by the following parties, on July 28, 2025: (i) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota (msirota@coleschotz.com), David M. Bass, Esq. (dbass@coleschotz.com) and Felice R. Yudkin (fyudkin@coleschotz.com), and Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Adam C. Rogoff (Adam.Rogoff@HSFKramer.com), Rachael L. Ringer (Rachael.Ringer@HSFKramer.com), Megan M. Wasson (Megan.Wasson@HSFKramer.com), and Ashland J. Bernard (Ashland.Bernard@HSFKramer.com); (ii) Office of the United States Trustee for the District of New Jersey, Attn: Jeffrey M. Sponder (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie (Lauren.Bielskie@usdoj.gov), One Newark Center, Suite 2100 Newark, NJ 07102; (iii) counsel to the Prepetition ABL Agent, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Sandeep Qusba (squsba@stblaw.com), Nicholas E. Baker (nbaker@stblaw.com), Dov Gottlieb (dov.gottlieb@stblaw.com), and Zachary J. Weiner (zachary.weiner@stblaw.com); (iv) counsel to the Ad Hoc Term Lender Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com), Jason Z. Goldstein (jgoldstein@gibsondunn.com), Francis Petrie (fpetrie@gibsondunn.com), Kevin Liang (kliang@gibsondunn.com) and Simon Briefel (sbriefel@gibsondunn.com), and Sills Cummis & Gross P.C., The Legal Center, One Riverfront

(Page 5)
Debtors:         DEL MONTE FOODS CORPORATION II INC., *et al.*
Case No.         25-16984 (MBK)
Caption of Order: Interim Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors, Lienholders, 503(B)(9) Claimants, and PACA Vendors; (B) Directing Financial Institutions to Honor and Process Payments in Connection Therewith; and (C) Granting Related Relief

Plaza, 1037 Raymond Blvd, Newark, New Jersey 07102, Attn: Andrew H. Sherman (asherman@sillscummis.com) and Gregory A. Kopacz (gkopacz@sillscummis.com); and (v) if any statutory committee has been appointed in these Chapter 11 Cases, counsel to such committee (collectively, the "**Notice Parties**").  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3.     The Debtors are authorized, but not directed, in their discretion and exercise of reasonable business judgment, subject to this Interim Order, to pay, honor, or otherwise satisfy prepetition claims held by Domestic Critical Vendors, Foreign Critical Vendors, Lienholders, 503(b)(9) Claimants, and PACA Vendors in the ordinary course of business, up to the aggregate amounts set forth in the following chart, subject to entry of a final order:

| Vendor Category | Interim Authorized Amount |
|---|---|
| Domestic Critical Vendors | $50,000,000 |
| Foreign Critical Vendors | $9,000,000 |
| Lienholders | $21,000,000 |
| 503(b)(9) Claimants | $19,000,000 |
| PACA Vendors | $3,000,000 |

4.     Nothing in this Interim Order shall prejudice the Debtors' right to request authority to pay additional amounts owed on account of claims held by Domestic Critical Vendors, Foreign Critical Vendors, Lienholders, 503(b)(9) Claimants, and PACA Vendors, which right is expressly and fully reserved and preserved.  In the event the Debtors will exceed the aggregate amounts of Domestic Critical Vendors, Foreign Critical Vendors, Lienholders, 503(b)(9) Claimants and PACA Vendors in the Interim Period, the Debtors shall file a separate motion with the Court

(Page 6)
Debtors: DEL MONTE FOODS CORPORATION II INC., *et al.*
Case No. 25-16984 (MBK)
Caption of Order: Interim Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors, Lienholders, 503(B)(9) Claimants, and PACA Vendors; (B) Directing Financial Institutions to Honor and Process Payments in Connection Therewith; and (C) Granting Related Relief

identifying the Vendors and/or categories of claim and the overage amount, and shall obtain Court approval prior to making payments in excess of the aggregate caps set forth herein.

5. Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of cash collateral and/or the Debtors' entry into any postpetition financing facilities or credit agreements, and any budgets in connection therewith governing any such postpetition financing and/or use of cash collateral (each such order, a "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

6. The Debtors are further authorized, but not directed, in their discretion, to condition the payment of a Critical Vendor claim on the agreement of the Critical Vendor (i) to continue supplying goods and services to the Debtors on the Customary Trade Terms, or such other trade terms that are at least as favorable to the Debtors as those in place during the twelve (12) months prior to the Petition Date, or as otherwise agreed to by the Debtors, in the reasonable exercise of their business judgment, and the Critical Vendor; and (ii) not to cancel on less than ninety (90) calendar days' notice any contract or agreement pursuant to which they provide goods or services to the Debtors.

7. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Interim Order including the following information: (i) the names of the payee; (ii) the amount of the payment; (iii) the category, nature or type of payment; (iv) the payment due; and (v) the Debtor or Debtors that made such payment. The

(Page 7)
Debtors: DEL MONTE FOODS CORPORATION II INC., *et al.*
Case No. 25-16984 (MBK)
Caption of Order: Interim Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors, Lienholders, 503(B)(9) Claimants, and PACA Vendors; (B) Directing Financial Institutions to Honor and Process Payments in Connection Therewith; and (C) Granting Related Relief

---

Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and to counsel to each of the Ad Hoc Term Lender Group, the Super-Senior Agent, the Prepetition ABL Agent, the DIP Agents, and any statutory committees appointed in the Chapter 11 Cases on a monthly basis beginning upon entry of this Interim Order, provided, however, that any information provided to statutory committees pursuant to this paragraph shall be on a "professional eyes only" basis.

8. Prior to entry of a final order, the Debtors shall not pay any obligations under this Interim Order unless they are due or are deemed necessary to be paid in the Debtors' reasonable business judgment to ensure ongoing provision of goods or services or otherwise to avoid an adverse effect on operations.

9. Nothing herein shall impair or prejudice the rights of the U.S. Trustee, the Ad Hoc Term Lender Group, the Super-Senior Agent, the Prepetition ABL Agent, the DIP Agents, and any statutory committees appointed in the Chapter 11 Cases, which are expressly reserved, to object to any payment made pursuant to this Interim Order to an "insider" (as such term is defined in section 101(31) of the Bankruptcy Code) or any affiliate of an insider to the Debtors. To the extent the Debtors intend to make a payment to an insider or an affiliate of an insider of the Debtors, the Debtors shall provide seven (7) calendar days' advance notice to object by the U.S. Trustee, the Ad Hoc Term Lender Group, the Super-Senior Agent, the Prepetition ABL Agent, the DIP Agents, and any statutory committees appointed in the Chapter 11 Cases; *provided* that if any party objects to a payment, the Debtors shall not make such payment without order of this Court.

| | |
|---|---|
| (Page 8) | |
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Interim Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors, Lienholders, 503(B)(9) Claimants, and PACA Vendors; (B) Directing Financial Institutions to Honor and Process Payments in Connection Therewith; and (C) Granting Related Relief |

10. The Banks are authorized, but not directed, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, on, or after the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

11. Notice of the Motion as described therein shall be deemed good and sufficient notice thereof and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry

13. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived by entry of this Interim Order.

14. Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

15. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

(Page 9)
Debtors:            DEL MONTE FOODS CORPORATION II INC., *et al.*
Case No.            25-16984 (MBK)
Caption of Order:   Interim Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors, Lienholders, 503(B)(9) Claimants, and PACA Vendors; (B) Directing Financial Institutions to Honor and Process Payments in Connection Therewith; and (C) Granting Related Relief

---

16. The Debtors shall serve a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

17. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.