**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff, Esq. (admitted *pro hac vice*)
Rachael L. Ringer, Esq. (admitted *pro hac vice*)
Megan M. Wasson, Esq. (admitted *pro hac vice*)
Ashland J. Bernard, Esq. (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Del Monte Foods Corporation II Inc., *et al.*,[1] | Case No. 25-16984 (MBK) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEBTORS' MOTION FOR ENTRY AN ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT

**PLEASE TAKE NOTICE** that on **August 4, 2025 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as proposed counsel may be heard, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") shall move the *Debtors' Motion for Entry of An Order (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions, (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment, and (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment*

---

[1]  The last four digits of Debtor Del Monte Foods Corporation II Inc.'s tax identification number are 1894.  A complete list of the Debtors in these Chapter 11 Cases and their respective tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent, at https://cases.stretto.com/DelMonteFoods. The location of the Debtor Del Monte Foods Corporation II Inc.'s principal place of business and the Debtors' service address is 205 North Wiget Lane, Walnut Creek, California 94598.

(the "**Motion**") before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, in Courtroom 8 of the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, NJ 08608, for entry of an order, substantially in the form submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that in support of the relief requested in the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "**General Order**") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "**Supplemental Commentary**") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in this chapter 11 case may be obtained free of charge by visiting the website of Stretto, Inc., at https://cases.stretto.com/DelMonteFoods.  You may also obtain copies of any pleadings by visiting

the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees

set forth therein.

   **PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served,

the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d) and the relief

requested may be granted without further notice or hearing.

 Dated: July 14, 2025

      */s/ Michael D. Sirota*
      **COLE SCHOTZ P.C.**
      Michael D. Sirota
      David M. Bass
      Felice R. Yudkin
      Court Plaza North, 25 Main Street
      Hackensack, New Jersey 07601
      Telephone: (201) 489-3000
      Email: msirota@coleschotz.com
         dbass@coleschotz.com
         fyudkin@coleschotz.com

         – and –

      **HERBERT SMITH FREEHILLS KRAMER (US) LLP**
      Adam C. Rogoff (admitted *pro hac vice*)
      Rachael L. Ringer (admitted *pro hac vice*)
      Megan M. Wasson (admitted *pro hac vice*)
      Ashland J. Bernard, Esq. (admitted *pro hac vice*)
      1177 Avenue of the Americas
      New York, New York 10036
      Telephone: (212) 715-9100
      E-mail: Adam.Rogoff@HSFKramer.com
         Rachael.Ringer@HSFKramer.com
         Megan.Wasson@HSFKramer.com
         Ashland.Bernard@HSFKramer.com

      *Proposed Co-Counsel to the Debtors and*
      *Debtors in Possession*

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff, Esq. (admitted *pro hac vice*)
Rachael L. Ringer, Esq. (admitted *pro hac vice*)
Megan M. Wasson, Esq. (admitted *pro hac vice*)
Ashland J. Bernard, Esq. (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Del Monte Foods Corporation II Inc., *et al.*,[1] | Case No. 25-16984 (MBK) |
| Debtors. | (Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY AN ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Del Monte Foods Corporation II Inc. and its affiliated debtors and debtors in possession

(collectively, the "**Debtors**") in the above-captioned chapter 11 cases respectfully state as follows

in support of this motion (this "**Motion**"), and rely upon and incorporate by reference the

---

[1]    The last four digits of Debtor Del Monte Foods Corporation II Inc.'s tax identification number are 1894. A complete list of the Debtors in these Chapter 11 Cases and their respective tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent, at https://cases.stretto.com/DelMonteFoods. The location of the Debtor Del Monte Foods Corporation II Inc.'s principal place of business and the Debtors' service address is 205 North Wiget Lane, Walnut Creek, California 94598.

*Declaration of Jonathan Goulding, as Chief Restructuring Officer, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 19] (the "**First Day Declaration**"):[2]

## RELIEF REQUESTED

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (i) authorizing and establishing procedures providing for the expedited use, sale, or transfer of certain De Minimis Assets (as defined below) in any individual transaction or series of related transactions (each, a "**De Minimis Asset Transaction**") to a single buyer or group of related buyers with an aggregate sale price equal to or less than $3,000,000 as calculated within the Debtors' reasonable discretion, free and clear of all liens, claims, interests, and encumbrances (collectively, the "**Liens**"), without the need for further Court approval and with Liens attaching to the proceeds of such use, sale, or transfer with the same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to the use, sale, or transfer, (ii) authorizing and establishing procedures to provide for the expedited abandonment of a De Minimis Asset to the extent that a sale thereof cannot be consummated at a value greater than the cost of liquidating such De Minimis Asset, and (iii) approving the form and manner of the notice of De Minimis Asset Transactions and abandonment.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11,* entered on July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.).  The Debtors confirm their consent to the Court's entering a final

---

[2]    Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration, defined below.

order in connection with this Motion to the extent that it is later determined that the Court, absent

consent of the parties, cannot enter final orders or judgments in connection herewith consistent

with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 363, and 554 of title

11 of the United States Code (the "**Bankruptcy Code**"), and rules 2002, 6004, 6007, and 9006 of

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

5.      On July 1, 2025 (the "**Petition Date**"), each of the Debtors commenced a voluntary

case under chapter 11 of the Bankruptcy Code (collectively, these "**Chapter 11 Cases**").  Pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their

business and manage their financial affairs as debtors in possession.  On July 2, 2025, the Court

entered an order [Docket No. 54] authorizing procedural consolidation and joint administration of

these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  As of the date hereof, no request

for the appointment of a trustee or examiner has been made, nor has any statutory committee been

appointed or designated, in the Chapter 11 Cases.

6.      Information regarding the Debtors' history and business operations, capital

structure and primary secured indebtedness, and the events leading up to the commencement of

the Chapter 11 Cases can be found in the First Day Declaration, which is incorporated herein by

reference.

## DE MINIMIS ASSET TRANSACTIONS

7.      As noted in the First Day Declaration, the Debtors will be seeking to sell

substantially all of their assets for their go-forward business through a bidding procedures motion

(the "**Bidding Procedures Motion**").  There are certain assets that are not part of the Debtors' go-

forward business plan, and for which the anticipated sale price is substantially *de minimis* that pursuing a sale of those assets pursuant to the Bidding Procedures Motion would be unduly burdensome.  In the ordinary course of business, the Debtors regularly enter into various agreements and transactions to sell their interests in assets that are not part of their go-forward business plan, which the Debtors are authorized to continue on a postpetition basis pursuant to section 363(c) of the Bankruptcy Code.  For example, the Debtors may sell certain non-core assets, including, but not limited to, certain personal property, real property, leases, inventory, furniture, fixtures, and equipment, and any rights or interests therein, that are no longer needed for their business (collectively, the "**De Minimis Assets**").

8.      As an example, prepetition, the Debtors had already negotiated the terms of sales of (i) the real property for their Markesan plant, which closed in 2024, for approximately $1.5 million and (ii) certain of their equipment at various of the Debtors' other plants.  Given the Debtors' chapter 11 filing, the counterparties to these transactions may have concerns about the Debtors' ability to consummate those transactions without receiving approval from the Court. Accordingly, the Debtors seek approval of certain procedures that will, to the extent necessary, authorize the Debtors to use, sell, swap, or transfer certain assets outside the ordinary course of business with a transaction value equal to or less than $3,000,000.  In addition, the Debtors currently own (or may in the future own) assets of little or no use to the Debtors' estates. This Motion also seeks approval of procedures for governing the abandonment of such assets.

9.      In certain circumstances, the Debtors have a limited window of time in which they may enter into or take advantage of opportunities to sell, transfer, or otherwise monetize the De Minimis Assets.  The cost and delay associated with seeking individual Court approval of each De Minimis Asset Transaction could eliminate or substantially diminish the economic benefits of the

transactions. The De Minimis Asset Transaction Procedures permit the Debtors to dispose of De Minimis Assets in a cost-efficient manner and allow for more expeditious and cost-effective review of certain De Minimis Asset Transactions by interested parties while at the same time protecting the rights of creditors and other parties in interest.

## DE MINIMIS ASSET TRANSACTION PROCEDURES

10.    The Debtors propose to use, sell, swap, or transfer each of the De Minimis Assets on the best terms available, taking into consideration the exigencies and circumstances in each such transaction under the following procedures (the "**De Minimis Asset Transaction Procedures**"):

a.    With regard to uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion and as determined in good faith to be fair market value within the Debtors' reasonable discretion, less than or equal to $250,000:

i.    the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment in consultation with the Ad Hoc Term Lender Group that such transactions are in the best interest of the estates without further order of the Court, subject only to the noticing procedures set forth herein; *provided, however,* that should aggregate sales for an individual transaction or series of related transactions pursuant to this paragraph 2(a) exceed $250,000, the Debtors shall comply with the noticing procedures pursuant to paragraph 2(b);

ii.    any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction; and

iii.    The Debtors shall give advance written notice (email being sufficient) of such transactions to the Notice Parties (as defined herein), excluding those parties requesting notice pursuant to Bankruptcy Rule 2002.

b.    With regard to the uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors'

5

reasonable discretion and as determined in good faith to be fair market value within the Debtors' reasonable discretion, greater than $250,000, and less than or equal to $3,000,000:

i.  the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates, and with the consent of the Prepetition ABL Agent and the Ad Hoc Term Lender Group, and after consultation with any statutory committee appointed in these Chapter 11 Cases, without further order of the Court, subject to the procedures set forth herein;

ii.  any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction;

iii.  before closing any such sale or effectuating such transaction, the Debtors shall give at least five (5) calendar days advance written notice (email being sufficient) on a confidential basis to: (a) the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie (Lauren.Bielskie@usdoj.gov); (b) counsel to any statutory committee appointed in these Chapter 11 Cases; (c) counsel to the Prepetition ABL Agent, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Sandeep Qusba (squsba@stblaw.com), Nicholas E. Baker (nbaker@stblaw.com), Dov Gottlieb (dov.gottlieb@stblaw.com), and Zachary J. Weiner (zachary.weiner@stblaw.com); (d) counsel for the DIP Term Loan Agent, ArentFox Schiff LLP, Attn: Jeffrey R. Gleit (jeffrey.gleit@afslaw.com), Brett D. Goodman (Brett.Goodman@afslaw.com), and Matthew R. Bentley (matthew.bentley@afslaw.com); (e) counsel to the Ad Hoc Term Lender Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com), Jason Z. Goldstein (jgoldstein@gibsondunn.com), and Francis Petrie (fpetrie@gibsondunn.com), and Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, 1037 Raymond Blvd., Newark, New Jersey 07102, Attn: Andrew H. Sherman (asherman@sillscummis.com) and Gregory A. Kopacz (gkopacz@sillscummis.com); (f) any party to the transaction; (g) the landlords of leased premises where the De Minimis Assets are located, the sale may be closed, or the transaction may be effected, as well as their counsel who have entered appearances in these cases; (h) any affected creditor(s) (including their counsel, if known) asserting a Lien on the relevant De Minimis Assets, if known; and (i) those

6

parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**");

iv.    such notice will be in substantially the form of the transaction notice attached as **Exhibit 1** to the Order (the "**Transaction Notice**") and will specify: (i) identification of the De Minimis Assets being used, sold, or transferred; (ii) identification of the Debtor that directly owns the De Minimis Assets; (iii) identification of the purchaser of the assets; (iv) identification of the holders of any liens, claims, interests, and encumbrances on the De Minimis Assets known to the Debtors; (v) the estimated book value and appraised value, if known, for the De Minimis Asset being sold or transferred as reflected in the Debtors' books and records; (vi) purchase price; (vii) the material economic terms and conditions of the sale or transfer; (viii) the marketing or sales processes, including any commission, fees, or similar expenses to be paid in connection with such transaction; and (ix) any other significant terms of the sale or transfer;[3]

v.    if the terms of a proposed sale or transfer are materially amended (which such material amendment shall require the prior consent of the Prepetition ABL Agent and the Ad Hoc Term Lender Group) after transmittal of the Transaction Notice but prior to the applicable deadline of any Notice Parties' or parties-in-interest's right to object to such sale of the De Minimis Assets, the Debtors will send an "**Amended Transaction Notice**" to the Notice Parties, after which the Notice Parties and parties-in-interest shall have an additional two (2) business days to object to such sale prior to closing such sale or effectuating such transaction;

vi.    any Notice Party shall have the right to object to any such proposed sale, acquisition, or transaction of De Minimis Assets by notifying the Debtors in writing (email being sufficient) of such objection by the later of (i) five (5) calendar days after service of such Transaction Notice and (ii) two (2) business days after service of an Amended Transaction Notice, as applicable, without the need to file a formal objection with the Court (an "**Objection Notice**") and the Debtors shall promptly notify the Notice Parties of any Objection Notices they receive, which notice may be provided electronically; if the Debtors do not receive an Objection Notice, the Debtors are authorized to consummate such transaction immediately;

vii.    if the Debtors receive an Objection Notice, and, after good faith negotiations, the Debtors and such Notice Party are unable to resolve such objection consensually, the Notice Party shall have two (2) business days after being notified by the Debtors that the objection has not been resolved

---

[3]    The information may be provided in summary form or by attaching the applicable contract or contracts to the Transaction Notice.

to file a formal objection and the transaction shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after notice and a hearing (if necessary);

viii.    if a written objection is received by the Debtors within the periods set forth herein that cannot be resolved, the objection will be deemed a request for a hearing on the objection at the next scheduled hearing, subject to adjournment by the Debtors, and the relevant De Minimis Asset(s) shall only be sold upon withdrawal of such written objection, submission of a consensual form of order resolving the objection as between the Debtors and the objecting party, or further order of the Court specifically approving the sale or transfer of the De Minimis Asset(s); and

ix.    good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

11.    To the extent that De Minimis Assets cannot be sold at a price greater than the cost of liquidating such asset that is no longer needed for the Debtors' operations, the Debtors seek authority to abandon De Minimis Assets in accordance with the following procedures (the "**De Minimis Asset Abandonment Procedures**," and, together with the De Minimis Asset Transaction Procedures, the "**De Minimis Asset Procedures**"):[4]

a.    For De Minimis Assets that the Debtors believe, as calculated within the Debtors' reasonable discretion and after consultation with the Prepetition ABL Agent, the Ad Hoc Term Lender Group, and any statutory committee appointed in these Chapter 11 Cases, the cost of continuing to maintain, relocate, and/or store such De Minimis Assets outweighs any potential recovery from a future sale, subject to the following notice procedures:

i.    the Debtors shall give written notice of the abandonment substantially in the form attached as **Exhibit 2** to the Order (each such notice, an "**Abandonment Notice**") to the Notice Parties by filing such Abandonment Notice with the Court, after which the Notice Parties or parties-in-interest shall have ten (10) calendar days to object to such abandonment (the "**Abandonment Objection Period**");

ii.    the Abandonment Notice shall contain: (i) identification and a description in reasonable detail of the De Minimis Assets to be abandoned, including

---

[4]   For the avoidance of doubt, the De Minimis Asset Abandonment Procedures are without prejudice to the Debtors' rights to abandon their personal property under the terms of any separate order entered by the Court authorizing abandonment of the Debtors' assets.

the estimated book value and appraised value, if known, of the assets being abandoned as reflected in the Debtors' books and records; (ii) the identification of the Debtor entity that directly owns the De Minimis Assets; (iii) any commissions or disposal costs to be paid to third parties in connection with the abandonment thereof; (iv) identification of holders of any liens, claims, interests, and encumbrances on the De Minimis Assets known to the Debtors; (v) any fees or similar expenses to be paid in connection with such abandonment; (vi) the Debtors' reasons for such abandonment;[5] and (vii) the proposed abandonment date absent a timely objection;

iii.     if the terms of a proposed abandonment are materially amended (which such material amendment shall require the prior consent of the Prepetition ABL Agent and the Ad Hoc Term Lender Group) after transmittal of the Abandonment Notice but prior to the applicable deadline of any Notice Parties' or parties-in-interest's right to object to such abandonment of the De Minimis Assets, the Debtors will file an "**Amended Abandonment Notice**" with the Court and send to the Notice Parties, after which the Notice Parties and parties-in-interest shall have (a) the number of days remaining in the Abandonment Objection Period plus (b) an additional three (3) business days to object to such abandonment prior to the abandonment being effectuated (the "**Amended Abandonment Objection Period**");

b.     if no written objections are filed by the Notice Parties or any parties-in-interest within the periods set forth herein or if such objections are withdrawn, the Debtors are authorized to consummate such transaction immediately;

c.     if a written objection is received by the Debtors within the periods set forth herein that cannot be resolved, the objection will be deemed a request for a hearing on the objection at the next scheduled hearing, subject to adjournment by the Debtors, and the relevant De Minimis Asset(s) shall only be abandoned upon withdrawal of such written objection, submission of a consensual form of order resolving the objection as between the Debtors and the objecting party, or further order of the Court specifically approving the abandonment of the De Minimis Asset(s); and

d.     any objection to such transaction must: (a) be in writing; (b) set forth the name of the objecting party; (c) provide the basis for the objection and the specific grounds therefor; (d) be filed electronically with the Court; and (e) be served in accordance with the *Chapter 11 Complex Case Management Order* [Docket No. 55] on (i) Debtors, Del Monte Foods Corporation II Inc., *et al.*, 205 North Wiget Lane, Walnut Creek, California 94598, Attn: Legal Department (notices @delmonte.com); (ii) proposed co-counsel to the Debtors, (A) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael

---

[5]     The information may be provided in summary form or by attaching the applicable contract or contracts to the Abandonment Notice

D. Sirota (msirota@coleschotz.com), David M. Bass (dbass@coleschotz.com) and
Felice R. Yudkin (fyudkin@coleschotz.com), and (B) Herbert Smith Freehills
Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn:
Adam C. Rogoff (Adam.Rogoff@HSFKramer.com), Rachael L. Ringer
(Rachael.Ringer@HSFKramer.com),     Megan     M.     Wasson
(Megan.Wasson@HSFKramer.com),     and    Ashland    J.    Bernard
(Ashland.Bernard@HSFKramer.com); and (iii) the Notice Parties, so as to be
received on or before the Initial Objection Period or the Amended Objection Period,
as applicable.

12.     The Debtors submit that the establishment of the foregoing procedures is desirable

and in the best interests of the Debtors' estates, their creditors, and other parties in interest in these

Chapter 11 Cases.  The procedures set forth herein will enable the Debtors to generate additional

value and help preserve existing value for the benefit of the Debtors' estates and all parties in

interest.  These procedures will promote efficiency in the Debtors' restructuring efforts, make De

Minimis Asset Transactions cost effective, and expedite the use, sale, or transfer of more valuable

assets in a manner that will provide the most benefit to the Debtors' estates and creditors.

## Basis for Relief

### I.     The De Minimis Asset Transaction Procedures Are Appropriate Under Section 363(b) of the Bankruptcy Code.

13.     The Debtors believe they are authorized to use, sell, or transfer the De Minimis

Assets in the ordinary course of business without notice or a hearing pursuant to section 363(c)(1)

of the Bankruptcy Code.  To the extent that any De Minimis Asset Transaction is not in the

ordinary course of business, the Debtors believe that they are able to satisfy the requirements of

363(b) with respect to such De Minimis Asset Transaction.

14.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice

and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the

estate." 11 U.S.C. § 363(b)(1).  Although section 363 of the Bankruptcy Code does not specify a

standard for determining when it is appropriate for a court to authorize the use, sale, or lease of

property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is

based upon the sound business judgment of the debtor.  *See In re Chateaugay Corp.*, 973 F.2d 141

(2d Cir.1992) (approval of section 363(b) sale is appropriate if good business reasons exist for such

sale); *see also In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

15.     The De Minimis Asset Transaction Procedures reflect a reasonable exercise of

their business judgment and satisfy the requirements of section 363(b) of the Bankruptcy Code.

Courts generally accord significant deference to a debtor's business judgment to use or sell assets

outside the ordinary course of business.  *See In re W.A. Mallory Co., Inc.*, 214 B.R. 834, 836–

37 (Bankr. E.D. Va. 1997) ("[G]reat deference is given to a business in determining its own best

interests.").  Requiring the Debtors to file a motion with the Court each time the Debtors seek to

dispose of certain De Minimis Assets would detract from the Debtors' restructuring efforts and

force the Debtors to incur unnecessary costs that would reduce whatever value might be realized

from the sale of such assets.  In addition, the De Minimis Asset Transaction Procedures afford

those creditors with an interest in the De Minimis Assets the opportunity to object to their use,

sale, or transfer and obtain a hearing if necessary, and the relief requested will not apply to sales

of De Minimis Assets to "insiders," as that term is described in section 101(31) of the Bankruptcy

Code.

## II.    The De Minimis Asset Transaction Procedures Are Appropriate Under Section 363(f) of the Bankruptcy Code.

16.     Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and

clear of another party's interest in the property if: (i) applicable non bankruptcy law permits such

a "free and clear" sale; (ii) the holder of the interest consents; (iii) the interest is a lien and the sales

price of the property exceeds the value of all liens on the property; (iv) the interest is bona fide

11

dispute; or (v) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.  11 U.S.C. § 363(f).

17.     The Debtors propose to sell or transfer the De Minimis Assets in a commercially reasonable manner and expect that the value of the proceeds from such sales or transfers will fairly reflect the value of the property sold.  The Debtors further propose that any party with a Lien on De Minimis Assets sold or transferred pursuant to this Motion shall have a corresponding security interest in the proceeds of such sale or transfer.  Moreover, the Debtors propose that a party's failure to object timely to (i) the entry of the an Order approving this Motion and (ii) a De Minimis Asset Transaction as required under the De Minimis Asset Transaction Procedures, as applicable, in each case following the provision of notice, be deemed "consent" to any sales or transfers pursuant to the Order within the meaning of section 363(f)(2) of the Bankruptcy Code.  As such, the requirements of section 363(f) of the Bankruptcy Code would be satisfied for any proposed sales or transfers free and clear of Liens.

**III.    Sales or Other Divestitures of De Minimis Assets Should Be Entitled to the Protections of Section 363(m) of the Bankruptcy Code.**

18.     Section 363(m) of the Bankruptcy Code provides in relevant part that the reversal or modification on appeal of an authorization under section 363(b) of a sale or lease of property does not affect the validity of a sale or lease under such authorization to a purchaser who bought or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.  *See* 11 U.S.C. § 363(m).  "Although the Bankruptcy Code does not define the meaning of 'good-faith purchaser,' most courts have adopted a traditional equitable definition: one who purchases the assets for value, in good faith and without notice of adverse claims." *In re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997) (internal citations omitted).  The Third Circuit has held that "[t]he requirement that a purchaser act

12

in good faith . . . speaks to the integrity of [purchaser's] conduct in the course of the sale proceedings." *In re Abbotts Dairies of Pa., Inc*., 788 F.2d 143, 147 (3d Cir. 1986) (internal citations omitted). Typically, the misconduct that would destroy a purchaser's good faith status involves "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Hoese Corp. v. Vetter Corp. (In re Vetter Corp.)*, 724 F.2d 52, 56 (7th Cir. 1983) (emphasis omitted) (quoting *In re Rock Indus. Mach. Corp*., 572 F.2d 1195, 1198 (7th Cir. 1978)) (interpreting Bankruptcy Rule 805, the precursor to section 363(m)). Any agreement that results in the sale or divestiture of De Minimis Assets will be an arm's-length transaction entitled to the protections of section 363(m) of the Bankruptcy Code.

IV. **The De Minimis Asset Abandonment Procedures Are Justified by the Debtors' Sound Business Judgment and Appropriate Under Section 554(a) of the Bankruptcy Code.**

19.    Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The costs associated with sales of certain De Minimis Assets may exceed any possible proceeds thereof. Further, the costs of storing and maintaining such De Minimis Assets may burden the Debtors' estates such that abandonment of De Minimis Assets pursuant to the De Minimis Asset Abandonment Procedures is in the best interest of the Debtors' estates. Accordingly, the Debtors submit that, in such circumstances, the abandonment of De Minimis Assets pursuant to the De Minimis Asset Abandonment Procedures is in the best interest of the Debtors' estates.

## REQUEST OF WAIVER OF STAY

20.    To the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). As explained herein, the relief requested in this Motion is immediately

13

necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.

## **WAIVER OF MEMORANDUM OF LAW**

21.    The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## **NO PRIOR REQUEST**

22.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

## **NOTICE**

23.    The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (i) the Office of the United States Trustee for the District of New Jersey; (ii) counsel to the Prepetition ABL Agent; (iii) counsel to the Ad Hoc Term Lender Group; (iv) counsel to the Super-Senior Agent; (v) counsel to the DIP Agents; (vi) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (vii) the United States Attorney's Office for the District of New Jersey; (viii) the attorneys general for all states in which the Debtors conduct business; (ix) the United States Department of Justice; (x) the Internal Revenue Service; and (xi) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

14

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, and granting such other relief as is just and proper.

Dated: July 14, 2025

                                        /s/ Michael D. Sirota
                                        **COLE SCHOTZ P.C.**
                                        Michael D. Sirota
                                        David M. Bass
                                        Felice R. Yudkin
                                        Court Plaza North, 25 Main Street
                                        Hackensack, New Jersey 07601
                                        Telephone: (201) 489-3000
                                        Email:   msirota@coleschotz.com
                                                 dbass@coleschotz.com
                                                 fyudkin@coleschotz.com

                                                 – and –

                                        **HERBERT SMITH FREEHILLS KRAMER (US) LLP**
                                        Adam C. Rogoff (admitted *pro hac vice*)
                                        Rachael L. Ringer (admitted *pro hac vice*)
                                        Megan M. Wasson (admitted *pro hac vice*)
                                        Ashland J. Bernard (admitted *pro hac vice*)
                                        1177 Avenue of the Americas
                                        New York, New York 10036
                                        Telephone: (212) 715-9100
                                        E-mail: Adam.Rogoff@HSFKramer.com
                                                Rachael.Ringer@HSFKramer.com
                                                Megan.Wasson@HSFKramer.com
                                                Ashland.Bernard@HSFKramer.com

                                        *Proposed Co-Counsel to the Debtors and*
                                        *Debtors in Possession*

**<u>EXHIBIT A</u>**

Proposed Order

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| Del Monte Foods Corporation II Inc., *et al.*,[1] | Case No. 25-16984 (MBK) |
| Debtors. | (Jointly Administered) |

## ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT

The relief set forth on the following pages, numbered three (3) through sixteen (16), is

**ORDERED**.

---

[1] The last four digits of Debtor Del Monte Foods Corporation II Inc.'s tax identification number are 1894. A complete list of the Debtors in these Chapter 11 Cases and their respective tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent, at https://cases.stretto.com/DelMonteFoods. The location of the Debtor Del Monte Foods Corporation II Inc.'s principal place of business and the Debtors' service address is 205 North Wiget Lane, Walnut Creek, California 94598.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff (admitted *pro hac vice*)
Rachael L. Ringer (admitted *pro hac vice*)
Megan M. Wasson (admitted *pro hac vice*)
Ashland J. Bernard (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
E-mail: Adam.Rogoff@HSFKramer.com
          Rachael.Ringer@HSFKramer.com
          Megan.Wasson@HSFKramer.com
          Ashland.Bernard@HSFKramer.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
David M. Bass
Felice R. Yudkin
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:  msirota@coleschotz.com
          dbass@coleschotz.com
          fyudkin@coleschotz.com
*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT |

Upon the *Debtors' Motion for Entry of An Order (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions, (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment, and (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment* (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**") (i) authorizing and establishing procedures providing for the expedited use, sell, or transfer of the De Minimis Assets in any De Minimis Asset Transaction to a single buyer or group of related buyers with an aggregate sale price equal to or less than $3,000,000 as calculated within the Debtors' reasonable discretion, free and clear of all Liens, without the need for further Court approval and with Liens attaching to the proceeds of such use, sale, or transfer with the same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to the use, sale, or transfer, (ii) authorizing and establishing procedures to provide for the expedited abandonment of a De Minimis Asset to the extent that a sale thereof cannot be consummated at a value greater than the cost of liquidating such De Minimis Asset, and (iii) approving the form and manner of the notice of De Minimis Asset Transactions and abandonment, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered on July 23, 1984, and amended on June

---

[1]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al*. |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT |

6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** as set forth herein.

2.    Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to use, sell, swap, or transfer De Minimis Assets outside the ordinary course of business, without further order of the Court in accordance with the following De Minimis Asset Transaction Procedures:

a.    With regard to uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion and as determined in good faith to be fair market value within the Debtors' reasonable discretion, less than or equal to $250,000:

i.    the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment in consultation with the Ad Hoc Term Lender Group that such transactions are in the best interest of the estates without further order of the Court, subject only to the noticing procedures set forth herein; *provided, however,* that should aggregate sales for an individual transaction or series of related transactions pursuant to this paragraph 2(a) exceed $250,000, the Debtors shall comply with the noticing procedures pursuant to paragraph 2(b);

(Page | 5)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al*. |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT |

ii.     Any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction; and

iii.    The Debtors shall give advance written notice (email being sufficient) of such transactions to the Notice Parties (as defined herein), excluding those parties requesting notice pursuant to Bankruptcy Rule 2002.

b.   With regard to the uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion and as determined in good faith to be fair market value within the Debtors' reasonable discretion, greater than $250,000, and less than or equal to $3,000,000:

i.      the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates, and with the consent of the Prepetition ABL Agent and the Ad Hoc Term Lender Group, and after consultation with any statutory committee appointed in these Chapter 11 Cases, without further order of the Court, subject to the procedures set forth herein;

ii.     any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction;

iii.    before closing any such sale or effectuating such transaction, the Debtors shall give at least (5) calendar days advance written notice (email being sufficient) on a confidential basis to: (a) the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie (Lauren.Bielskie@usdoj.gov); (b) counsel to any statutory committee

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al*. |
| Case No.: | 25-16984 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT |

appointed in these Chapter 11 Cases; (c) counsel to the Prepetition ABL Agent, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Sandeep Qusba (squsba@stblaw.com), Nicholas E. Baker (nbaker@stblaw.com), Dov Gottlieb (dov.gottlieb@stblaw.com), and Zachary J. Weiner (zachary.weiner@stblaw.com); (d) counsel for the DIP Term Loan Agent, ArentFox Schiff LLP, Attn: Jeffrey R. Gleit (jeffrey.gleit@afslaw.com), Brett D. Goodman (Brett.Goodman@afslaw.com), and Matthew R. Bentley (matthew.bentley@afslaw.com); (e) counsel to the Ad Hoc Term Lender Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com), Jason Z. Goldstein (jgoldstein@gibsondunn.com), and Francis Petrie (fpetrie@gibsondunn.com), and Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, 1037 Raymond Blvd., Newark, New Jersey 07102, Attn: Andrew H. Sherman (asherman@sillscummis.com) and Gregory A. Kopacz (gkopacz@sillscummis.com); (f) any party to the transaction; (g) the landlords of leased premises where the De Minimis Assets are located, the sale may be closed, or the transaction may be effected, as well as their counsel who have entered appearances in these cases; (h) any affected creditor(s) (including their counsel, if known) asserting a Lien on the relevant De Minimis Assets, if known; and (i) those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**");

iv.     such notice will be in substantially the form of the transaction notice attached as **Exhibit 1** to the Order (the "**Transaction Notice**") and will specify: (i) identification of the De Minimis Assets being used, sold, or transferred; (ii) identification of the Debtor that directly owns the De Minimis Assets; (iii) identification of the purchaser of the assets; (iv) identification of the holders of any liens, claims, interests, and encumbrances on the De Minimis Assets known to the Debtors; (v) the estimated book value and appraised value, if known, for the De Minimis Asset being sold or transferred as reflected in the Debtors' books and records; (vi) purchase price; (vii) the material economic terms and conditions of the sale or transfer; (viii) the marketing or sales processes, including any commission, fees, or similar expenses to be paid in

(Page | 7)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT |

connection with such transaction; and (ix) any other significant terms of the sale or transfer;[2]

v.    if the terms of a proposed sale or transfer are materially amended (which such material amendment shall require the prior consent of the Prepetition ABL Agent and the Ad Hoc Term Lender Group) after transmittal of the Transaction Notice but prior to the applicable deadline of any Notice Parties' or parties-in-interest's right to object to such sale of the De Minimis Assets, the Debtors will send an "**Amended Transaction Notice**" to the Notice Parties, after which the Notice Parties and parties-in-interest shall have an additional two (2) business days to object to such sale prior to closing such sale or effectuating such transaction;

vi.   any Notice Party shall have the right to object to any such proposed sale, acquisition, or transaction of De Minimis Assets by notifying the Debtors in writing (email being sufficient) of such objection by the later of (i) five (5) calendar days after service of such Transaction Notice and (ii) two (2) business days after service of an Amended Transaction Notice, as applicable, without the need to file a formal objection with the Court (an "**Objection Notice**") and the Debtors shall promptly notify the Notice Parties of any Objection Notices they receive, which notice may be provided electronically; if the Debtors do not receive an Objection Notice, the Debtors are authorized to consummate such transaction immediately;

vii.  if the Debtors receive an Objection Notice, and, after good faith negotiations, the Debtors and such Notice Party are unable to resolve such objection consensually, the Notice Party shall have two (2) business days after being notified by the Debtors that the objection has not been resolved to file a formal objection and the transaction shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after notice and a hearing (if necessary); and

viii. if a written objection is received by the Debtors within the periods set forth herein that cannot be resolved, the objection will be deemed a request for a hearing on the objection at the next scheduled hearing, subject to adjournment by the Debtors, and the relevant De Minimis Asset(s) shall

---

[2]   The information may be provided in summary form or by attaching the applicable contract or contracts to the Transaction Notice.

(Page | 8)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al*. |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT |

only be sold upon withdrawal of such written objection, submission of a consensual form of order resolving the objection as between the Debtors and the objecting party, or further order of the Court specifically approving the sale or transfer of the De Minimis Asset(s); and

ix.    good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

3.    Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon De Minimis Assets in accordance with the following De Minimis Asset Abandonment Procedures:[3]

a.    For De Minimis Assets that the Debtors believe, as calculated within the Debtors' reasonable discretion and after consultation with the Prepetition ABL Agent, the Ad Hoc Term Lender Group, and any statutory committee appointed in these Chapter 11 Cases, the cost of continuing to maintain, relocate, and/or store such De Minimis Assets outweighs any potential recovery from a future sale, subject to the following notice procedures:

i.    the Debtors shall give written notice of the abandonment substantially in the form attached as **Exhibit 2** to the Order (each such notice, an "**Abandonment Notice**") to the Notice Parties by filing such Abandonment Notice with the Court, after which the Notice Parties or parties-in-interest shall have ten (10) calendar days to object to such abandonment (the "**Abandonment Objection Period**");

ii.    the Abandonment Notice shall contain: (i) identification and a description in reasonable detail of the De Minimis Assets to be abandoned, including the estimated book value and appraised value, if known, of the assets being abandoned as reflected in the Debtors' books and records; (ii) the identification of the Debtor entity that directly owns the De Minimis Assets; (iii) any commissions or disposal costs to be paid to third parties in

---

[3]    For the avoidance of doubt, the De Minimis Asset Abandonment Procedures are without prejudice to the Debtors' rights to abandon their personal property under the terms of any separate order entered by the Court authorizing abandonment of the Debtors' assets.

(Page | 9)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT |

connection with the abandonment thereof; (iv) identification of holders of any liens, claims, interests, and encumbrances on the De Minimis Assets known to the Debtors; (v) any fees or similar expenses to be paid in connection with such abandonment; (vi) the Debtors' reasons for such abandonment;[4] and (vii) the proposed abandonment date absent a timely objection;

 iii. if the terms of a proposed abandonment are materially amended (which such material amendment shall require the prior consent of the Prepetition ABL Agent and the Ad Hoc Term Lender Group) after transmittal of the Abandonment Notice but prior to the applicable deadline of any Notice Parties' or parties-in-interest's right to object to such abandonment of the De Minimis Assets, the Debtors will file an "**Amended Abandonment Notice**" with the Court and send to the Notice Parties, after which the Notice Parties and parties-in-interest shall have (a) the number of days remaining in the Abandonment Objection Period plus (b) an additional three (3) business days to object to such abandonment prior to the abandonment being effectuated (the "**Amended Abandonment Objection Period**");

b. if no written objections are filed by the Notice Parties or any parties-in-interest within the periods set forth herein or if such objections are withdrawn, the Debtors are authorized to consummate such transaction immediately;

c. if a written objection is received by the Debtors within the periods set forth herein that cannot be resolved, the objection will be deemed a request for a hearing on the objection at the next scheduled hearing, subject to adjournment by the Debtors, and the relevant De Minimis Asset(s) shall only be abandoned upon withdrawal of such written objection, submission of a consensual form of order resolving the objection as between the Debtors and the objecting party, or further order of the Court specifically approving the abandonment of the De Minimis Asset(s); and

d. any objection to such transaction must: (a) be in writing; (b) set forth the name of the objecting party; (c) provide the basis for the objection and the specific grounds therefor; (d) be filed electronically with the Court; and (e) be served in accordance with the *Chapter 11 Complex Case Management Order* [Docket No. 55] on (i) Debtors, Del Monte Foods Corporation II Inc., *et al.*, 205 North Wiget Lane,

---

[4] The information may be provided in summary form or by attaching the applicable contract or contracts to the Abandonment Notice

(Page | 10)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT |

Walnut Creek, California 94598, Attn: Legal Department (notices @delmonte.com); (ii) proposed co-counsel to the Debtors, (A) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota (msirota@coleschotz.com), David M. Bass (dbass@coleschotz.com) and Felice R. Yudkin (fyudkin@coleschotz.com), and (B) Herbert Smith Freehills Kramer (US) LLP as proposed co-counsel to the Debtors, 1177 Avenue of the Americas, New York, NY 10036, Attn: Adam C. Rogoff (Adam.Rogoff@HSFKramer.com), Rachael L. Ringer (Rachael.Ringer@HSFKramer.com), Megan M. Wasson (Megan.Wasson@HSFKramer.com), and Ashland J. Bernard (Ashland.Bernard@HSFKramer.com); and (iii) the Notice Parties, so as to be received on or before the Initial Objection Period or the Amended Objection Period, as applicable.

4.       Notwithstanding anything to the contrary in this Order, in relation to the Debtors' personal property that may be located at the Debtors' leased premises (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' leased premises, and (ii) to the extent the Debtors seek to abandon personal property known to contain "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "**PII**"), the Debtors shall remove the PII from such personal property before abandonment.  As long as the Debtors are in full compliance with applicable law (and in compliance with building rules previously provided to the Debtors applicable to the removal of furniture, fixtures, and equipment), the applicable landlord may not interfere with Debtors' removal of any of the Debtors' personal property prior to the abandonment.  Following abandonment, landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties, and, to the extent applicable, the automatic stay is modified to allow such

(Page | 11)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT |

disposition.  Notwithstanding anything herein to the contrary, no license or other right to use any intellectual property of the Debtors, including any right to reproduce, modify, or create derivatives, shall be conferred to any landlord as a result of such abandonment, and landlords shall have no right to the continued use of such intellectual property.  Nothing in this Order is intended to waive the rights of any landlords to assert any claim, pursuant to, inter alia, §§ 365 or 503 of the Bankruptcy Code, for any costs or expenses that any landlords may incur in relation to any sale or abandonment of any property at their premises, with the Debtors likewise not waiving any defenses.

5.      Any uses, sales, or transfers to "insiders," as that term is defined in section 101(31) of the Bankruptcy Code, as well as any uses, sales, or transfers from a Debtor entity to a non-Debtor affiliate, are excluded from this Order.

6.      A party's failure to timely object to (i) the relief requested in the Motion and (ii) the sale or transfer of De Minimis Assets in accordance with the terms of this Order shall be determined to be "consent" to such use, sale, or transfer within the meaning of section 363(f)(2) of the Bankruptcy Code; *provided* that such party received actual notice of the Motion or the sale or transfer of De Minimis Assets.

7.      Subject to the consent rights set forth in this Order, sales and transfers of De Minimis Assets are, without need for any action by any party, free and clear of all Liens, with such Liens attaching to the proceeds of such sale or transfer with the same validity, extent, and priority as had attached to such De Minimis Assets immediately prior to such sale or transfer.  The holder

(Page | 12)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT |

of any valid lien, claim, encumbrance, or interest on such De Minimis Assets shall, as of the effective date of such sale or transfer, be deemed to have waived and released such lien, claim, encumbrance, or interest, without regard to whether such holder has executed or filed any applicable release, and such lien, claim, encumbrance, or interest shall automatically, and with no further action by any party, attach to the proceeds of such sale. Notwithstanding the foregoing, any such holder of such a lien, claim, encumbrance, or interest is authorized and directed to execute and deliver any waivers, releases, or other related documentation, as reasonably requested by the Debtors.

8.      Purchasers and transferees of De Minimis Assets are entitled to the protections afforded to good-faith purchasers under section 363(m) of the Bankruptcy Code.

9.      The Debtors shall provide a written report (the "**Written Report**") to the Court, the U.S. Trustee, counsel to the Prepetition ABL Agent, counsel to the DIP Term Loan Agent, counsel to the Ad Hoc Term Lender Group, counsel to any statutory committee appointed in these Chapter 11 Cases, and those parties requesting notice pursuant to Bankruptcy Rule 2002, beginning with all transactions consummated through the end of the calendar month ending on August 30, 2025, and each calendar month thereafter, no later than thirty (30) days after the end of each such calendar month, concerning any such transactions consummated during the preceding calendar month pursuant hereto, including the names of purchasing and selling parties, as applicable, the Debtors' calculations of the total transaction value, and the types and amounts of the transactions, including expenses, fees and commissions.

(Page | 13)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT |

10.    The Transaction Notice with regard to the sale or transfer of De Minimis Assets substantially in the form attached hereto as **Exhibit 1** is hereby authorized and approved.

11.    Service of the Transaction Notice, as applicable, is sufficient notice of the use, sale, or transfer of such De Minimis Assets.

12.    Sales of De Minimis Assets shall be deemed arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

13.    With respect to all sale transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

14.    The Debtors are authorized to pay those reasonable and necessary fees and reasonable and documented out-of-pocket expenses incurred in the use, sale, or transfer of De Minimis Assets, including commission and fees to agents, brokers, auctioneers, and liquidators,

(Page | 14)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT |

unless such professionals are retained by the Debtors pursuant to 11 U.S.C. § 327, then such fees and expenses must be approved by the Court pursuant to 11 U.S.C. § 330. Payment of these reasonable and necessary fees and reasonable and documented out-of-pocket expenses shall be included as part of the Written Report.

15.     Nothing contained herein shall prejudice the rights of the Debtors to seek authorization for the use, sale, or transfer of any asset under Section 363 of the Bankruptcy Code. Notwithstanding anything to the contrary set forth herein, this Order shall not apply to any sale or disposition of the Debtors' assets that is subject to another order (or other orders) of this Court, including, without limitation, any orders approving the Bidding Procedures Motion.

16.     The Abandonment Notice with regard to the abandonment of the De Minimis Assets substantially in the form attached hereto as **Exhibit 2** is hereby authorized and approved.

17.     Service of the Abandonment Notice, as applicable, is sufficient notice of abandonment of such De Minimis Assets.

18.     De Minimis Assets abandoned pursuant to the De Minimis Asset Abandonment Procedures are deemed abandoned pursuant to Section 554 of the Bankruptcy Code

19.     Notwithstanding anything to the contrary contained herein, any payment to be made hereunder , and any authorization contained herein (including, for the avoidance of doubt, any use, sale, or transfer of the De Minimis Assets in any De Minimis Asset Transaction, or any abandonment of a De Minimis Asset), shall be subject to any interim and final orders, as

(Page | 15)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT |

applicable, approving the use of cash collateral and/or the Debtors' entry into any postpetition financing facilities or credit agreements, and any budgets in connection therewith governing any such postpetition financing and/or use of cash collateral (each such order, a "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

20.     Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, priority of, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right (including by any statutory committee appointed in these Chapter 11 Cases) to dispute any claim on any grounds, including, but not limited to, the right of any statutory committee appointed in these Chapter 11 Cases to seek to challenge the characterization of any intercompany claims as equity; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order except as otherwise provided for in this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or

(Page | 16)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS, (II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET ABANDONMENT, AND (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT |

other rights of the Debtors or any other party in interest (including the Prepetition ABL Agent, the Super-Senior Agent, the DIP Term Loan Agent, the Ad Hoc Term Lender Group, and any statutory committee appointed in these Chapter 11 Cases) against any person or entity under the Bankruptcy Code or any other applicable law.

21.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

22.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

23.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

24.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

25.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Form of Transaction Notice**

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff, Esq. (admitted *pro hac vice*)
Rachael L. Ringer, Esq. (admitted *pro hac vice*)
Megan M. Wasson, Esq. (admitted *pro hac vice*)
Ashland J. Bernard, Esq. (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Del Monte Foods Corporation II Inc., *et al.*,[1] | Case No. 25-16984 (MBK) |
| Debtors. | (Jointly Administered) |

## NOTICE OF TRANSACTION

**PLEASE TAKE NOTICE** that, on July 1, 2025, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

**PLEASE TAKE FURTHER NOTICE** that, on [●], the United States Bankruptcy Court for the District of New Jersey (the "**Court**") approved an *Order (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions, (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment, and (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment* [Docket No. [●]] (the "**Final Transaction Procedures Order**"),[2] whereby the Court authorized the Debtors to use, sell, transfer, swap, or abandon certain non-core assets (collectively, the "**De Minimis Assets**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Transaction Procedures Order, the Debtors propose to sell the De Minimis Assets set forth and described on **Exhibit A**

---

[1]    The last four digits of Debtor Del Monte Foods Corporation II Inc.'s tax identification number are 1894.  A complete list of the Debtors in these Chapter 11 Cases and their respective tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent, at https://cases.stretto.com/DelMonteFoods. The location of the Debtor Del Monte Foods Corporation II Inc.'s principal place of business and the Debtors' service address is 205 North Wiget Lane, Walnut Creek, California 94598.

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Final Transaction Procedures Order.

attached hereto (the "**Transaction Assets**").  **Exhibit A** provides, for each Transaction Asset (i) identification of the Transaction Assets, (ii) identification of the Debtor that directly owns the Transaction Assets, (iii) identification of the purchaser of the Transaction Assets, (iv) identification of holders known to the Debtors as holding liens on the Transaction Assets, (v) the purchase price, (vi) the estimated purchase for the De Minimis Asset being sold or transferred as reflected in the Debtors' books and records and the appraised value, if known, (vii) the material economic terms and conditions of the sale or transfer, and (viii) the marketing and sales processes including any commissions, fees, or similar expenses to be paid in connection with the transaction, and (ix) any other significant terms of the sale or transfer.[3]

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Transaction Procedures Order, Notice Parties shall have five (5) calendar days from the date of service of this Transaction Notice to object to the sale of the Transaction Assets (the "**Initial Objection Period**").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Transaction Procedures Order, if the terms of a proposed sale or transfer are materially amended after transmittal of this Transaction Notice but prior to the applicable deadline any party's right to object to such sale, the Debtors will distribute an amended Transaction Notice (the "**Amended Transaction Notice**") and send such notice to the Notice Parties after which the Notice Parties and parties-in-interest shall have an additional two (2) business days form the expiration of the Initial Objection Period to object to such sale or transfer prior to closing such sale or effectuating such transaction (the "**Amended Objection Period**").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Transaction Procedures Order, any Notice Parties may object to the Transaction by the later of (a) five (5) calendar days after service of this Notice and (b) two (2) business days after service of an Amended Transaction Notice, as applicable (the "**Objection Deadline**") to object to the De Minimis Asset Transaction by serving such objection in accordance with the *Chapter 11 Complex Case Management Order* [Docket No. 55] on (i) the Debtors, Del Monte Foods Corporation II Inc., *et al.*, 205 North Wiget Lane, Walnut Creek, California 94598, Attn: Legal Department (notices@delmonte.com); (ii) proposed co-counsel to the Debtors, (A) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota (msirota@coleschotz.com), David M. Bass (dbass@coleschotz.com) and Felice R. Yudkin (fyudkin@coleschotz.com), and (B) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Adam C. Rogoff (Adam.Rogoff@HSFKramer.com), Rachael L. Ringer (Rachael.Ringer@HSFKramer.com), Megan M. Wasson (Megan.Wasson@HSFKramer.com), and Ashland J. Bernard (Ashland.Bernard@HSFKramer.com); and (iii) the other Notice Parties.

If the Debtors do not receive an objection within the Initial Objection Period or Amended Objection Period, as applicable, the Debtors are authorized to sell the Transaction Assets immediately.

---

[3]   The information may be provided in summary form or by attaching the applicable contract or contracts to the Transaction Notice.

If you object, the Debtors may not sell or transfer the Transaction Assets unless you and the Debtors consensually resolve the objection or upon further Bankruptcy Court order approving the sale or transfer of such Transaction Assets.

If the Debtors receive an objection, and, after good faith negotiations, the Debtors and the objecting party are unable to resolve such objection consensually, the objection will be deemed a request for a hearing on the objection at the next scheduled hearing, subject to adjournment by the Debtors, and the relevant Transaction Assets shall only be sold upon withdrawal of such written objection, submission of a consensual form of order resolving the objection as between the Debtors and the objecting party, or further order of the Court specifically approving the sale or transfer of the Transaction Assets.

*[Remainder of page intentionally left blank]*

Dated: [●], 2025

_/s/ Draft_
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota
David M. Bass
Felice R. Yudkin
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:  msirota@coleschotz.com
        dbass@coleschotz.com
        fyudkin@coleschotz.com

– and –

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff (admitted _pro hac vice_)
Rachael L. Ringer (admitted _pro hac vice_)
Megan M. Wasson (admitted _pro hac vice_)
Ashland J. Bernard (admitted _pro hac vice_)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
E-mail: Adam.Rogoff@HSFKramer.com
        Rachael.Ringer@HSFKramer.com
        Megan.Wasson@HSFKramer.com
        Ashland.Bernard@HSFKramer.com

_Proposed Co-Counsel to the Debtors and_
_Debtors in Possession_

**Exhibit A**

| Required Notice Information | |
|---|---|
| Transaction Assets | |
| Debtor that directly owns the Transaction Assets | |
| Purchaser of the Transaction Assets | |
| Holders known to the Debtors as holding liens on the Transaction Assets | |
| Purchase Price | |
| Estimated Book Value and Appraised Value, if known, of De Minimis Assets | |
| Material economic terms and conditions of the sale or transfer | |

| | |
|---|---|
| The marketing and sales process including commission, fees, or similar expenses to be paid in connection with the transaction | |
| Any other significant terms of the sale or transfer | |

## <u>Exhibit 2</u>

**Form of Abandonment Notice**

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff, Esq. (admitted *pro hac vice*)
Rachael L. Ringer, Esq. (admitted *pro hac vice*)
Megan M. Wasson, Esq. (admitted *pro hac vice*)
Ashland J. Bernard, Esq. (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| Del Monte Foods Corporation II Inc., *et al.*,[1] | Case No. 25-16984 (MBK) |
| Debtors. | (Jointly Administered) |

## NOTICE OF ABANDONMENT

**PLEASE TAKE NOTICE** that, on July 1, 2025, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

**PLEASE TAKE FURTHER NOTICE** that, on [●], the United States Bankruptcy Court for the District of New Jersey (the "**Court**") approved an *Order (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions, (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment, and (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment* [Docket No. [●]] (the "**Final Transaction Procedures Order**"),[2] whereby the Court authorized the Debtors to use, sell, transfer, swap, or abandon certain non-core assets (collectively, the "**De Minimis Assets**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Transaction Procedures Order, the Debtors propose to abandon the De Minimis Assets set forth and described on **Exhibit**

---

[1]    The last four digits of Debtor Del Monte Foods Corporation II Inc.'s tax identification number are 1894.  A complete list of the Debtors in these Chapter 11 Cases and their respective tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent, at https://cases.stretto.com/DelMonteFoods. The location of the Debtor Del Monte Foods Corporation II Inc.'s principal place of business and the Debtors' service address is 205 North Wiget Lane, Walnut Creek, California 94598.

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Final Transaction Procedures Order.

**A** attached hereto (the "**Abandonment Assets**"), which exhibit also sets forth: (i) an identification and description of, in reasonable detail the De Minimis Assets to be abandoned, including the estimated book value and appraised value, if known, of the assets being abandoned as reflected in the Debtors' books and records; (ii) identification of the Debtor entity that directly owns the De Minimis Assets; (iii) any commissions or disposal costs to be paid to third parties in connection with the abandonment thereof; (iv) identification of holders known to the Debtors as holding liens on the De Minimis Assets; (v) the Debtors' reasons for such abandonment;[3] (vi) any fees or similar expenses to be paid in connection with such abandonment; and (vii) the proposed abandonment date absent a timely objection.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Transaction Procedures Order, parties shall have ten (10) calendar days from the date of service of this Abandonment Notice to object to the abandonment of the of the Abandonment Assets (the "**Abandonment Objection Period**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Transaction Procedures Order, if the terms of a proposed abandonment are materially amended after transmittal of this Abandonment Notice but prior to the applicable deadline of any party's right to object to such abandonment, the Debtors will file an amended Abandonment Notice (the "**Amended Abandonment Notice**") and send such notice to the Notice Parties, after which the Notice Parties and parties-in-interest shall have an additional three (3) business days from the expiration of the Abandonment Objection Period to object to such abandonment prior to the abandonment being effectuated (the "**Amended Abandonment Objection Period**").

**PLEASE TAKE FURTHER NOTICE** that, objections must: (a) be in writing; (b) set forth the name of the objecting party; (c) provide the basis for the objection and the specific grounds therefor; (d) be filed electronically with the Court; and (e) be served in accordance with the *Chapter 11 Complex Case Management Order* [Docket No. 55] on (i) Debtors, Del Monte Foods Corporation II Inc., *et al.*, 205 North Wiget Lane, Walnut Creek, California 94598, Attn: Legal Department (notices@delmonte.com); (ii) proposed co-counsel to the Debtors, (A) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota (msirota@coleschotz.com), David M. Bass (dbass@coleschotz.com) and Felice R. Yudkin (fyudkin@coleschotz.com), and (B) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Adam C. Rogoff (Adam.Rogoff@HSFKramer.com), Rachael L. Ringer (Rachael.Ringer@HSFKramer.com), Megan M. Wasson (Megan.Wasson@HSFKramer.com), and Ashland J. Bernard (Ashland.Bernard@HSFKramer.com); and (iii) the other Notice Parties.

**If the Debtors do not receive an objection within the Abandonment Objection Period or the Amended Abandonment Objection Period, as applicable, the Debtors are authorized to abandon the Abandonment Assets immediately.**

---

[3]    The information may be provided in summary form or by attaching the applicable contract or contracts to the Abandonment Notice.

If you object, the Debtors may not abandon the Abandonment Assets unless you and the Debtors consensually resolve the objection or upon further Bankruptcy Court order approving the abandonment of the Abandonment Assets.

If the Debtors receive an objection, and, after good faith negotiations, the Debtors and the objecting party are unable to resolve such objection consensually, the objection will be deemed a request for a hearing on the objection at the next scheduled hearing, subject to adjournment by the Debtors, and the relevant Abandonment Assets shall only be abandoned upon withdrawal of such written objection, submission of a consensual form of order resolving the objection as between the Debtors and the objecting party, or further order of the Court specifically approving the abandonment of the Abandonment Assets.

*[Remainder of page intentionally left blank]*

Dated: [●], 2025

/s/ Draft
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota
David M. Bass
Felice R. Yudkin
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:  msirota@coleschotz.com
          dbass@coleschotz.com
          fyudkin@coleschotz.com

*– and –*

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff (admitted *pro hac vice*)
Rachael L. Ringer (admitted *pro hac vice*)
Megan M. Wasson (admitted *pro hac vice*)
Ashland J. Bernard (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
E-mail: Adam.Rogoff@HSFKramer.com
          Rachael.Ringer@HSFKramer.com
          Megan.Wasson@HSFKramer.com
          Ashland.Bernard@HSFKramer.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**Exhibit A**

| Required Notice Information | |
|---|---|
| Identification and description of De Minimis Assets to be abandoned | |
| Debtor that directly owns the De Minimis Assets | |
| Estimated Book Value and Appraised Value, if known, of De Minimis Assets | |
| Holders known to the Debtors as holding liens on the De Minimis Assets | |
| Reason for the abandonment | |
| Any fees or similar expenses to be paid in connection with such abandonment | |
| Any commission, fees, or similar expenses to be paid in connection with the transaction | |

| Proposed Abandonment Date | |
|---|---|