**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff, Esq. (admitted *pro hac vice*)
Rachael L. Ringer, Esq. (admitted *pro hac vice*)
Megan M. Wasson, Esq. (admitted *pro hac vice*)
Ashland J. Bernard, Esq. (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

**Order Filed on August 12, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Del Monte Foods Corporation II Inc., *et al.*, | ) Case No. 25-16984 (MBK) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING AUTOMATIC STAY, AND (V) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through one hundred and four (104), together with the exhibits attached hereto, is **ORDERED**.

**DATED: August 12, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff (admitted *pro hac vice*)
Rachael L. Ringer (admitted *pro hac vice*)
Megan M. Wasson (admitted *pro hac vice*)
Ashland J. Bernard (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
E-mail: Adam.Rogoff@HSFKramer.com
          Rachael.Ringer@HSFKramer.com
          Megan.Wasson@HSFKramer.com
          Ashland.Bernard@HSFKramer.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
David M. Bass
Felice R. Yudkin
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:   msirota@coleschotz.com
          dbass@coleschotz.com
          fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and
    Debtors in Possession*

(Page 3)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") in the above captioned chapter 11 cases (collectively, these "**Cases**"), pursuant to sections 105, 361, 362, 363, 364, 506(c), 507, and 552 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 4001, 6004, and 9013 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), seeking entry of this order (this "**Final Order**" and together with the Interim Order,[3] the "**DIP Orders**"):

      (i)     authorizing Del Monte Foods Corporation II Inc., in its capacity as borrower (the "**DIP Borrower**"), to obtain postpetition financing, and for each of the other Debtors to guarantee unconditionally (the Debtors, other than the DIP Borrower, the "**DIP Guarantors**") on a joint and several basis, the DIP Borrower's obligations in connection with a (i) superpriority senior secured asset-based revolving credit facility (the "**DIP ABL Facility**") in the maximum aggregate principal amount of $500,000,000 and (ii) superpriority senior secured multiple draw term loan credit facility (the "**DIP Term Loan Facility**," and together with the DIP ABL Facility, the "**DIP Facilities**") in the maximum aggregate principal amount of $412,500,000 (the "**DIP Term Loans**"), consisting of:

      (a)    **New Money Loans**. A superpriority senior secured multiple draw term loan credit facility in the principal amount of $165,000,000 (the "**New Money Commitments**" and the term loans made thereunder, the "**New Money Loans**"), which New Money Loans were funded in part upon entry of the Interim Order in accordance with the terms and conditions set forth in the DIP Term Loan Credit Agreement (as defined below), substantially in the form attached to the

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms later in this Final Order, the Motion, or the DIP Credit Agreements (as defined herein), as applicable.

[3]    As used herein, "Interim Order" refers to the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [D.I. 59].

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Interim Order as **Exhibit A** and all other terms and conditions of the DIP Term Loan Documents (as defined below);

       (b)   <u>Roll-Up Loans</u>.  A superpriority term loan facility in the principal amount of up to $247,500,000 (the "<u>Roll-Up Loans</u>"), which Roll-Up Loans were deemed partially funded in accordance with clause (A) below on the date of the Interim Order, and an equal amount of Super-Senior First-Out Loans (as defined below), *pro rata* between Super-Senior First-Out Initial Loans and Super-Senior First-Out Incremental Loans (each as defined below), were deemed converted into and exchanged for such Roll-Up Loans, in each case, at the times, and in accordance with the terms and conditions set forth in the DIP Term Loan Credit Agreement and the other DIP Term Loan Documents;

       (A)   On the date of the Interim Order, concurrently with the making of the New Money Loans pursuant to clause (a) above, $150,000,000 in aggregate principal amount of Super-Senior First-Out Loans were deemed converted into and exchanged for the Roll-Up Loans (the Super-Senior First-Out Loans rolled-up pursuant to clause (b) above, the "<u>Rolled-Up Super-Senior First-Out Loans</u>"), and $150,000,000 of the Roll-Up Loans were deemed funded on the date of the Interim Order, without constituting a novation, which deemed funding satisfied and discharged $150,000,000 in aggregate principal amount of the Rolled-Up Super-Senior First-Out Loans, *pro rata* between Super-Senior First-Out Initial Loans and Super-Senior First-Out Incremental Loans.  The Roll-Up Loans deemed funded on the date of the Interim Order were deemed to be made by each Backstop Party (as defined in the DIP Term Loan Credit Agreement) (or an investment advisor, manager, or beneficial owner for the account of a Backstop Party, or an affiliated fund or trade counterparty designated by such Backstop Party) (such initial lenders holding such Roll-Up Loans, the "<u>Closing Date Roll-Up Lenders</u>") in an amount equal to the aggregate principal amount of the Super-Senior First-Out Loans owing to the applicable Closing Date Roll-Up Lenders on the date of the Interim Order; and

       (B)   On the terms set forth in the syndication procedures (the "<u>Syndication Procedures</u>"), upon completion of the Syndication (as defined in the DIP Term Loan Credit Agreement) each DIP Term Loan Lender (as defined below) holding the Roll-Up Loans on such date ("<u>Existing Roll-Up Lender</u>") was deemed to have assigned a

| (Page 5) | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

portion of its Roll-Up Loans ratably to each other DIP Term Loan Lender on such date (each such DIP Term Loan Lender, a "<u>Syndicate Lender</u>"), and each Syndicate Lender was deemed to have ratably assumed an amount of the Roll-Up Loans from each Existing Roll-Up Lender;

(c) <u>DIP ABL Commitments and DIP ABL Loans</u>. A superpriority senior secured asset-based revolving credit facility providing aggregate commitments in the maximum aggregate principal amount of $500,000,000, consisting of (i) $500,000,000 in undrawn commitments (the "<u>DIP ABL Commitments</u>," and the loans thereunder including all accrued interest, fees, and premiums thereof, the "<u>DIP ABL Loans</u>," and together with the DIP Term Loans, the "<u>DIP Loans</u>"), which DIP ABL Commitments were deemed fully committed upon entry of the Interim Order and an equal amount of prepetition ABL commitments and ABL Loans (as defined below) were deemed converted into and exchanged for such DIP ABL Commitments and DIP ABL Loans, without constituting a novation, and terminated all of the ABL Loans commitments under the Prepetition ABL Credit Agreement (as defined below) (on the date of the Interim Order, not less than $211,231,755.28 in aggregate principal amount of outstanding DIP ABL Loans were deemed fully funded upon entry of the Interim Order and an equal amount of ABL Loans were deemed converted into and exchanged for such DIP ABL Loans, without constituting a novation), and (ii) not less than $26,027,439.32 in letters of credit (together with all other letters of credit issued under the DIP ABL Credit Agreement (as defined below) (the "<u>DIP ABL LCs</u>") were deemed issued upon entry of the Interim Order and equal amount of letters of credit under the Prepetition ABL Credit Agreement were deemed converted into and exchanged for such DIP ABL LCs, without constituting a novation and satisfied and discharged prepetition letters of credit, in each case of the foregoing clauses (i) and (ii), in accordance with the terms and conditions set forth in the DIP ABL Credit Agreement, substantially in the form attached to the Interim Order as **Exhibit B**, and the other DIP ABL Documents (as defined below); and

(d) <u>Interim Facility</u>. Upon entry of the Interim Order, the maximum amount of loans under (i) the New Money Commitments that were disbursed to the DIP Borrower was $100,000,000 and (ii) the DIP ABL Commitments was $500,000,000.

(ii) authorizing the DIP Borrower and the DIP Guarantors to enter into and perform under (a) that certain Super-Priority Senior Secured Debtor-In-Possession

| | |
|---|---|
| (Page 6) | |
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Credit and Guaranty Agreement dated July 2, 2025, among the DIP Borrower, Holdings (as defined below), certain subsidiaries of the DIP Borrower as guarantors, the various lenders party thereto (collectively in such capacities, the "DIP Term Loan Lenders"), and Wilmington Savings Fund Society, FSB, as administrative agent, and collateral agent (in such capacities, the "DIP Term Loan Agent," and together with the DIP Term Loan Lenders and the other Secured Parties (as defined in the DIP Term Loan Credit Agreement), the "DIP Term Loan Secured Parties") (as the same may be amended, restated, amended and restated, supplemented, waived, or otherwise modified from time to time, the "DIP Term Loan Credit Agreement") and all agreements, documents, and instruments delivered or executed in connection therewith, in each case as may be amended, restated, amended and restated, supplemented, waived, or otherwise modified from time to time in accordance with the terms thereof (including any fee letter executed by the DIP Borrower in connection with the DIP Term Loan Facility, and other guarantee and security documentation, collectively, the "DIP Term Loan Documents") and (b) that certain Debtor-In-Possession ABL Credit Agreement dated July 2, 2025, among the DIP Borrower, Holdings, the several lenders from time to time party thereto (collectively in such capacities, the "DIP ABL Lenders," and together with the DIP Term Loan Lenders, the "DIP Lenders"), and JPMorgan Chase Bank, N.A., as administrative agent, and collateral agent (in such capacities, the "DIP ABL Agent," and together with the DIP Term Loan Agent, the "DIP Agents"; the DIP ABL Agent together with the DIP ABL Lenders and the other Secured Parties (as defined in the DIP ABL Credit Agreement), the "DIP ABL Secured Parties," and together with the DIP Term Loan Secured Parties, the "DIP Secured Parties") (as the same may be amended, restated, amended and restated, supplemented, waived, or otherwise modified from time to time, the "DIP ABL Credit Agreement," and together with the DIP Term Loan Credit Agreement, the "DIP Credit Agreements") and all agreements, documents, and instruments delivered or executed in connection therewith, in each case as may be amended, restated, amended and restated, supplemented, waived, or otherwise modified from time to time in accordance with the terms thereof (including any fee letter executed by the DIP Borrower in connection with the DIP ABL Facility, and other guarantee and security documentation, collectively, the "DIP ABL Documents") (each of the documents in the foregoing clauses (a) and (b), together with the DIP Orders, collectively, the "DIP Documents"), and to perform such other and further acts as may be required in connection with the DIP Documents;

(iii)   authorizing the Debtors to use the proceeds of the DIP Loans and the Prepetition Collateral (as defined below), including Cash Collateral (as defined below), (w) solely in accordance with the Approved DIP Budget subject to any Permitted Budget Variances (each as defined below) set forth in the DIP Orders and in the DIP Credit Agreements, (x) to effectuate the exchange of the Super-Senior First-Out Loans for the Roll-Up Loans in accordance with the DIP Term Loan Credit Agreement, and the DIP

(Page 7)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Orders, (y) to effectuate the exchange of (I) commitments under the Prepetition ABL Credit Agreement for the DIP ABL Commitments, (II) the ABL Loans for the DIP ABL Loans, and (III) prepetition letters of credit for DIP ABL LCs in accordance with the DIP ABL Credit Agreement and the DIP Orders, and (z) to provide working capital for, and for other general corporate purposes of, the Debtors and certain of the Debtors' subsidiaries, including for funding the Carve Out (as defined below) and for payment of any Adequate Protection Payments (as defined below), in each case solely in accordance with the Approved DIP Budget subject to any Permitted Budget Variances;

(iv)     granting adequate protection to the Prepetition Secured Parties (as defined below) to the extent of any Diminution in Value (as defined below) of their interests in the Prepetition Collateral;

(v)     to the extent provided by Bankruptcy Code section 507(b), subject to the relative priorities set forth in the DIP Orders, including the lien priorities set forth on **Exhibit C** attached to the Interim Order (the "Lien / Claim Priorities"), (a) granting the DIP Term Loan Agent for the benefit of the DIP Term Loan Lenders (A) valid, enforceable, binding, non-avoidable, and fully perfected first priority priming liens on and senior security interests in the Term Loan Priority Collateral (as defined below) and (B) valid, enforceable, binding, non-avoidable, and fully perfected second priority liens on and security interests in the ABL Priority Collateral (as defined below), and (b) granting the DIP ABL Agent for the benefit of the DIP ABL Secured Parties (A) valid, enforceable, binding, non-avoidable, and fully perfected first priority priming liens on and senior security interests in the ABL Priority Collateral and (B) valid, enforceable, binding, non-avoidable, and fully perfected second priority liens on and security interests in the Term Loan Priority Collateral, whether any such foregoing property is presently-owned or after-acquired, and each Debtors' estate as created by section 541 of the Bankruptcy Code, of any kind or nature whatsoever, real or personal, tangible, intangible, or mixed, now existing or hereafter acquired or created, whether existing prior to or arising after the Petition Date (as defined below), with the foregoing clauses (a) and (b) subject only to the (x) Carve Out with respect to the Term Loan Priority Collateral and (y) other valid, perfected and unavoidable liens, if any, existing as of the Petition Date that are senior to the liens or security interests of the Prepetition Secured Parties as of the Petition Date by operation of law or permitted by the Prepetition Documents (as defined below) and liens that are perfected after the Petition Date to the extent permitted by section 546(b) of the Bankruptcy Code (the "Prior Senior Liens");

(vi)     to the extent provided by Bankruptcy Code section 507(b), subject to the Lien / Claim Priorities, granting superpriority administrative expense claims against each of the Debtors' estates to the DIP Agents and the DIP Secured Parties with respect to

(Page 8)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

the DIP Obligations (as defined below) over any and all administrative expenses of any kind or nature subject and subordinate only to the payment of the Carve Out in accordance with the Lien / Claims Priorities on the terms and conditions set forth in the DIP Orders and other DIP Documents;

(vii)    waiving the Debtors' right to surcharge against the Prepetition Collateral or DIP Collateral (as defined below) pursuant to section 506(c) of the Bankruptcy Code;

(viii)    for the "equities of the case" exception under section 552(b) of the Bankruptcy Code and the equitable doctrine of marshalling to not apply to such parties with respect to the proceeds, products, offspring, or profits of any of the Prepetition Collateral or DIP Collateral, as applicable;

(ix)    pursuant to Bankruptcy Rule 4001, holding a final hearing, if any (the "Final Hearing") on the Motion before the Court (as defined below) to consider entry of this Final Order, among other things, (1) authorizing the Debtors to, on a final basis, borrow from the DIP Term Loan Lenders a principal amount of $412,500,000 in DIP Term Loans of which (I) $100,000,000 of New Money Loans were made available to the DIP Borrower on the date of the Interim Order, (II) $150,000,000 of the Roll-Up Loans were deemed funded and converted from and exchanged for Super-Senior First-Out Loans upon entry of the Interim Order, (III) $65,000,000 of New Money Loans shall be made available to the DIP Borrower on the date of this Final Order, and (IV) $97,500,000 of the Roll-Up Loans shall be deemed funded and converted from and exchanged for Super-Senior First-Out Loans upon entry of this Final Order, in each case, subject to and in accordance with the DIP Orders and the DIP Term Loan Documents, without any further action by the Debtors or any other party, (2) authorizing the Debtors to, on a final basis, obtain from the DIP ABL Lenders a principal amount of $500,000,000 DIP ABL Facility, which (I) $500,000,000 of DIP ABL Commitments were deemed committed and converted from and exchanged for $550,000,000 of aggregate principal amount of commitments under the Prepetition ABL Credit Agreement upon entry of the Interim Order, (II) not less than $211,231,755.28 of DIP ABL Loans were deemed funded and converted from and exchanged for an equal amount of outstanding ABL Loans upon entry of the Interim Order, and (III) not less than  $26,027,439.32 of DIP ABL LCs were deemed issued in exchange for prepetition letters of credit, in each case, subject to and in accordance with the DIP Orders and the DIP ABL Documents, without any further action by the Debtors or any other party, (3) authorizing the Debtors to, on a final basis, borrow from the DIP ABL Lenders DIP ABL Loans from and after the date of the Interim Order, subject to and in accordance with the DIP Orders and the DIP Documents, without any further action by the Debtors or any other party, (4) authorizing the DIP Guarantors to guarantee the DIP

(Page 9)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Obligations, (5) authorizing the Debtors' use of Prepetition Collateral (including Cash Collateral), (6) granting the adequate protection described in the DIP Orders, and (7) authorizing the Debtors to execute and deliver the DIP Documents to which they are a party and to perform their respective obligations thereunder and such other and further acts as may be necessary or appropriate in connection therewith; and

(x)    granting related relief.

The Court having considered the Motion, the exhibits thereto, the *Declaration of Jonathan Goulding, as Chief Restructuring Officer of Debtors, in Support of Chapter 11 Petitions and First Day Motions*, the *Declaration of Scott Mates in Support of the Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [D.I. 19] , and the other evidence submitted or adduced and the arguments of counsel made at the Interim Hearing held on July 2, 2025, and at the Final Hearing, if any; and the Court having heard and resolved or overruled any objections, reservations of rights, or other statements with respect to the relief requested in the Motion; and the Court having entered, at the Interim Hearing, the Interim Order; and the Court having noted the appearances of all parties in interest; and it appearing that approval of the final relief requested in the Motion is fair and reasonable and is essential for the continued operation of the Debtors' businesses and the preservation of the value of the Debtors' assets; and it appearing that the Debtors' entry into the DIP Credit Agreements and the other DIP Documents is a sound and prudent exercise of the Debtors' business judgment; and the Debtors having provided notice of the Motion as set forth in

(Page 10)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

the Motion, and it appearing that no other or further notice of the final relief granted herein need

be given under the circumstances; and after due deliberation and consideration, and for good and

sufficient cause appearing therefor;

**BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING AND THE**

**FINAL HEARING, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF**

**FACT AND CONCLUSIONS OF LAW**:[4]

A.     *Petition Date*.  On July 1, 2025 (the "**Petition Date**"), each of the Debtors filed a

voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court

for the District of New Jersey commencing these Cases (the "**Court**").  On July 2, 2025, the Court

entered an order approving joint administration of these Cases.

B.     *Debtors in Possession*.  The Debtors continue to manage and operate their

businesses and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  No trustee or examiner has been appointed in these Cases.

C.     *Jurisdiction and Venue*.  The Court has jurisdiction over the Motion, these Cases,

and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered on July 23, 1984,

and amended on June 6, 2025 (Bumb, C.J.).  The Court may enter a final order consistent with

---

[4]   Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, pursuant to Bankruptcy Rule 7052.

(Page 11)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Article III of the United States Constitution.  Venue for these Cases and proceedings on the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D. *Committee*.  On July 17, 2025, the Office of the United States Trustee for the District of New Jersey (the "**U.S. Trustee**") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "**Committee**") [D.I. 168].

E. *Notice*.  Notice of the Motion and the Final Hearing has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion with respect to the relief requested at the Interim Hearing is or shall be required.

F. *Debtors' Stipulations*.  Subject only to the rights of parties in interest specifically set forth in paragraph 15 of this Final Order (and subject to the limitations thereon contained in such paragraph or otherwise in this Final Order), the Debtors stipulate, represent, and agree that (collectively, paragraphs F(i) through (viii) below are referred to herein as the "**Debtors' Stipulations**"):

(i)    ABL Loans.

(a)    The Prepetition ABL Lenders (as defined below) provided loans (the "**ABL Loans**") in a total aggregate principal amount outstanding as of the Petition Date of not less than $211,231,755.28 and issued prepetition letters of credit as of the Petition Date in a total amount of not less than $26,027,439.32 under that certain ABL Credit Agreement, dated as of August 2, 2024, among DM Intermediate II Corporation ("**Holdings**"), the DIP Borrower, the several lenders

(Page 12)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

from time to time party thereto (collectively, the "**Prepetition ABL Lenders**"), and JPMorgan Chase Bank, N.A. as administrative agent and collateral agent (in such capacities, the "**Prepetition ABL Agent**," and together with the Prepetition ABL Lenders and the other Secured Parties (as defined in the Prepetition ABL Credit Agreement (as defined below)), the "**Prepetition ABL Secured Parties**") (such credit agreement, as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**Prepetition ABL Credit Agreement**," and together with the other Loan Documents (as defined in the Prepetition ABL Credit Agreement), the "**Prepetition ABL Documents**," and the claims under the Prepetition ABL Documents, the "**ABL Claims**").

(b)     Under the Prepetition ABL Documents, the Prepetition ABL Lenders provided commitments in a total aggregate amount of $550,000,000.  As of the Petition Date, the Prepetition Loan Party Debtors (as defined below) were jointly and severally indebted to the Prepetition ABL Secured Parties pursuant to the Prepetition ABL Documents without objection, defense, counterclaim, or offset of any kind, in the aggregate principal amount of not less than (i) $211,231,755.28 on account of ABL Loans and (ii) $26,027,439.32 on account of prepetition letters of credit *plus* accrued and unpaid interest and, with respect to letters of credit, fees with respect thereto, and any additional fees, costs, premiums, expenses (including any attorneys', accountants', consultants', appraisers', financial advisors', and other professionals' fees and expenses), reimbursement obligations, indemnification obligations, guarantee obligations, other contingent obligations, and other charges of whatever nature, whether or not contingent, whenever

(Page 13)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

arising, due, or owing, and all other Obligations (as defined in the Prepetition ABL Credit Agreement), in each case, owing under or in connection with the Prepetition ABL Documents (the obligations described in this subparagraph (b), collectively, the "**Prepetition ABL Obligations**").

(ii)    **ABL Collateral**.  In connection with the Prepetition ABL Credit Agreement, certain Prepetition Loan Party Debtors entered into that certain ABL Guarantee and Collateral Agreement, dated as of August 2, 2024, made by Holdings and certain of its subsidiaries in favor of the Prepetition ABL Agent (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time the "**Prepetition ABL Collateral Agreement**").  Pursuant to that certain Intercreditor Agreement, dated as of August 2, 2024, among the Prepetition ABL Agent, as collateral agent for the Prepetition ABL Secured Parties, the Super-Senior Agent (as defined below), as collateral agent for the Super-Senior Secured Parties (as defined below), each additional representative in respect of Additional Debt (as defined therein) from time to time party thereto, and each of the Loan Parties (as defined therein) (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**Prepetition Intercreditor Agreement**"), the Prepetition ABL Collateral Agreement, and the other Prepetition ABL Documents, the Prepetition ABL Obligations are secured by valid, binding, perfected, and enforceable security interests in and liens (the "**ABL Liens**") on the ABL Priority Collateral and the Term Loan Priority Collateral (each as defined in the Prepetition ABL Credit Agreement, the Prepetition ABL Collateral Agreement, and the Prepetition Intercreditor Agreement, pursuant to the Prepetition ABL Documents) (collectively, the "**Prepetition ABL Collateral**"), subject to the

(Page 14)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

priorities set forth in the Prepetition Intercreditor Agreement and the other Prepetition ABL Documents. The Prepetition ABL Collateral consists of certain of the assets of the Debtors that are Loan Parties (as defined in the Prepetition ABL Credit Agreement) under the Prepetition ABL Documents (the "**Prepetition Loan Party Debtors**"). The ABL Liens and the Prepetition ABL Collateral is subject to the Prepetition Intercreditor Agreement and the other Prepetition ABL Documents.

(iii)    Super-Senior Term Loans.

(a)    The Super-Senior Lenders (as defined below) provided Super-Senior Term Loans (as defined below) in a total aggregate principal amount outstanding as of the Petition Date of $999,243,404 under that certain Super-Priority Credit and Guaranty Agreement, dated as of August 2, 2024, among the DIP Borrower, Holdings, certain subsidiaries of the DIP Borrower as guarantors, the various lenders from time to time party thereto, and Wilmington Savings Fund Society, FSB as administrative agent and collateral agent (in such capacities, the "**Super-Senior Agent**," and together with the Prepetition ABL Agent, the "**Prepetition Agents**," and together with the Super-Senior Lenders and the other Secured Parties (as defined in the Super-Senior Credit Agreement (as defined below), which such other Secured Parties shall include, for the avoidance of doubt, the Super-Senior First-Out Secured Parties, the Super-Senior Second-Out Secured Parties, and the Super-Senior Third-Out Secured Parties (each as defined below)), the "**Super-Senior Secured Parties**," and together with the Prepetition ABL Secured Parties, the "**Prepetition Secured Parties**") (such credit agreement, as amended, restated, amended and restated,

(Page 15)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

supplemented, or otherwise modified from time to time, the "**Super-Senior Credit Agreement**," and together with the other Credit Documents (as defined in the Super-Senior Credit Agreement), the "**Super-Senior Documents**," and together with the Prepetition ABL Documents, the "Prepetition Documents").

(b)     The Super-Senior Credit Agreement includes four tranches of Super-Senior Term Loans.  The first-out initial Super-Senior Lenders (the "**Super-Senior First-Out Initial Lenders**," and together with the other relevant first-out initial Secured Parties, the "**Super-Senior First-Out Initial Secured Parties**") provided first-out initial loans (the "**Super-Senior First-Out Initial Loans**," and the attendant Obligations, the "**Super-Senior First-Out Initial Loans Obligations**," and the claims on account of such Super-Senior First-Out Initial Loans Obligations, the "**Super-Senior First-Out Initial Loans Claims**") in a total aggregate principal amount outstanding as of the Petition Date of $273,275,799.34 under the Super-Senior Credit Agreement. The first-out incremental Super-Senior Lenders (the "**Super-Senior First-Out Incremental Lenders**," and together with the other relevant first-out incremental Secured Parties, the "**Super-Senior First-Out Incremental Secured Parties**," and together with the Super-Senior First-Out Initial Secured Parties, the "**Super-Senior First-Out Secured Parties**") provided first-out incremental loans (the "**Super-Senior First-Out Incremental Loans**," and together with the Super-Senior First-Out Initial Loans, the "**Super-Senior First-Out Loans**," and the attendant Obligations, the "**Super-Senior First-Out Incremental Loans Obligations**," and the claims on account of such Super-Senior First-Out Incremental Loans Obligations, the "**Super-Senior First-**

(Page 16)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Out Incremental Loans Claims," and together with the Super-Senior First-Out Initial Loans Claims, the "**Super-Senior First-Out Loans Claims**") in a total aggregate principal amount outstanding as of the Petition Date of $122,100,000 under the Super-Senior Credit Agreement. The second-out Super-Senior Lenders (the "**Super-Senior Second-Out Lenders**," and together with the other relevant second-out Secured Parties, the "**Super-Senior Second-Out Secured Parties**") provided second-out loans (the "**Super-Senior Second-Out Loans**," and the attendant Obligations, the "**Super-Senior Second-Out Loans Obligations**," and the claims on account of such Super-Senior Second-Out Loans Obligations, the "**Super-Senior Second-Out Loans Claims**") in a total aggregate principal amount outstanding as of the Petition Date of $468,826,479.66 under the Super-Senior Credit Agreement.  The third-out Super-Senior Lenders (the "**Super-Senior Third-Out Lenders**," and together with the other relevant third-out Secured Parties, the "**Super-Senior Third-Out Secured Parties**"; the Super-Senior Third-Out Lenders together with the Super-Senior First-Out Initial Lenders, the Super-Senior First-Out Incremental Lenders, and the Super-Senior Second-Out Lenders, the "**Super-Senior Lenders**") provided third-out loans (the "**Super-Senior Third-Out Loans**," and the attendant Obligations, the "**Super-Senior Third-Out Loans Obligations**," and the claims on account of such Super-Senior Third-Out Loans Obligations, the "**Super-Senior Third-Out Loans Claims**," and together with the Super-Senior First-Out Loans Claims and the Super-Senior Second-Out Loans Claims, the "**Super-Senior Claims**"; the Super-Senior Third-Out Loans together with the Super-Senior First-Out Initial Loans, the Super-Senior First-Out Incremental Loans, and the Super-Senior Second-

(Page 17)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Out Loans, the "**Super-Senior Term Loans**") in a total aggregate principal amount outstanding as of the Petition Date of $135,041,125.39 under the Super-Senior Credit Agreement. The Super-Senior Credit Agreement includes payment subordination provisions such that (x) the Super-Senior First-Out Initial Loans Obligations and the Super-Senior First-Out Incremental Loans Obligations have payment priority over the Super-Senior Second-Out Loans Obligations and the Super-Senior Third-Out Loans Obligations until the Super-Senior First-Out Initial Loans Obligations and the Super-Senior First-Out Incremental Loans Obligations have been paid in full in cash and (y) the Super-Senior Second-Out Loans Obligations have payment priority over the Super-Senior Third-Out Loans Obligations until the Super-Senior Second-Out Loans Obligations have been paid in full in cash, in each case, subject to the terms set forth in the Super-Senior Credit Agreement.

(c)     As of the Petition Date, the Prepetition Loan Party Debtors were jointly and severally indebted to the Super-Senior Secured Parties pursuant to the Super-Senior Documents without objection, defense, counterclaim, or offset of any kind, in the aggregate principal amount of not less than $999,243,404 on account of Super-Senior Term Loans *plus* accrued and unpaid interest with respect thereto and any additional fees, costs, premiums, expenses (including any attorneys', accountants', consultants', appraisers', financial advisors', and other professionals' fees and expenses), reimbursement obligations, indemnification obligations, guarantee obligations, other contingent obligations, and other charges of whatever nature, whether or not contingent, whenever arising, due, or owing, and all other Obligations (as defined in the Super-

(Page 18)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Senior Credit Agreement), in each case, owing under or in connection with the Super-Senior Documents (including, for the avoidance of doubt, each of the Super-Senior First-Out Initial Loans Obligations, the Super-Senior First-Out Incremental Loans Obligations, the Super-Senior Second-Out Loans Obligations, and the Super-Senior Third-Out Loans Obligations) (the obligations described in this subparagraph (c), collectively, the "**Super-Senior Loans Obligations**," and together with the Prepetition ABL Obligations, the "**Prepetition Obligations**").

(iv)      Super-Senior Term Loan Collateral.  In connection with the Super-Senior Credit Agreement, certain Prepetition Loan Party Debtors entered into that certain Security Agreement, dated as of August 2, 2024, made by Holdings, the DIP Borrower, and the other Guarantors (as defined therein) from time to time party thereto in favor of the Super-Senior Agent (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**Super-Senior Collateral Agreement**").  Pursuant to the Prepetition Intercreditor Agreement, the Super-Senior Collateral Agreement, and the other Super-Senior Documents, the Super-Senior Loans Obligations are secured by valid, binding, perfected, enforceable, and separate and distinct first-priority security interests in and liens as further described below (the "**Super-Senior Liens**," and together with the ABL Liens, the "**Prepetition Liens**") on the Term Loan Priority Collateral and the ABL Priority Collateral (the "**Super-Senior Collateral**," and together with the Prepetition ABL Collateral, the "**Prepetition Collateral**"), subject to the priorities set forth in the Prepetition Intercreditor Agreement and the other Super-Senior Documents. Specifically, pursuant to the Super-Senior Documents, (x) the Super-Senior First-Out Initial Loans

(Page 19)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Obligations and the Super-Senior First-Out Incremental Loans Obligations are secured by valid, binding, perfected, and enforceable security interests in and liens on the First Out Collateral (as defined in the Super-Senior Credit Agreement and the Super-Senior Collateral Agreement), (y) the Super-Senior Second-Out Loans Obligations are secured by valid, binding, perfected, and enforceable security interests in and liens on the Second Out Collateral (as defined in the Super-Senior Credit Agreement and the Super-Senior Collateral Agreement), and (z) the Super-Senior Third-Out Loans Obligations are secured by valid, binding, perfected, and enforceable security interests in and liens on the Third Out Collateral (as defined in the Super-Senior Credit Agreement and the Super-Senior Collateral Agreement).[5]  The First Out Collateral, the Second Out Collateral, and the Third Out Collateral are identical and constitute Term Loan Priority Collateral under the Prepetition Intercreditor Agreement.  The Super-Senior Collateral consists of substantially all assets of the Prepetition Loan Party Debtors.  The Super-Senior Liens and the Super-Senior Collateral are subject to the Prepetition Intercreditor Agreement and the other Super-Senior Documents.

(v)    *Cash Collateral*.  Except with respect to $1,000,000 on deposit with Wells Fargo Bank, National Association that secures corporate credit card reimbursement obligations of

---

[5]    The First Out Collateral, the Second Out Collateral, and the Third Out Collateral are secured by three separate and distinct liens as evidenced by the three separate and distinct grants of security interests for each of (i) the Super-Senior First-Out Initial Loans Obligations and the Super-Senior First-Out Incremental Loans Obligations, (ii) the Super-Senior Second-Out Loans Obligations, and (iii) the Super-Senior Third-Out Loans Obligations, respectively, pursuant to that certain Security Agreement, dated as of August 2, 2024, made by the DIP Borrower, Holdings, and the other guarantors from time to time party thereto, in favor of the Super-Senior Agent.

(Page 20)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

certain of the Debtors (the "**Wells Fargo Account**"), any and all of the Debtors' cash, including, without limitation, any amounts on deposit or maintained in any banking, checking, or other deposit accounts by the Debtors, any amounts generated by the collection of accounts receivable or other disposition of the Prepetition Collateral existing as of the Petition Date or deposited into the Debtors' banking, checking, or other deposit accounts after the Petition Date, and the proceeds of any of the foregoing is the Prepetition Secured Parties' cash collateral within the meaning of section 363(a) of the Bankruptcy Code ("**Cash Collateral**").

(vi)    *Bank Accounts*.   The Debtors acknowledge and agree that as of the Petition Date, none of the Debtors has either opened or maintains any bank accounts other than the accounts listed in the exhibit attached to any order authorizing the Debtors to continue to use the Debtors' existing cash management system (the "**Cash Management Order**") and the order providing adequate assurance to utility providers.

(vii)    *Validity, Perfection, and Priority of Prepetition Liens and Prepetition Obligations*.   Subject to the rights set forth in paragraph 15 of this Final Order, each of the Debtors acknowledges and agrees that, in each case as of the Petition Date: (A) the Prepetition Liens are valid, binding, enforceable, non-avoidable, and properly perfected liens on and security interests in the Prepetition Collateral; (B) the ABL Liens and the Super-Senior Liens are subject and subordinate only to Prior Senior Liens; (C) the ABL Liens and the Super-Senior Liens are subject to the terms of and the priorities set forth in the Prepetition Intercreditor Agreement; (D) the Prepetition Obligations constitute legal, valid, binding, and non-avoidable obligations of the

(Page 21)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Prepetition Loan Party Debtors; (E) the Prepetition Liens encumber all of the Prepetition Collateral subject to the priorities set forth in the Prepetition Documents and the Prepetition Intercreditor Agreement, as the same existed on the Petition Date; (F) the Prepetition Liens were granted to or for the benefit of the Prepetition Secured Parties for fair consideration and reasonably equivalent value and were granted contemporaneously with, or covenanted to be provided as an inducement for, the making of the loans and/or commitments and other financial accommodations secured thereby; (G) no offsets, challenges, objections, defenses, claims, or counterclaims of any kind or nature to any of the Prepetition Liens or Prepetition Obligations exist, and no portion of the Prepetition Liens or Prepetition Obligations is subject to any challenge or defense including impairment, set-off, right of recoupment, avoidance, attachment, disallowance, disgorgement, reduction, recharacterization, recovery, subordination (whether equitable or otherwise), attack, offset, defense, counterclaims, cross-claims, or "claim" (as defined in the Bankruptcy Code), pursuant to the Bankruptcy Code or applicable nonbankruptcy law; and (H) the Debtors and their estates have no claims, objections, challenges, causes of actions, recoupments, counterclaims, cross-claims, setoff rights, and/or choses in action, including "lender liability" causes of action or avoidance claims under chapter 5 of the Bankruptcy Code, whether arising under applicable state law or federal law (including any recharacterization, subordination, avoidance, disgorgement, recovery, or other claims arising under or pursuant to sections 105, 510, or 542 through 553 of the Bankruptcy Code), against the Prepetition Agents, the Prepetition Secured Parties, or any of their respective affiliates, agents, representatives, attorneys, advisors, professionals, officers, directors,

(Page 22)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

and employees arising out of, based upon, or related to the Prepetition Documents, the Prepetition Obligations, or the Prepetition Liens.

(viii)   *Prepetition Intercreditor Agreement*.   Pursuant to section 510 of the Bankruptcy Code, any applicable intercreditor or subordination provisions contained in any of, or entered into as permitted by and in accordance with, the Prepetition Documents, including the Prepetition Intercreditor Agreement, shall (i) remain in full force and effect, and (ii) not be deemed to be amended, altered or modified by the terms of this Final Order or the other DIP Documents, in each case, unless expressly set forth herein or therein.

G.   *Findings Regarding the DIP Facilities and Use of Cash Collateral*.

(i)   The Debtors have a need to obtain the DIP Facilities and to continue using Cash Collateral on a final basis (solely to the extent consistent with the Approved DIP Budget, subject to any Permitted Budget Variances set forth herein and in the DIP Credit Agreements) to, among other things, (A) permit the orderly continuation of their businesses; (B) pay certain Adequate Protection Payments; and (C) pay the costs of administration of their estates and satisfy other working capital and general corporate purposes of the Debtors and certain subsidiaries thereof.   The DIP Facilities will also reassure the Debtors' and their non-Debtor affiliates' customers and employees that the Debtors will have access to additional liquidity to meet their commitments during these Cases.   The ability of the Debtors to obtain sufficient working capital and liquidity through the incurrence of the new indebtedness for borrowed money and other financial accommodations is vital to the preservation and maintenance of the Debtors' going

(Page 23)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

concern value and successful reorganization. The Debtors will not have sufficient sources of working capital and financing to operate their businesses in the ordinary course of business throughout these Cases without access to the DIP Facilities and without authorization to continue to use of Cash Collateral as provided herein.

(ii)     The extensions of credit under the DIP Facilities are fair and reasonable, and reflect the Debtors' exercise of prudent business judgment.

(iii)     The Debtors are unable to obtain financing on more favorable terms from sources other than the DIP Lenders under the DIP Documents and are unable to obtain unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense. The Debtors also are unable to obtain secured credit allowable under sections 364(c)(1), 364(c)(2), and 364(c)(3) of the Bankruptcy Code for the purposes set forth in the DIP Documents without the Debtors granting to the DIP Secured Parties the DIP Liens (as defined below) and the DIP Superpriority Claims (as defined below) under the terms and conditions set forth in the DIP Orders and the other DIP Documents.

(iv)     The DIP Facilities have been negotiated in good faith and at arm's length among the Debtors and the DIP Secured Parties, and all of the Debtors' obligations and indebtedness arising under, in respect of, or in connection with the DIP Facilities and the DIP Documents, including, without limitation, all loans made to and guarantees issued by the Debtors pursuant to the DIP Documents and all other obligations under the DIP Documents (the obligations under the DIP ABL Facility, the DIP ABL Credit Agreement, and the DIP ABL Documents, the

(Page 24)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

"**DIP ABL Obligations**," and the obligations under the DIP Term Loan Facility, the DIP Term Loan Credit Agreement, and the DIP Term Loan Documents, the "**DIP Term Loan Obligations**," and collectively, the "**DIP Obligations**") shall be deemed to have been extended by the DIP Secured Parties in good faith as that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the protections offered by section 364(e) of the Bankruptcy Code.  The DIP Obligations, the DIP Liens, and the DIP Superpriority Claims shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Final Order or any provision hereof is vacated, reversed, or modified on appeal or otherwise, and any liens or claims granted to, or payments made to, the DIP Agents or the DIP Lenders hereunder arising prior to the effective date of any such vacatur, reversal, or modification of this Final Order shall be governed in all respects by the original provisions of this Final Order, including entitlement to all rights, remedies, privileges, and benefits granted herein.

(v)    *Adequate Protection*.    At any time any Prepetition Obligations remain outstanding, each of the Prepetition Secured Parties are entitled, pursuant to sections 105, 361, 362, and 363(e) of the Bankruptcy Code, to adequate protection of their respective interests in the Prepetition Collateral, including Cash Collateral, for the Diminution in Value (as defined below) thereof, subject only to the rights of parties in interest specifically set forth in paragraph 15 of this Final Order (and subject to the limitations thereon contained in such paragraph or otherwise in this Final Order).  For the avoidance of doubt and notwithstanding anything to the contrary in this Final Order, nothing in this Final Order shall constitute a finding of Diminution in Value and any

(Page 25)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Diminution in Value shall only be determined by the Court after notice and a hearing and the rights of Prepetition Secured Parties, the Debtors, the Committee, and all other parties in interest in respect of whether any Diminution in Value has occurred and the extent of any Diminution in Value are reserved.

(vi)     *Sections 506(c) and 552(b)*.  In light of the Prepetition Secured Parties' agreement to subordinate their liens and superpriority claims to the DIP Obligations and the Carve Out and to permit the use of their Cash Collateral as set forth herein, the Prepetition Secured Parties are entitled to the rights and benefits of section 552(b) of the Bankruptcy Code including, (i) a waiver of any "equities of the case" claims under section 552(b) of the Bankruptcy Code, (ii) a waiver of the equitable doctrine of marshalling, and (iii) a waiver of the provisions of section 506(c) of the Bankruptcy Code.

(vii)     *Consent By Required Lenders*.  Holders constituting Required Lenders (as defined in the ABL Credit Agreement) and Requisite Lenders (as defined in the Super-Senior Credit Agreement) have consented to, or are deemed to consent to, conditioned upon the entry of this Final Order, the Debtors' incurrence of the DIP ABL Facility and the DIP Term Loan Facility, respectively, and continued use of Cash Collateral on the terms and conditions set forth in the DIP Orders and the other DIP Documents, as applicable, including, without limitation, the terms of the adequate protection provided for in the DIP Orders.

(viii) *ABL Refinancing*.  Subject to the rights of parties in interest as set forth in paragraph 15 of this Final Order, upon the entry of the Interim Order and as ratified by this Final

(Page 26)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Order, the Prepetition ABL Obligations shall immediately, automatically, and irrevocably be deemed to be obligations under the DIP ABL Facility and, except as otherwise provided in the DIP Orders, shall be entitled to all the priorities, privileges, rights, and other benefits afforded pursuant to the DIP Orders and the DIP ABL Credit Agreement, subject to the Prepetition Intercreditor Agreement and the priorities set forth herein. The conversion of the Prepetition ABL Obligations shall be authorized in consideration, and as a necessary inducement, for the Prepetition ABL Secured Parties to provide revolving credit during the Chapter 11 Cases, and to consent to the continued use of Cash Collateral and the subordination of the DIP ABL Liens (as defined below) on the Term Loan Priority Collateral to the Carve Out and the DIP Term Loan Liens to the extent set forth herein.

H.     *Good Cause Shown; Best Interest*.  Good cause has been shown for entry of this Final Order, as its implementation will, among other things, allow for the continued operation of the Debtors' existing business and enhance the Debtors' prospects for a successful reorganization.

I.     *Notice*.  In accordance with Bankruptcy Rules 2002, 4001(b) and (c), and 9014, and applicable Local Rules, notice of the Final Hearing and the emergency relief requested in the Motion has been provided by the Debtors.  Under the circumstances, the notice given by the Debtors of the Motion, the relief requested herein, and of the Final Hearing complies with Bankruptcy Rules 2002, 4001(b) and (c), and 9014 and applicable Local Rules.

J.     *Arm's Length, Good Faith Negotiations*.  The terms of this Final Order were negotiated in good faith and at arm's length between the Debtors, the DIP Secured Parties, and the

(Page 27)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Prepetition Secured Parties. The Prepetition Secured Parties and the DIP Secured Parties have acted without negligence or violation of public policy or law in respect of all actions taken by them in connection with or related in any way to negotiating, implementing, documenting, or obtaining requisite approvals of the Debtors' incurrence of the DIP Facilities and the Debtors' continued use of Cash Collateral, including in respect of all of the terms of this Final Order, all documents related thereto, and all transactions contemplated by the foregoing.

Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. <u>DIP Financing Approved</u>. The Motion is granted on a final basis as set forth herein, the DIP Facilities are approved on a final basis, and the use of Cash Collateral on a final basis is authorized, subject to the terms of this Final Order.

2. <u>Objections Overruled</u>. Any objections, reservations of rights, or other statements with respect to the Motion and entry of this Final Order and the relief requested herein, to the extent not withdrawn or resolved, are overruled on the merits. This Final Order shall become effective immediately upon its entry.

3. <u>Authorization of the DIP Facilities and the DIP Documents</u>.

(a) The DIP Borrower's and the DIP Guarantors' prior entry into, execution and delivery of, and continued performance under the DIP Documents are hereby approved on a final basis, including the DIP Credit Agreements, and such additional documents, instruments,

(Page 28)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

certificates, and agreements as may be reasonably required or requested by the DIP Secured Parties to implement the terms or effectuate the purposes of the DIP Orders and the other DIP Documents and to effectuate the exchange, on a final basis, of (i) $247,500,000 of the Super-Senior First-Out Loans for $247,500,000 of the Roll-Up Loans, (ii) $550,000,000 of commitments under the Prepetition ABL Credit Agreement for $500,000,000 of the DIP ABL Commitments, (iii) the ABL Loans for the DIP ABL Loans, and (iv) the prepetition letters of credit for the DIP ABL LCs.  To the extent not entered into as of the date hereof, the Debtors and the DIP Secured Parties shall negotiate the DIP Documents in good faith, and in all respects such DIP Documents shall be, subject to the terms of the DIP Orders, consistent with the terms of (x) the DIP Term Loan Credit Agreement and otherwise reasonably acceptable to the DIP Term Loan Agent (acting at the direction of the required lenders under and pursuant to the DIP Term Loan Credit Agreement (the "**Required DIP Term Loan Lenders**")) and acceptable to the Debtors and the Required DIP Term Loan Lenders, and (y) the DIP ABL Credit Agreement and otherwise reasonably acceptable to the Debtors, the DIP ABL Agent (acting at the direction of the required lenders under and pursuant to the DIP ABL Credit Agreement (the "**Required DIP ABL Lenders**," and each of the Required DIP ABL Lenders and the Required DIP Term Loan Lenders voting separately, the "**Required DIP Lenders**")), and the Required DIP ABL Lenders.  The DIP Orders, the DIP Credit Agreements, and other DIP Documents shall govern and control the DIP Facilities, as applicable. The DIP Agents are hereby authorized on a final basis to execute and enter into their respective obligations under the DIP Documents, as applicable, subject to the terms and conditions set forth

(Page 29)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

therein and the DIP Orders.  Upon execution and delivery thereof, the DIP Documents shall constitute valid and binding obligations of the Debtors enforceable in accordance with their terms. To the extent there exists any conflict among the terms and conditions of the DIP Documents and this Final Order, (other than as set forth in Section 10.1 of the DIP ABL Credit Agreement), the terms and conditions of this Final Order shall govern and control.  Except as specifically amended, supplemented, or otherwise modified hereby, all of the provisions of the Interim Order shall remain in full force and effect and are hereby ratified by this Final Order.

(b)    From entry of the Interim Order and as ratified by this Final Order, the DIP Borrower is hereby authorized to  borrow on a final basis, and the DIP Guarantors are hereby authorized to guarantee on a final basis, borrowings up to an aggregate principal amount of (i) $412,500,000 of the DIP Term Loans (inclusive of the Roll-Up Loans), of which (A) $100,000,000 of the New Money Loans were made available to the DIP Borrower on the date of the Interim Order, (B) $150,000,000 of the Roll-Up Loans were deemed funded and converted from and exchanged for an equal amount of the Super-Senior First-Out Loans upon entry of the Interim Order, (C) $65,000,000 of the New Money Loans shall be made available to the DIP Borrower on the date of this Final Order and (D) $97,500,000 of the Roll-Up Loans shall be deemed funded and converted from and exchanged for an equal amount of the Super-Senior First-Out Loans upon entry of this Final Order, and (ii) (A) $500,000,000 of the DIP ABL Commitments, which DIP ABL Commitments were deemed committed and converted from and exchanged for  the commitments under the Prepetition ABL Credit Agreement upon entry of the Interim Order, (B)

(Page 30)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

the DIP ABL Loans, which DIP ABL Loans were deemed funded and converted from and exchanged for an equal amount of ABL Loans upon entry of the Interim Order, and (C) the DIP ABL LCs, which DIP ABL LCs were deemed issued and converted from and exchanged for an equal amount of prepetition letters of credit upon entry of the Interim Order, in each case of the foregoing clauses (i) and (ii), subject to the Carve Out and in accordance with the DIP Orders and the other DIP Documents, without any further action by the Debtors or any other party.

(c)     From entry of the Interim Order and as ratified by this Final Order, subject to the Carve Out (as set forth in the Lien / Claim Priorities) and the rights of parties in interest set forth in paragraph 15 hereof, without any further action by the Debtors or any other party, the Debtors are authorized and deemed to have effectuated the exchange on a final basis of (i) $247,500,000 of the Super-Senior First-Out Loans for Roll-Up Loans for an equal amount of the Roll-Up Loans and, for the avoidance of doubt, the Roll-Up Loans authorized upon entry of the Interim Order shall be final and (ii) (A) $550,000,000 of commitments under the Prepetition ABL Credit Agreement for $500,000,000 of the DIP ABL Commitments, (B) the ABL Loans for an equal amount of the DIP ABL Loans, and (C) the prepetition letters of credit for an equal amount of DIP ABL LCs.

(d)     In accordance with the terms of the DIP Orders and the other DIP Documents, proceeds of the DIP Loans shall be used solely for the purposes permitted under the DIP Orders and the other DIP Documents, and in accordance with the Approved DIP Budget, subject to the Carve Out and any Permitted Budget Variances, as set forth in the DIP Orders and

(Page 31)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

the other DIP Documents.  Attached as **Exhibit D** to the Interim Order and incorporated herein by reference is a budget prepared by the Debtors and approved by the Required DIP Lenders (the "**Initial DIP Budget**").

(e)  In furtherance of the foregoing and without further approval of the Court, each Debtor is authorized on a final basis, and the automatic stay imposed by section 362 of the Bankruptcy Code is hereby lifted solely to the extent necessary to perform all acts and to make, execute, and deliver all instruments and documents (including, without limitation, the DIP Credit Agreements, any security and pledge agreement, and any mortgage to the extent contemplated thereby, or other DIP Documents), and to pay all fees in connection therewith (including all amounts owed to the DIP Lenders and the DIP Agents under the DIP Documents and the Prepetition Agents under the Prepetition Documents) that may be reasonably required or necessary for the Debtors' performance of their obligations under the DIP Facilities, including, without limitation:

(1)  the execution, delivery, and performance of the DIP Documents, including, without limitation, the DIP Credit Agreements, any guaranty agreement, any security and pledge agreement, and any mortgage to the extent required thereby;

(2)  the execution, delivery, and performance of one or more amendments, waivers, consents, or other modifications to and under the DIP Documents (in each case in accordance with the terms of the applicable DIP Documents

(Page 32)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

and in such form as the Debtors, the DIP Agents, and the Required DIP Term Loan Lenders and the Required DIP ABL Lenders, as applicable, may reasonably agree), it being understood that no further approval of the Court shall be required for amendments, waivers, consents, or other modifications to and under the DIP Documents or the DIP Obligations that are not material or are not adverse to the Debtors; provided, that, any such non-material or non-adverse amendment shall be provided to the U.S. Trustee and counsel to the Committee;

(3)     the non-refundable payment to each of and/or on behalf of the DIP Secured Parties, as applicable, of the fees referred to in the DIP Documents, including (x) all fees and other amounts owed to the DIP Agents and the DIP Lenders and (y) all reasonable and documented costs and expenses as may be due from time to time, including, without limitation, the reasonable and documented fees and expenses of counsel and other professionals retained as provided for in the DIP Orders and the DIP Documents (in the case of (i) the DIP Term Loan/Super-Senior Term Loan Advisors, the DIP ABL Agent Advisors, and the DIP Term Loan Agent Advisors (each as defined below) whether incurred before or after the Petition Date and (ii) any other party, solely incurred after the Petition Date) including, for the avoidance of doubt, (a) Gibson, Dunn & Crutcher LLP (as counsel),

(Page 33)
Debtors:                DEL MONTE FOODS CORPORATION II INC., *et al.*
Case No.                25-16984 (MBK)
Caption of Order:       Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition
                        Financing and (B) Utilize Cash Collateral, (II) Granting Liens and
                        Superpriority Administrative Expense Claims, (III) Granting Adequate
                        Protection, (IV) Modifying Automatic Stay, and (V) Granting Related
                        Relief

Houlihan Lokey, Inc. (as financial advisor), Sills Cummis & Gross P.C. (as local counsel), and, subject to the reasonable consent of the Debtors prior to an Event of Default under the DIP Orders, or the DIP Documents, any other foreign counsel and other professionals reasonably necessary to represent the interests of the DIP Term Loan Lenders and the ad hoc group of Super-Senior Lenders (the "**DIP Term Loan/Super-Senior Term Loan Group**") in connection with these Cases (collectively, the "**DIP Term Loan/Super-Senior Term Loan Advisors**"); (b) ArentFox Schiff LLP (as counsel) to the DIP Term Loan Agent and the Super-Senior Agent (collectively, "**DIP Term Loan Agent Advisors**"); and (c) Simpson Thacher & Bartlett LLP (as counsel), Greenberg Traurig, LLP (as local counsel), and FTI Consulting, Inc. (as financial advisors) to the DIP ABL Agent, the Prepetition ABL Agent, and the Prepetition ABL Lenders (collectively, the "**DIP ABL Agent Advisors**"); and, subject to the reasonable consent of the Debtors prior to an Event of Default under the DIP Orders, or the DIP Documents, one counsel to each of (i) the DIP ABL Agent and the DIP ABL Lenders (which shall be chosen by the Required DIP ABL Lenders) and (ii) the DIP Term Loan Agent and the DIP Term Loan Lenders (which shall be chosen by the Required DIP Term Loan Lenders) in each local foreign jurisdiction, as may be applicable and

(Page 34)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

necessary, which such fees and expenses shall not be subject to the approval of the Court, nor shall any recipient of any such payment be required to file with respect thereto any interim or final fee application with the Court, <u>provided</u> that any post-petition fees and expenses of a professional shall be subject to the provisions of paragraph 21 of this Final Order, <u>provided</u>, further that the Debtors and the Committee shall be provided with five (5) days' advance notice and the opportunity to object before any additional professionals or advisors to the DIP Lenders become subject to this provision; and

(4)    the performance of all other acts required under or in connection with the DIP Documents.

(f)    From entry of the Interim Order and as ratified by this Final Order, subject to the Carve Out (with respect to the Term Loan Priority Collateral) and the rights of parties in interest specifically set forth in paragraph 15 of this Final Order (and subject to the limitations thereon contained in such paragraph or otherwise in this Final Order):

(1)    The DIP Documents, the DIP Obligations, and the DIP Liens shall constitute valid, binding, automatically perfected, and non-avoidable obligations of the Debtors enforceable against each Debtor in accordance with their respective terms and the terms of the DIP Orders for all purposes during these Cases, any subsequently converted Case of any Debtor to a

(Page 35)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

case under chapter 7 of the Bankruptcy Code or after the dismissal of any Case;

(2)     No obligation, payment, transfer, or grant of security under the DIP Credit Agreements, the DIP Orders, or the other DIP Documents shall be stayed, restrained, voidable, avoidable, or recoverable under the Bankruptcy Code or under any applicable law (including, without limitation, under sections 502(d), 548, or 549 of the Bankruptcy Code or under any applicable state Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, Uniform Voidable Transactions Act or similar statute or common law), or subject to any defense, reduction, setoff, recoupment, or counterclaim; and

(3)     All payments or proceeds remitted (a) to or on behalf of the DIP Agents on behalf of any DIP Secured Parties or (b) to or on behalf of the Prepetition Secured Parties, in each case, pursuant to the provisions of the DIP Orders, the other DIP Documents, or any subsequent order of the Court shall be received free and clear of any claim, charge, assessment, or other liability, including, without limitation, any such claim or charge arising out of or based on, directly or indirectly, section 506(c) of the Bankruptcy Code or the "equities of the case" exception of section 552(b) of the Bankruptcy Code.

(Page 36)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

(g)     The DIP Guarantors are hereby authorized and directed on a final basis to jointly, severally, and unconditionally guarantee, and upon entry of this Final Order shall be deemed to have guaranteed, in full, all of the DIP Obligations of the DIP Borrower.

4.     <u>Budget and Variance Reporting</u>.

(a)     The Initial DIP Budget attached to the Interim Order as Exhibit D was approved by, and is in form and substance reasonably acceptable to, the DIP ABL Agent and acceptable to the Required DIP Lenders.

(b)     On or before 5:00 p.m. (prevailing Eastern time) on the Friday of the week immediately following the end of each Budget Period (as defined below), the Debtors will deliver to the applicable DIP Agents, the DIP Term Loan/Super-Senior Term Loan Advisors, the DIP ABL Agent Advisors, counsel to the Super-Senior Agent, and counsel to the Committee an updated budget for the subsequent 13-week period (a "**<u>Subsequent DIP Budget</u>**"), which shall be in form and substance reasonably acceptable to the DIP ABL Agent and acceptable to the Required DIP Lenders.  The Initial DIP Budget or any Subsequent DIP Budget shall be deemed to constitute the "Approved DIP Budget" for purposes of this Final Order with the most recently delivered budget constituting the "Approved DIP Budget" solely upon approval, as set forth herein, by the Required DIP Lenders and the DIP ABL Agent (which must be in writing (including from the DIP Term Loan/Super-Senior Term Loan Advisors and the DIP ABL Agent Advisors), email being sufficient), *provided* that such budget shall be deemed an "Approved DIP Budget" absent response or objection by the Required DIP Lenders and the DIP ABL Agent within ten (10) business days

(Page 37)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

after delivery of the budget; *provided*, *further*, that nothing herein shall be construed to limit the rights of the Committee to object to any material amendment, restatement, amendment and restatement, modification, waiver, or supplement to the Approved DIP Budget that is materially adverse to the estates or reduces the amounts allocated to the fees and expenses of the Committee's professionals.  In the event the conditions for the most recently delivered Subsequent DIP Budget to constitute an "Approved DIP Budget" are not met as set forth herein, the prior Approved DIP Budget shall remain in full force and effect and the Debtors shall be required to work in good faith with the Required DIP Lenders and the DIP ABL Agent to modify such Subsequent DIP Budget until the Required DIP Lenders and the DIP ABL Agent approve such Subsequent DIP Budget as an "Approved DIP Budget."  Each Approved DIP Budget delivered shall be accompanied by such supporting documentation as reasonably requested by the Required DIP Lenders and the DIP ABL Agent.  Each Approved DIP Budget shall be prepared in good faith based upon assumptions believed to be reasonable at the time of preparation thereof.  "Budget Period" means each four-week period set forth in the Approved DIP Budget in effect at such time, with each new four-week period commencing at the end of the prior four-week period.  The first Budget Period shall be the four-week period ending July 25, 2025.

(c)    During each Budget Period, Permitted Budget Variances shall be tested on a cumulative weekly basis for the following periods (each, a "**Testing Period**") (i) the first and second week of such Budget Period, (ii) the first, second and third week of such Budget Period and (iii) such Budget Period in its entirety.  With respect to each Testing Period, Debtors shall

(Page 38)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

deliver on or before 5:00 p.m. (prevailing Eastern time) on the Friday of the week immediately following the end of such Testing Period to the DIP Agents, the DIP Term Loan/Super-Senior Term Loan Advisors, the DIP ABL Agent Advisors, counsel to the Super-Senior Agent, and counsel to the Committee a budget variance report/reconciliation in form and substance reasonably satisfactory to the Required DIP Lenders (the "**Approved DIP Budget Variance Report**"), setting forth in detail (i) the Debtors' actual disbursements (the "**Actual Disbursements**") for the applicable Testing Period; (ii) the Debtors' actual receipts (the "**Actual Receipts**") for the applicable Testing Period; (iii) a comparison (whether positive or negative, in dollars and expressed as a percentage) of the Actual Receipts and the Actual Disbursements for the applicable Testing Period to the amount of Debtors' projected cash receipts and disbursements, in each case for the foregoing clauses (i) and (ii), on both a line item and aggregate bases, set forth in the Approved DIP Budget with respect to such applicable Testing Period; (iv) as to each variance contained in the Approved DIP Budget Variance Report and required to be tested pursuant to this clause (c), an indication as to whether such variance is temporary or permanent and an analysis and explanation in detail for any variance; (v) only in the event that a Subsequent DIP Budget has been requested during the last week of the applicable Budget Period, a weekly roll forward of the Debtors' cash forecast; and (vi) a cash balance for the Debtors.

(d)    The Debtors shall not permit: (i) any Testing Period, the Debtors' Actual Disbursements (in the aggregate) to be more than 115% (on a cumulative basis during the Budget Period) of the projected disbursements (in the aggregate) as set forth in the Approved DIP Budgets

(Page 39)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

with respect to such Testing Period; and (ii) for any Testing Period, the Debtors' Actual Receipts (in the aggregate) to be less than 85% (on a cumulative basis during the Budget Period) of the projected receipts (in the aggregate) as set forth in the Approved DIP Budgets with respect to such period (the "**Permitted Budget Variances**"; all references in this Final Order and the other DIP Documents to "**Approved DIP Budget**" shall mean the Approved DIP Budget as it is subject to the Permitted Budget Variances).  For purposes of Permitted Budget Variances testing, the fees and expenses of Professional Persons (as defined below) shall be excluded.

5.     <u>Access to Records</u>.  The Debtors shall provide the DIP Term Loan/Super-Senior Term Loan Advisors and the DIP ABL Agent Advisors with all reporting and other information required to be provided to the DIP Agents under each of the DIP Documents; *provided that*, a copy of all such reporting shall be made available to the Committee's advisors and to Dechert LLP as advisor to that certain ad hoc group of holders of Super-Senior Term Loans (the "**Minority Lender Ad Hoc Group**") at substantially the same time.  In addition to, and without limiting, whatever rights to access the DIP Secured Parties have under the DIP Documents, upon two (2) business days' notice to counsel to the Debtors (email being sufficient), at reasonable times during normal business hours, and in a manner that does not interfere with the ordinary course activities and operations of the Debtors, the Debtors shall permit representatives, agents, and employees of the DIP Secured Parties to have reasonable access to requested information (including historical information and the Debtors' books and records) and personnel, including regularly scheduled meetings as mutually agreed with senior management of the Debtors and other company advisors

(Page 40)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

(during normal business hours), and the DIP Secured Parties shall be provided with access to all information they shall request, it being understood that nothing in this paragraph includes information that the Debtors (with the advice of outside counsel) determine in good faith (x) constitutes trade secrets or proprietary information, (y) in respect of which disclosure to any DIP Agent, any DIP Lender, or any Prepetition Secured Party (or their respective representatives) is prohibited by applicable law, court order or regulation or any contractual non-disclosure obligation, or (z) is subject to attorney client privilege or constitutes attorney work product; provided that, in the event that any Debtor does not provide any document or information in reliance on the foregoing clauses (x) through (z), the Debtors shall provide prompt notice to the DIP Term Loan/Super-Senior Term Loan Advisors, the DIP ABL Agent Advisors, and the applicable DIP Agent that such documents or information is being withheld and for what specific reason and the Debtors shall use commercially reasonable efforts to communicate the applicable documents or information in a way that would not violate the applicable obligation or risk waiver of such privilege.

6.    DIP Superpriority Claims.[6]  Subject to, and subordinate solely to the extent set forth in the Lien / Claim Priorities, the Carve Out, pursuant to section 364(c)(1) of the Bankruptcy Code, all of the DIP Obligations shall constitute allowed superpriority administrative expense claims

---

[6]    Notwithstanding anything herein to the contrary, all DIP Superpriority Claims, DIP Liens, Adequate Protection Claims and Adequate Protection Liens, and the Carve Out shall have the priorities set forth in the Lien / Claims Priorities.

(Page 41)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

against each of the Debtors' estates (the "**DIP Superpriority Claims**") (without the need to file any proof of claim) to the extent set forth in the Bankruptcy Code, with priority over any and all administrative expenses, adequate protection claims, diminution claims, and all other claims against the Debtors, now existing or hereafter arising, of any kind whatsoever, including, without limitation, all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, and over, including to the extent allowed under the Bankruptcy Code, any and all administrative expenses or other claims arising under sections 105, 326, 327, 328, 330, 331, 361, 362, 364, 365, 503(b), 506(c), 507(a), 507(b), 726, 1113, or 1114 of the Bankruptcy Code or otherwise, which allowed claims shall for the purposes of section 1129(a)(9)(A) of the Bankruptcy Code be considered administrative expenses allowed under section 503(b) of the Bankruptcy Code and which shall be payable from all Prepetition Collateral and DIP Collateral and all proceeds thereof, including, without limitation, the DIP Collateral and any proceeds or property recovered in connection with the pursuit of claims or causes of action arising under chapter 5 of the Bankruptcy Code, if any (the "**Avoidance Actions**"), subject only to the payment of the Carve Out with the priority set forth in the Lien / Claim Priorities; *provided* that the Debtors and the DIP Secured Parties shall use commercially reasonable efforts to repay the DIP Superpriority Claims (a) first, from all DIP Collateral other than DIP Collateral comprising Previously Unencumbered Property (as defined below) and (b) second, from all DIP Collateral comprising Previously Unencumbered Property. Except as set forth in the DIP Orders, no other superpriority claims shall be granted or allowed in these Cases. Notwithstanding the foregoing, the DIP Superpriority

(Page 42)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Claims granted to the DIP ABL Agent for the benefit of the DIP ABL Secured Parties on account of the DIP ABL Obligations (the "**DIP ABL Superpriority Claims**") and the DIP Superpriority Claims granted to the DIP Term Loan Agent for the benefit of the DIP Term Loan Lenders on account of the DIP Term Loan Obligations (the "**DIP Term Loan Superpriority Claims**") shall have the same priorities and rights with respect to the DIP Collateral as they have with respect to the Prepetition Collateral pursuant to the Prepetition Intercreditor Agreement and the terms of the DIP Orders, in each case, as amended by and reflected in the Lien / Claim Priorities. Notwithstanding anything herein to the contrary, for the avoidance of doubt, the marshalling provisions herein shall not apply to any newly created, acquired, or arising postpetition DIP Collateral which is DIP Collateral hereunder pursuant to section 552(b) of the Bankruptcy Code or otherwise with respect to assets of the type constituting ABL Priority Collateral.

7.     <u>DIP Liens</u>.

(a)     As security for the DIP Term Loan Obligations, effective and automatically perfected upon the date of the Interim Order and as ratified by this Final Order, and without the necessity of the execution, recordation of filings by the Debtors of mortgages, security agreements, control agreements, pledge agreements, financing statements, or other similar documents, or the possession or control by the DIP Term Loan Agent or any DIP Term Loan Secured Parties of, or over, any DIP Term Loan Collateral (as defined below), the following security interests and liens are hereby granted on a final basis by the Debtors to the DIP Term Loan Agent, for the benefit of the DIP Term Loan Secured Parties (all property identified in clauses (i) through (iii) below, other

(Page 43)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

than Excluded Collateral (as defined in the DIP Term Loan Credit Agreement) being collectively referred to as the "**DIP Term Loan Collateral**"), subject only to (x) Prior Senior Liens and (y) the Carve Out with the relative rank and priority set forth on the Lien / Claim Priorities (all such liens and security interests granted to the DIP Term Loan Agent, for the benefit of the DIP Term Loan Secured Parties, pursuant to the DIP Orders and the DIP Term Loan Documents, the "**DIP Term Loan Liens**"):

(i)     <u>Lien On Any Unencumbered Property</u>.  Subject only to the Carve Out, pursuant to section 364(c)(2) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully-perfected, non-avoidable, automatically, and properly perfected first priority senior security interest in and lien upon all property of the Debtors, whether existing on the Petition Date or thereafter acquired, that, on or as of the Petition Date is not subject to valid, perfected, and non-avoidable liens (or perfected after the Petition Date to the extent permitted by section 546(b) of the Bankruptcy Code) including, without limitation (in each case, to the extent not subject to valid, perfected, and non-avoidable liens), a 100% equity pledge of all first-tier foreign subsidiaries, and all unencumbered assets of the Debtors; all prepetition property and post-petition property of the Debtors' estates, and the proceeds, products, rents and profits thereof, whether arising from section 552(b) of the Bankruptcy Code or otherwise, including, without limitation, unencumbered cash, if any (and any investment of such cash) of the Debtors (whether maintained with the DIP Term Loan Agent or otherwise); all equipment, all goods, all accounts, cash, payment intangibles, bank accounts and other deposit or securities accounts of the Debtors (including any accounts opened

(Page 44)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

prior to, on, or after the Petition Date to the fullest extent permitted under applicable law); all insurance policies and proceeds thereof, equity interests, instruments, intercompany claims, accounts receivable, other rights to payment, all general intangibles, all contracts and contract rights, securities, investment property, letters of credit and letter of credit rights, chattel paper, all interest rate hedging agreements of the Debtors; all owned real estate, real property leaseholds and fixtures of the Debtors; patents, copyrights, trademarks, trade names, rights under license agreements and other intellectual property of the Debtors; all commercial tort claims of the Debtors; and all claims and causes of action (including causes of action under section 549 of the Bankruptcy Code, and claims arising on account of transfers of value from a Debtor to (x) another Debtor and (y) a non-Debtor affiliate incurred on or following the Petition Date), and any and all proceeds, products, rents, profits, and economic rights and interests of the foregoing, all products and proceeds of the foregoing and all proceeds and property recovered in respect of Avoidance Actions (collectively, the "**Previously Unencumbered Property**"); provided that, the DIP Term Loan Liens shall only constitute first priority liens on Previously Unencumbered Property to the extent such assets or properties are of the nature of Term Loan Priority Collateral under the Prepetition Intercreditor Agreement and shall constitute second priority liens on Previously Unencumbered Property to the extent such assets or properties are of the nature of ABL Priority Collateral under the Prepetition Intercreditor Agreement; provided, further, for the avoidance of doubt, and notwithstanding anything to the contrary contained herein, to the extent a lien cannot attach to any of the foregoing pursuant to applicable law, the liens granted pursuant to the Interim

(Page 45)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Order and as ratified by this Final Order shall attach to the Debtors' economic rights, including, without limitation, any and all proceeds of the foregoing.

(ii)    <u>Liens Priming the Prepetition Liens</u>.  Subject only to the Carve Out, the Prior Senior Liens, the DIP ABL Liens, and the ABL Liens (solely with respect to ABL Priority Collateral pursuant to the terms of the Prepetition Intercreditor Agreement), pursuant to section 364(d)(1) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully-perfected first priority senior priming security interest in and lien upon all DIP Collateral that was subject to the Prepetition Liens, including, without limitation, the Prepetition Collateral and Cash Collateral; <u>provided</u>, for the avoidance of doubt, and notwithstanding anything to the contrary contained herein, to the extent a lien cannot attach to any of the foregoing pursuant to applicable law, the liens granted pursuant to the Interim Order and as ratified by this Final Order shall attach to the Debtors' economic rights, including, without limitation, any and all proceeds of the foregoing.

(iii)    <u>Liens Junior to Certain Other Liens</u>.  Subject only to the Carve Out, pursuant to section 364(c)(3) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully perfected security interest in and lien upon all prepetition and post-petition DIP Collateral immediately junior only to the Prior Senior Liens, with respect to the Wells Fargo Account, the existing lien in favor of Wells Fargo Bank, National Association on the Wells Fargo Account, and solely with respect to ABL Priority Collateral, the DIP ABL Liens and the ABL Liens, subject to the terms of the Prepetition Intercreditor Agreement.

(Page 46)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

(b)       As security for the DIP ABL Obligations, effective and automatically perfected upon the date of the Interim Order and as ratified by this Final Order, and without the necessity of the execution, recordation of filings by the Debtors of mortgages, security agreements, control agreements, pledge agreements, financing statements, or other similar documents, or the possession or control by the DIP ABL Agent or any DIP ABL Secured Party of, or over, any DIP ABL Collateral, the following security interests and liens are hereby granted on a final basis by the Debtors to the DIP ABL Agent, for the benefit of the DIP ABL Secured Parties (all property identified in clauses (i) through (iii) below being collectively referred to as the "**DIP ABL Collateral**," and together with the DIP Term Loan Collateral, the "**DIP Collateral**"), other than Excluded Collateral (as that term is defined in the DIP ABL Credit Agreement, and provided that for the avoidance of doubt, Excluded Collateral shall include Avoidance Actions themselves but shall exclude the proceeds of Avoidance Actions, which shall be DIP Collateral), subject only to (x) Prior Senior Liens and (y) the Carve Out with respect to the Term Loan Priority Collateral, and with the relative rank and priority set forth on the Lien / Claim Priorities (all such liens and security interests granted to the DIP ABL Agent for the benefit of the DIP ABL Secured Parties, pursuant to the DIP Orders and the DIP ABL Documents, the "**DIP ABL Liens**," and together with the DIP Term Loan Liens, the "**DIP Liens**"):

(i)       <u>Lien On Any Unencumbered Property</u>.  Subject only to the Carve Out in accordance with the Lien / Claim Priorities, pursuant to section 364(c)(2) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully-perfected, non-avoidable, automatically, and

(Page 47)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

properly perfected first priority senior security interest in and lien upon Previously Unencumbered Property; provided that, the DIP ABL Liens shall only constitute first priority liens on Previously Unencumbered Property to the extent such assets or properties are of the nature of ABL Priority Collateral under the Prepetition Intercreditor Agreement and shall constitute second priority liens on Previously Unencumbered Property to the extent such assets or properties are of the nature of Term Loan Priority Collateral under the Prepetition Intercreditor Agreement; provided, further, for the avoidance of doubt, and notwithstanding anything to the contrary contained herein, to the extent a lien cannot attach to any of the foregoing pursuant to applicable law, the liens granted pursuant to the  Interim Order and as ratified by this Final Order shall attach to the Debtors' economic rights, including, without limitation, any and all proceeds of the foregoing.

(ii)    Liens Priming the Prepetition Liens.  Subject only to the Carve Out with respect to the Term Loan Priority Collateral, the Prior Senior Liens, the DIP Term Loan Liens (solely with respect to Term Loan Priority Collateral pursuant to the terms of the Prepetition Intercreditor Agreement), and the Super-Senior Liens (solely with respect to Term Loan Priority Collateral pursuant to the terms of the Prepetition Intercreditor Agreement), pursuant to section 364(d)(1) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully-perfected first priority senior priming security interest in and lien upon all property of the Debtors that was subject to the Prepetition Liens, including, without limitation, the Prepetition Collateral and Cash Collateral; provided, for the avoidance of doubt, and notwithstanding anything to the contrary contained herein, to the extent a lien cannot attach to any of the foregoing pursuant to applicable

(Page 48)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

law, the liens granted pursuant to the Interim Order and as ratified by this Final Order shall attach to the Debtors' economic rights, including, without limitation, any and all proceeds of the foregoing.

(iii)    <u>Liens Junior to Certain Other Liens</u>.  Subject only to the Carve Out with respect to the Term Loan Priority Collateral, pursuant to section 364(c)(3) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully perfected security interest in and lien upon all prepetition and post-petition property of the Debtors immediately junior only to the Prior Senior Liens, and solely with respect to Term Loan Priority Collateral, the DIP Term Loan Liens and Super-Senior Liens, subject to the terms of the Prepetition Intercreditor Agreement.

8.    <u>Adequate Protection for the Super-Senior First-Out Secured Parties</u>.  Subject only to the Carve Out in accordance with the Lien / Claim Priorities and the rights of parties in interest specifically set forth in the DIP Orders, pursuant to sections 361, 363(e), and 364 of the Bankruptcy Code, and in consideration of the stipulations and consents set forth herein, as adequate protection of their interests in the First Out Collateral (including Cash Collateral), as applicable, to the extent of, and in any amount equal to, any "decrease in the value" (as that phrase is used in section 361 of the Bankruptcy Code) of such interests (a "**<u>Diminution in Value</u>**")[7], resulting from, among other things, the imposition of the priming DIP Liens on the First Out Collateral, the Carve Out,

---

[7]    For the avoidance of doubt and notwithstanding anything to the contrary in this Final Order, nothing in this Final Order shall constitute a finding of Diminution in Value and any Diminution in Value shall only be determined by the Court after notice and a hearing and the rights of Prepetition Secured Parties, the Debtors, the Committee, and all other parties in interest in respect of whether any Diminution in Value has occurred and the extent of any Diminution in Value are reserved.

(Page 49)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

the Debtors' use of the First Out Collateral (including Cash Collateral), the imposition of the

automatic stay, and/or any other reason permitted pursuant to the Bankruptcy Code, the Super-

Senior Agent, for the benefit of itself and the Super-Senior First-Out Secured Parties, is hereby

granted on a final basis the following (collectively, the "**Super-Senior First-Out Adequate**

**Protection Obligations**"):

        (a)    <u>Super-Senior First-Out Adequate Protection Liens</u>.  As security for any

Diminution in Value, additional and replacement, valid, binding, enforceable, non-avoidable, and

effective and automatically perfected postpetition security interests in and liens as of the date of

the Interim Order (collectively, the "**Super-Senior First-Out Adequate Protection Liens**"),

without the necessity of the execution by the Debtors (or recordation or other filing) of security

agreements, control agreements, pledge agreements, financing statements, mortgages, or other

similar documents, on all DIP Term Loan Collateral and all proceeds or property recovered from

Avoidance Actions.  Subject to the terms of the DIP Orders, Super-Senior First-Out Adequate

Protection Liens shall be subordinate only to the (A) Carve Out, (B) the DIP Liens, (C) the Prior

Senior Liens, and, (D) solely with respect to ABL Priority Collateral, the DIP ABL Liens, the ABL

Adequate Protection Liens (as defined below), and the ABL Liens, pursuant to the terms of the

Prepetition Intercreditor Agreement.  The Super-Senior First-Out Adequate Protection Liens shall

otherwise be senior to all other security interests in, liens on, or claims against any of the DIP

Collateral (including, for the avoidance of doubt, any lien or security interest that is avoided and

(Page 50)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

preserved for the benefit of the Debtors and their estates under section 551 of the Bankruptcy Code) and shall have the relative rank and priority set forth on the Lien / Claim Priorities.

(b)    <u>Super-Senior First-Out Adequate Protection Superpriority Claims</u>.    As further adequate protection, and to the extent provided by sections 503(b), 507(a), and 507(b) of the Bankruptcy Code, allowed administrative expense claims in each of these Cases ahead of and senior to any and all other administrative expense claims in such Cases to the extent of any Diminution in Value (the "**<u>Super-Senior First-Out Adequate Protection Superpriority Claims</u>**"), but junior to the Carve Out, the DIP Term Loan Superpriority Claims, and, solely with respect to ABL Priority Collateral, the DIP ABL Superpriority Claims, the ABL Adequate Protection Superpriority Claims (as defined below), and the ABL Claims, pursuant to the terms of the Prepetition Intercreditor Agreement.    Subject to the Carve Out and the rights of parties in interest set forth in paragraph 15 hereof, the DIP Term Loan Superpriority Claims, and, solely with respect to ABL Priority Collateral, the DIP ABL Superpriority Claims, the ABL Adequate Protection Superpriority Claims, and the ABL Claims, pursuant to the terms of the Prepetition Intercreditor Agreement in all respects, and to the extent set forth in the Bankruptcy Code, the Super-Senior First-Out Adequate Protection Superpriority Claims will not be junior to any claims and shall have priority over all administrative expense claims against each of the Debtors, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expense claims of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(d), 726, 1113, and 1114 of the

(Page 51)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Bankruptcy Code.  The Debtors, the DIP Secured Parties, and the Prepetition Secured Parties shall use commercially reasonable efforts to repay the Super-Senior First-Out Adequate Protection Superpriority Claims (a) first, from all DIP Collateral other than DIP Collateral comprising Previously Unencumbered Property and (b) second, from all DIP Collateral comprising Previously Unencumbered Property.  Notwithstanding anything herein to the contrary, for the avoidance of doubt, the marshalling provisions herein shall not apply to any newly created, acquired, or arising postpetition DIP Collateral which is DIP Collateral hereunder pursuant to section 552(b) of the Bankruptcy Code or otherwise with respect to assets of the type constituting ABL Priority Collateral.

(c)    <u>Super-Senior First-Out Adequate Protection Payments</u>.  As further adequate protection, the Debtors are authorized and, solely with respect to any fees accruing prepetition, directed, to pay, subject to and in accordance with the terms of paragraph 21 of this Final Order, all reasonable and documented fees and expenses (the "**Super-Senior First-Out Adequate Protection Fees**"), in the case of (i) the DIP Term Loan/Super-Senior Term Loan Advisors and the DIP Term Loan Agent Advisors whether incurred before or after the Petition Date and (ii) any other party, solely incurred after the Petition Date, to the extent not duplicative of any fees and/or expenses paid pursuant to paragraph 3(e)(3) of this Final Order, including all reasonable and documented fees and expenses of counsel and other professionals retained as provided for in the DIP Orders and the other DIP Documents, including, for the avoidance of doubt, of (i) the DIP Term Loan/Super-Senior Term Loan Advisors, including, without limitation, Gibson, Dunn &

(Page 52)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Crutcher LLP (as counsel), Houlihan Lokey, Inc. (as financial advisor), Sills Cummis & Gross P.C. (as local counsel), and, subject to the reasonable consent of the Debtors prior to an Event of Default under the DIP Orders, or the DIP Documents, any other foreign counsel and other professionals pursuant to the DIP Orders reasonably necessary to represent the interests of the DIP Term Loan/Super-Senior Term Loan Group, solely in their capacities as Prepetition Secured Parties and DIP Secured Parties and (ii) the DIP Term Loan Agent Advisors, including, without limitation, ArentFox Schiff LLP as counsel to the DIP Term Loan Agent and the Super-Senior Agent (all payments referenced in this sentence, collectively, the "**Super-Senior First-Out Adequate Protection Payments**"). None of the Super-Senior First-Out Adequate Protection Fees shall be subject to separate approval by the Court, but will be subject to paragraph 21 of this Final Order, and no recipient of any such payment shall be required to file any interim or final fee application with respect thereto or otherwise seek the Court's approval of any such payments.

(d)     Right to Seek Additional Adequate Protection. This Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the rights (subject to the Prepetition Intercreditor Agreement) of the Super-Senior First-Out Secured Parties to request further or alternative forms of adequate protection at any time or the rights of the Debtors or any other party to contest such request. Nothing herein shall impair or modify the application of section 507(b) of the Bankruptcy Code in the event that the adequate protection provided to the Super-Senior First-Out Secured Parties is insufficient to compensate for any Diminution in Value of their interests in the First Out Collateral during these Cases. Nothing contained herein shall be

(Page 53)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

deemed a finding by the Court, or an acknowledgment by any of the Super-Senior First-Out Secured Parties that the adequate protection granted herein does in fact adequately protect any of the Super-Senior First-Out Secured Parties against any Diminution in Value of their respective interests in the First Out Collateral (including Cash Collateral).

9.      <u>Adequate Protection for the Super-Senior Second-Out Secured Parties</u>.  Subject in only to the Carve Out, the rights of parties in interest specifically set forth in the DIP Orders, pursuant to sections 361, 363(e), and 364 of the Bankruptcy Code, and in consideration of the stipulations and consents set forth herein, as adequate protection of their interests in the Second Out Collateral (including Cash Collateral), as applicable, for any Diminution in Value, resulting from, among other things, the imposition of the priming DIP Liens on the Second Out Collateral, the Carve Out, the Debtors' use of the Second Out Collateral (including Cash Collateral), the imposition of the automatic stay, and/or any other reason permitted pursuant to the Bankruptcy Code, the Super-Senior Agent, for the benefit of itself and the Super-Senior Second-Out Secured Parties, is hereby granted on a final basis the following (collectively, the "**Super-Senior Second-Out Adequate Protection Obligations**"):

(a)      <u>Super-Senior Second-Out Adequate Protection Liens</u>.  As security for any Diminution in Value, additional and replacement, valid, binding, enforceable, non-avoidable, and effective and automatically perfected postpetition security interests in and liens as of the date of the Interim Order (collectively, the "**Super-Senior Second-Out Adequate Protection Liens**"), without the necessity of the execution by the Debtors (or recordation or other filing), of security

(Page 54)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

agreements, control agreements, pledge agreements, financing statements, mortgages, or other similar documents, on all DIP Term Loan Collateral and all proceeds or property recovered from Avoidance Actions. Subject to the terms of the DIP Orders, the Super-Senior Second-Out Adequate Protection Liens shall be subordinate only to the (A) Carve Out, (B) the DIP Liens, (C) the Prior Senior Liens, (D) the Super-Senior First-Out Adequate Protection Liens, and (E) solely with respect to ABL Priority Collateral, the DIP ABL Liens, the ABL Adequate Protection Liens, and the ABL Liens, pursuant to the terms of the Prepetition Intercreditor Agreement. The Super-Senior Second-Out Adequate Protection Liens shall otherwise be senior to all other security interests in, liens on, or claims against any of the DIP Collateral (including, for the avoidance of doubt, any lien or security interest that is avoided and preserved for the benefit of the Debtors and their estates under section 551 of the Bankruptcy Code) and shall have the relative rank and priority set forth on the Lien / Claim Priorities.

(b)     Super-Senior Second-Out Adequate Protection Superpriority Claims. As further adequate protection, and to the extent provided by sections 503(b), 507(a), and 507(b) of the Bankruptcy Code, allowed administrative expense claims in each of these Cases ahead of and senior to any and all other administrative expense claims in such Cases to the extent of any Diminution in Value (the "**Super-Senior Second-Out Adequate Protection Superpriority Claims**"), but junior to the Carve Out, the DIP Term Loan Superpriority Claims, the Super-Senior First-Out Adequate Protection Superpriority Claims, and, solely with respect to ABL Priority Collateral, the DIP ABL Superpriority Claims, the ABL Adequate Protection Superpriority

(Page 55)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Claims, and the ABL Claims, pursuant to the terms of the Prepetition Intercreditor Agreement. Subject to the Carve Out and the rights of parties in interest set forth in paragraph 15 hereof, the DIP Term Loan Superpriority Claims, the Super-Senior First-Out Adequate Protection Superpriority Claims, and, solely with respect to ABL Priority Collateral, the DIP ABL Superpriority Claims, the ABL Adequate Protection Superpriority Claims, and the ABL Claims, pursuant to the terms of the Prepetition Intercreditor Agreement in all respects, and to the extent set forth in the Bankruptcy Code, the Super-Senior Second-Out Adequate Protection Superpriority Claims will not be junior to any claims and shall have priority over all administrative expense claims against each of the Debtors, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expense claims of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(d), 726, 1113, and 1114 of the Bankruptcy Code.  The Debtors, the DIP Secured Parties, and the Prepetition Secured Parties shall use commercially reasonable efforts to repay the Super-Senior Second-Out Adequate Protection Superpriority Claims (a) first, from all DIP Collateral other than DIP Collateral comprising Previously Unencumbered Property and (b) second, from all DIP Collateral comprising Previously Unencumbered Property.  Notwithstanding anything herein to the contrary, for the avoidance of doubt, the marshalling provisions herein shall not apply to any newly created, acquired, or arising postpetition DIP Collateral which is DIP Collateral hereunder pursuant to section 552(b) of the Bankruptcy Code or otherwise with respect to assets of the type constituting ABL Priority Collateral.

(Page 56)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

10. <u>Adequate Protection for the Super-Senior Third-Out Secured Parties</u>. Subject only to the Carve Out, the rights of parties in interest specifically set forth in the DIP Orders, pursuant to sections 361, 363(e), and 364 of the Bankruptcy Code, and in consideration of the stipulations and consents set forth herein, as adequate protection of their interests in the Third Out Collateral (including Cash Collateral), as applicable, for any Diminution in Value, resulting from, among other things, the imposition of the priming DIP Liens on the Third Out Collateral, the Carve Out, the Debtors' use of the Third Out Collateral (including Cash Collateral), and the imposition of the automatic stay, and/or any other reason permitted pursuant to the Bankruptcy Code, the Super-Senior Agent, for the benefit of itself and the Super-Senior Third-Out Secured Parties, is hereby granted on a final basis the following (collectively, the "**Super-Senior Third-Out Adequate Protection Obligations**," and together with the Super-Senior First-Out Adequate Protection Obligations and the Super-Senior Second-Out Adequate Protection Obligations, the "**Super-Senior Adequate Protection Obligations**"):

(a) <u>Super-Senior Third-Out Adequate Protection Liens</u>. As security for any Diminution in Value, additional and replacement, valid, binding, enforceable, non-avoidable, and effective and automatically perfected postpetition security interests in and liens as of the date of the Interim Order (collectively, the "**Super-Senior Third-Out Adequate Protection Liens**," and together with the Super-Senior First-Out Adequate Protection Liens and the Super-Senior Second-Out Adequate Protection Liens, the "**Super-Senior Adequate Protection Liens**"), without the necessity of the execution by the Debtors (or recordation or other filing), of security agreements,

(Page 57)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

control agreements, pledge agreements, financing statements, mortgages, or other similar documents, on all DIP Collateral and all proceeds or property recovered from Avoidance Actions. Subject to the terms of the DIP Orders, Super-Senior Third-Out Adequate Protection Liens shall be subordinate only to the (A) Carve Out, (B) the DIP Liens, (C) the Prior Senior Liens, (D) the Super-Senior First-Out Adequate Protection Liens, (E) the Super-Senior Second-Out Adequate Protection Liens, and (F) solely with respect to ABL Priority Collateral, the DIP ABL Liens, the ABL Adequate Protection Liens, and the ABL Liens, pursuant to the terms of the Prepetition Intercreditor Agreement. The Super-Senior Third-Out Adequate Protection Liens shall otherwise be senior to all other security interests in, liens on, or claims against any of the DIP Collateral (including, for the avoidance of doubt, any lien or security interest that is avoided and preserved for the benefit of the Debtors and their estates under section 551 of the Bankruptcy Code) and shall have the relative rank and priority set forth on the Lien / Claim Priorities.

(b)    Super-Senior Third-Out Adequate Protection Superpriority Claims. As further adequate protection, and to the extent provided by sections 503(b), 507(a), and 507(b) of the Bankruptcy Code, allowed administrative expense claims in each of these Cases ahead of and senior to any and all other administrative expense claims in such Cases to the extent of any Diminution in Value (the "**Super-Senior Third-Out Adequate Protection Superpriority Claims**," and together with the Super-Senior First-Out Adequate Protection Superpriority Claims and the Super-Senior Second-Out Adequate Protection Superpriority Claims, the "**Super-Senior Adequate Protection Superpriority Claims**"), but junior to the Carve Out, the DIP Term Loan

(Page 58)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Superpriority Claims, Super-Senior First-Out Adequate Protection Superpriority Claims, the Super-Senior Second-Out Adequate Protection Superpriority Claims, and, solely with respect to ABL Priority Collateral, the DIP ABL Superpriority Claims, the ABL Adequate Protection Superpriority Claims, and the ABL Claims, pursuant to the terms of the Prepetition Intercreditor Agreement. Subject to the Carve Out, the DIP Term Loan Superpriority Claims, the Super-Senior First-Out Adequate Protection Superpriority Claims, the Super-Senior Second-Out Adequate Protection Superpriority Claims, and, solely with respect to ABL Priority Collateral, the DIP ABL Superpriority Claims, the ABL Adequate Protection Superpriority Claims, and the ABL Claims, pursuant to the terms of the Prepetition Intercreditor Agreement in all respects, and to the extent set forth in the Bankruptcy Code, the Super-Senior Third-Out Adequate Protection Superpriority Claims will not be junior to any claims and shall have priority over all administrative expense claims against each of the Debtors, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expense claims of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(d), 726, 1113, and 1114 of the Bankruptcy Code. The Debtors, the DIP Secured Parties, and the Prepetition Secured Parties shall use commercially reasonable efforts to repay the Super-Senior Third-Out Adequate Protection Superpriority Claims (a) first, from all DIP Collateral other than DIP Collateral comprising Previously Unencumbered Property and (b) second, from all DIP Collateral comprising Previously Unencumbered Property. Notwithstanding anything herein to the contrary, for the avoidance of doubt, the marshalling provisions herein shall not apply to

(Page 59)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

any newly created, acquired, or arising postpetition DIP Collateral which is DIP Collateral hereunder pursuant to section 552(b) of the Bankruptcy Code or otherwise with respect to assets of the type constituting ABL Priority Collateral.

11.    <u>Adequate Protection for the Prepetition ABL Secured Parties</u>.  At any time any Prepetition ABL Obligations remain outstanding and subject only to the Carve Out in accordance with the Lien / Claim Priorities, the rights of parties in interest specifically set forth in the DIP Orders, pursuant to sections 361, 363(e), and 364 of the Bankruptcy Code, and in consideration of the stipulations and consents set forth herein, as adequate protection of their interests in the Prepetition ABL Collateral (including Cash Collateral), for any Diminution in Value, resulting from, among other things, the imposition of the priming DIP Liens on the Prepetition ABL Collateral, the Carve Out, the Debtors' use of the Prepetition ABL Collateral (including Cash Collateral), the imposition of the automatic stay, and/or any other reason permitted pursuant to the Bankruptcy Code, the Prepetition ABL Agent, for the benefit of itself and the Prepetition ABL Secured Parties, is hereby granted on a final basis the following (collectively, the "**ABL Adequate Protection Obligations**," and together with the Super-Senior Adequate Protection Obligations, the "**Adequate Protection Obligations**"):

(a)    <u>ABL Adequate Protection Liens</u>.  As security for any Diminution in Value, additional and replacement, valid, binding, enforceable, non-avoidable, and effective and automatically perfected postpetition security interests in and liens as of the date of the Interim Order (together, the "**ABL Adequate Protection Liens**," and together with the Super-Senior

(Page 60)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Adequate Protection Liens, the "**Adequate Protection Liens**"), without the necessity of the execution by the Debtors (or recordation or other filing), of security agreements, control agreements, pledge agreements, financing statements, mortgages, or other similar documents, only on the DIP Collateral. Subject to the terms of the DIP Orders, the ABL Adequate Protection Liens shall be subordinate only to the (A) Carve Out with respect to the Term Loan Priority Collateral, (B) the DIP ABL Liens, (C) the Prior Senior Liens, and (D) solely with respect to Term Loan Priority Collateral, the DIP Term Loan Liens, the Super-Senior Liens, and the Super-Senior Adequate Protection Liens, pursuant to the terms of the Prepetition Intercreditor Agreement. The ABL Adequate Protection Liens shall otherwise be senior to all other security interests in, liens on, or claims against any of the DIP Collateral (including, for the avoidance of doubt, any lien or security interest that is avoided and preserved for the benefit of the Debtors and their estates under section 551 of the Bankruptcy Code) and shall have the relative rank and priority set forth on the Lien / Claim Priorities.

(b)    ABL Adequate Protection Superpriority Claims.  As further adequate protection, and to the extent provided by sections 503(b), 507(a), and 507(b) of the Bankruptcy Code, allowed administrative expense claims in each of these Cases ahead of and senior to any and all other administrative expense claims in such Cases to the extent of any Diminution in Value (the "**ABL Adequate Protection Superpriority Claims**," and together with the Super-Senior Adequate Protection Superpriority Claims, the "**Adequate Protection Superpriority Claims**"), but junior to the Carve Out with respect to the Term Loan Priority Collateral only, the DIP ABL Superpriority

(Page 61)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Claims, and, solely with respect to the Term Loan Priority Collateral, the DIP Term Loan Superpriority Claims, the Super-Senior Adequate Protection Superpriority Claims, and the Super-Senior Claims.  Subject to the Carve Out with respect to the Term Loan Priority Collateral, the DIP ABL Superpriority Claims, and, solely with respect to the Term Loan Priority Collateral, the DIP Term Loan Superpriority Claims, the Super-Senior Adequate Protection Superpriority Claims, and the Super-Senior Claims, in all respects, and to the extent set forth in the Bankruptcy Code, the ABL Adequate Protection Superpriority Claims will not be junior to any claims and shall have priority over all administrative expense claims against each of the Debtors, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expense claims of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(d), 726, 1113, and 1114 of the Bankruptcy Code. The Debtors, the DIP Secured Parties, and the Prepetition Secured Parties shall use commercially reasonable efforts to repay the ABL Adequate Protection Superpriority Claims (a) first, from all DIP Collateral other than DIP Collateral comprising Previously Unencumbered Property and (b) second, from all DIP Collateral comprising Previously Unencumbered Property.  Notwithstanding anything herein to the contrary, for the avoidance of doubt, the marshalling provisions herein shall not apply to any newly created, acquired, or arising postpetition DIP Collateral which is DIP Collateral hereunder pursuant to section 552(b) of the Bankruptcy Code or otherwise with respect to assets of the type constituting ABL Priority Collateral.

(Page 62)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

(c)     <u>ABL Adequate Protection Payments</u>.  As further adequate protection, the Debtors are authorized and, solely with respect to any fees accruing prepetition, directed, to pay, in accordance with the terms of paragraph 21 of this Final Order, all reasonable and documented fees and expenses (the "**ABL Adequate Protection Fees**") of the DIP ABL Agent Advisors whether incurred before or after the Petition Date, including, without limitation, Simpson Thacher & Bartlett LLP (as counsel), Greenberg Traurig LLP (as local counsel), and FTI Consulting, Inc. (as financial advisor), whose administrative agency fees, field examination and appraisal fees, and other administrative costs are reimbursable under the Prepetition ABL Credit Agreement or the DIP ABL Credit Agreement, and subject to the reasonable consent of the Debtors upon notice to counsel to the Committee prior to an Event of Default under the DIP Orders or the DIP Documents, any other foreign counsel and other professionals pursuant to the DIP Orders reasonably necessary to represent the interests of the DIP ABL Agent and the DIP ABL Lenders and (all payments referenced in this sentence, collectively, the "**ABL Adequate Protection Payments**," and together with the Super-Senior First-Out Adequate Protection Payments, the "**Adequate Protection Payments**").  None of the ABL Adequate Protection Fees shall be subject to separate approval by the Court, and no recipient of any such payment shall be required to file any interim or final fee application with respect thereto or otherwise seek the Court's approval of any such payments.  The rights of parties in interest to argue that the Adequate Protection Payments should be subject to recharacterization as principal to the extent that this Court finds that no Diminution in Value occurred during the pendency of these Cases are hereby reserved.

(Page 63)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

(d)     <u>Right to Seek Additional Adequate Protection</u>.  This Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the rights of the Prepetition ABL Secured Parties (subject to the Prepetition Intercreditor Agreement) to request further or alternative forms of adequate protection at any time or the rights of the Debtors or any other party to contest such request.  Nothing herein shall impair or modify the application of section 507(b) of the Bankruptcy Code in the event that the adequate protection provided to the Prepetition ABL Secured Parties is insufficient to compensate for any Diminution in Value of their interests in the Prepetition ABL Collateral during these Cases.  Nothing contained herein shall be deemed a finding by the Court, or an acknowledgment by any of the Prepetition ABL Secured Parties that the adequate protection granted herein does in fact adequately protect any of the Prepetition ABL Secured Parties against any Diminution in Value of their respective interests in the Prepetition ABL Collateral (including Cash Collateral).

12.     <u>Additional Adequate Protection for the Prepetition Secured Parties</u>.     The Prepetition Secured Parties shall also receive the following adequate protections:

(a)     <u>Other Covenants</u>.  The Debtors shall maintain their cash management arrangements in a manner consistent with the Cash Management Order approving the Debtors' cash management motion.  The Debtors shall continue to operate in "cash dominion" under the procedures set forth for "cash dominion" in the Prepetition ABL Documents and the DIP Documents.  The Debtors' failure to comply with the covenants contained in the DIP Credit Agreements regarding conduct of business, including, without limitation, preservation of rights,

(Page 64)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

qualifications, licenses, permits, privileges, franchises, governmental authorizations, and intellectual property rights material to the conduct of their business and the maintenance of properties and insurance shall be an Event of Default (as defined below).

(b)     Reporting Requirements.   The Debtors shall comply with all reporting requirements set forth in each of the DIP Credit Agreements.   Reporting may be requested by the Committee.

(c)     Miscellaneous.   Except for (i) the Carve Out and (ii) as otherwise provided in paragraphs 6 and 7 of this Final Order, the Super-Senior Adequate Protection Liens and the ABL Adequate Protection Liens granted pursuant to paragraphs 8 through 11 of this Final Order shall not be subject, junior, or *pari passu*, to any lien or security interest that is avoided and preserved for the benefit of the Debtors' estates under the Bankruptcy Code, including, without limitation, pursuant to section 551 of the Bankruptcy Code or otherwise, and shall not be subordinated to or made *pari passu* with any lien, security interest, or administrative claim under the Bankruptcy Code, including, without limitation, pursuant to section 364 of the Bankruptcy Code or otherwise.

13.     Carve Out.

(a)     Carve Out.   As used in this Final Order, the "**Carve Out**" means the sum of (i) all fees required to be paid to the Clerk of the Court and to the U.S. Trustee under section 1930(a) of title 28 of the United States Code plus interest at the statutory rate (without regard to the notice set forth in (iii) below); (ii) all reasonable fees and expenses up to $50,000 incurred by

(Page 65)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

a trustee under section 726(b) of the Bankruptcy Code (without regard to the notice set forth in (iii) below); (iii) to the extent allowed at any time, whether by interim order, procedural order, or otherwise, all unpaid fees and expenses, including any restructuring fee, sale fee, transaction fee or other success fee payable to the Debtors' investment banker, if any (subject in all respects to the terms and conditions of such investment banker's engagement letter executed as of the Petition Date) (the "**Allowed Professional Fees**"), incurred by persons or firms retained by the Debtors pursuant to section 327, 328, or 363 of the Bankruptcy Code (the "**Debtor Professionals**") and the Committee pursuant to section 328 or 1103 of the Bankruptcy Code (the "**Committee Professionals**," and together with the Debtor Professionals, the "**Professional Persons**") at any time before or on the first (1st) business day following delivery by any DIP Agent (at the direction of the applicable Required DIP Lenders) of a Carve Out Trigger Notice (as defined below), whether allowed by the Court prior to or after delivery of a Carve Out Trigger Notice; and (iv) Allowed Professional Fees of Professional Persons in an aggregate amount not to exceed $3,500,000 incurred after the first (1st) business day following delivery by any DIP Agent of the Carve Out Trigger Notice, to the extent allowed at any time, whether by interim order, procedural order, or otherwise (the amounts set forth in this clause (iv) being the "**Post-Carve Out Trigger Notice Cap**").  For purposes of the foregoing, "**Carve Out Trigger Notice**" shall mean a written notice delivered by email (or other electronic means) by any DIP Agent (at the direction of the applicable Required DIP Lenders) to the Debtors, their lead restructuring counsel, the U.S. Trustee, and counsel to the Committee, which notice may be delivered following the occurrence and during

(Page 66)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

the continuation of an Event of Default and acceleration of the applicable DIP Obligations under the DIP Facilities (or the occurrence of the Termination Date (as defined below) for the Debtors' use of Cash Collateral and the expiration of the applicable Remedies Notice Period (as defined below)), stating that the Post-Carve Out Trigger Notice Cap has been invoked.

(b)    <u>Delivery of Weekly Fee Statements</u>.  Not later than 7:00 p.m. New York time on the third (3rd) business day of each week starting with the first full calendar week following the Petition Date, each Professional Person shall deliver to the Debtors, the DIP Agents, the DIP Term Loan/Super-Senior Term Loan Advisors, and the DIP ABL Agent Advisors a statement setting forth a good-faith estimate of the amount of unpaid fees and expenses incurred during the preceding week by such Professional Person (through Saturday of such week, the "**Calculation Date**"), along with a good-faith estimate of the cumulative total amount of unreimbursed fees and expenses incurred through the applicable Calculation Date and a statement of the amount of such fees and expenses that have been paid to date by the Debtors (each such statement, a "**Weekly Statement**"); <u>provided</u> that, within one (1) business day of the occurrence of the Termination Declaration Date (as defined below), each Professional Person shall deliver one additional statement (the "**Final Statement**") setting forth a good-faith estimate of the amount of unpaid fees and expenses incurred during the period commencing on the calendar day after the most recent Calculation Date for which a Weekly Statement has been delivered and concluding on the Termination Declaration Date (and the Debtors shall cause such Weekly Statement and Final Statement to be delivered on the same day received to the DIP Agents, the DIP Term Loan/Super-

(Page 67)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Senior Term Loan Advisors, and the DIP ABL Agent Advisors).  If any Professional Person fails to deliver a Weekly Statement within two (2) calendar days after such Weekly Statement is due, such Professional Person's entitlement (if any) to any funds in the Pre-Carve Out Trigger Notice Reserve (as defined below) with respect to the aggregate unpaid amount of Allowed Professional Fees for the applicable period(s) for which such Professional Person failed to deliver a Weekly Statement covering such period shall be limited to the aggregate unpaid amount of Allowed Professional Fees included in the Approved DIP Budget for such period for such Professional Person.

(c)    <u>Carve Out Reserves</u>.   On the day on which a Carve Out Trigger Notice is given by any DIP Agent (at the direction of the applicable Required DIP Lenders) to the Debtors (the "**<u>Termination Declaration Date</u>**"), the Carve Out Trigger Notice shall constitute a demand to, and the Debtors shall utilize first, all cash on hand as of such date that constitutes Term Loan Priority Collateral, then, to the extent insufficient, any available cash thereafter held by any Debtor that constitutes Term Loan Priority Collateral, and then, to the extent insufficient, the proceeds of Term Loan Priority Collateral as they become available (the "**<u>Term Loan Carve Out Amount</u>**"), to fund a reserve in an amount equal to the then unpaid amounts of the Allowed Professional Fees accrued prior to the Termination Declaration Date.  The Debtors shall deposit and hold such amounts in a segregated account maintained at the Debtors in trust to pay such then unpaid Allowed Professional Fees incurred through the Termination Declaration Date (the "**<u>Pre-Carve Out Trigger Notice Reserve</u>**") prior to any and all other claims.  For the avoidance of doubt, the

(Page 68)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

DIP Term Loan Lenders shall have no obligation to fund the Pre-Carve Out Trigger Notice Reserve in excess of the DIP Term Loans already funded to the Debtors prior to the Termination Declaration Date and the DIP Term Loan Agent, for the benefit of the DIP Term Loan Secured Parties, shall maintain a first lien security interest in the Term Loan Carve Out Amount, and the Term Loan Carve Out Amount shall be considered DIP Term Loan Collateral.  For the avoidance of doubt, the DIP ABL Lenders shall have no obligation to fund the Pre-Carve Out Trigger Notice Reserve in excess of the funds already funded to the Debtors prior to the Termination Declaration Date.   On the Termination Declaration Date, after funding the Pre-Carve Out Trigger Notice Reserve, the Debtors shall utilize cash on hand as of such date that constitutes Term Loan Priority Collateral, and then any available cash thereafter held by the Debtors that constitutes Term Loan Priority Collateral, and if such cash on hand or available cash is insufficient, then the proceeds from Term Loan Priority Collateral as they become available, to fund a reserve in an amount equal to the Post-Carve Out Trigger Notice Cap.  The Debtors shall deposit and hold such amounts in a segregated account maintained at the Debtors in trust to pay such unpaid Allowed Professional Fees benefiting from the Post-Carve Out Trigger Notice Cap (the "**Post-Carve Out Trigger Notice Reserve**," and together with the Pre-Carve Out Trigger Notice Reserve, the "**Carve Out Reserves**") prior to any and all other claims from such funds.  All funds in the Pre-Carve Out Trigger Notice Reserve shall be used first to pay the obligations set forth in clauses (i) through (iii) of the definition of Carve Out set forth above (the "**Pre-Carve Out Amounts**"), but not, for the avoidance of doubt, the Post-Carve Out Trigger Notice Cap, until indefeasibly paid in full, and

(Page 69)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

then to the extent the Pre-Carve Out Trigger Notice Reserve has not been reduced to zero to pay the DIP Agents for the benefit of the applicable DIP Lenders in accordance with their rights and priorities under the DIP Orders, the other DIP Documents, and the Prepetition Intercreditor Agreement as of the Petition Date, unless the DIP Obligations have been indefeasibly paid in full, in cash, and all commitments have been terminated, in which case any such excess shall be paid to the Prepetition Secured Parties in accordance with their rights and priorities under the Prepetition Intercreditor Agreement as of the Petition Date and the Lien / Claim Priorities.  All funds in the Post-Carve Out Trigger Notice Reserve shall be used first to pay the obligations set forth in clause (iv) of the definition of Carve Out set forth above (the "**Post-Carve Out Amounts**"), and then, to the extent the Post-Carve Out Trigger Notice Reserve has not been reduced to zero, to pay the DIP Agents for the benefit of the applicable DIP Lenders in accordance with their rights and priorities under the DIP Orders, the other DIP Documents, and the Prepetition Intercreditor Agreement as of the Petition Date, unless the DIP Obligations have been indefeasibly paid in full, in cash, and all commitments have been terminated, in which case any such excess shall be paid to the Prepetition Secured Parties in accordance with their rights and priorities under the Prepetition Intercreditor Agreement as of the Petition Date and the Lien / Claim Priorities.  Notwithstanding anything to the contrary in the DIP Orders or the other DIP Documents, if either of the Carve Out Reserves is not funded in full in the amounts set forth in this paragraph, then, any excess funds in one of the Carve Out Reserves following the payment of the Pre-Carve Out Amounts and Post-Carve Out Amounts, respectively, shall be used to fund the other

(Page 70)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Carve Out Reserve, up to the applicable amount set forth in this paragraph, prior to making any payments to the DIP Agents, the DIP Secured Parties, the Prepetition Secured Parties, or the Prepetition Agents, as applicable. Notwithstanding anything to the contrary in the DIP Orders or the other DIP Documents, following delivery of a Carve Out Trigger Notice, the DIP Agents and the Prepetition Agents shall not sweep or foreclose on cash of the Debtors constituting Term Loan Priority Collateral until the Carve Out Reserves have been fully funded, but shall have an automatically perfected lien and a security interest in any residual interest in the Carve Out Reserves, with any excess paid to the DIP Agents for application in accordance with the DIP Orders, the other DIP Documents, and the Prepetition Intercreditor Agreement as of the Petition Date, or if the DIP Obligations have been indefeasibly paid in full, to the applicable Prepetition Agents, for application in accordance with the Prepetition Documents and the Prepetition Intercreditor Agreement. Further, notwithstanding anything to the contrary in the DIP Orders, (i) disbursements by the Debtors from the Carve Out Reserves shall not constitute Loans (as defined in the applicable DIP Credit Agreements) or increase or reduce the DIP Obligations and (ii) the failure of the Carve Out Reserves to satisfy in full the Allowed Professional Fees shall not affect the priority of the Carve Out; and nothing in the Initial DIP Budget, Approved DIP Budget, Subsequent DIP Budget, Carve Out, Post-Carve Out Trigger Notice Cap or Carve Out Reserves, or any of the foregoing be construed as a cap or limitation on the amount of the Allowed Professional Fees due and payable by the Debtors. For the avoidance of doubt and notwithstanding anything to the contrary in this Final Order, the Carve Out Reserves shall not constitute DIP

(Page 71)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Collateral and shall be senior to all claims and all liens securing such claims other than the DIP ABL Loans.

(d)     No Direct Obligation to Pay Allowed Professional Fees.  None of the DIP Agents, the DIP Lenders, or the Prepetition Secured Parties shall be responsible for the payment or reimbursement of any fees or disbursements of any Professional Person or any fees or expenses of the U.S. Trustee or Clerk of the Court incurred in connection with these Cases or any Successor Cases (as defined below) under any chapter of the Bankruptcy Code.  Nothing in this Final Order or otherwise shall be construed to obligate the DIP Agents, the DIP Lenders, or the Prepetition Secured Parties, in any way, to pay compensation to, or to reimburse expenses of, any Professional Person or to guarantee that the Debtors have sufficient funds to pay such compensation or reimbursement.

(e)     Payment of Allowed Professional Fees Prior to the Termination Declaration Date.  Any payment or reimbursement made prior to the occurrence of the Termination Declaration Date in respect of any Allowed Professional Fees shall not reduce the Carve Out.

(f)     Payment of Carve Out On or After the Termination Declaration Date.  Any payment or reimbursement made on or after the occurrence of the Termination Declaration Date in respect of any Allowed Professional Fees shall permanently reduce the Carve Out on a dollar-for-dollar basis.  Any funding of the Carve Out on or after the Termination Declaration Date shall be secured by the DIP Term Loan Collateral and otherwise entitled to the protections granted

(Page 72)

| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
|---|---|
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

pursuant to the DIP Orders and the other DIP Documents and consistent with the Bankruptcy Code

and applicable law.

(g)  ABL Priority Collateral.  Notwithstanding anything to the contrary in the

DIP Orders, the Carve Out other than paragraphs 13(a)(i) and (ii) of this Final Order shall be junior

to the DIP ABL Liens, the ABL Adequate Protection Liens and ABL Liens on the ABL Priority

Collateral; and until the DIP ABL Obligations and the ABL Claims are paid in full in cash and all

letters of credit issues or deemed issued under the DIP ABL Credit Agreement and the Prepetition

ABL Credit Agreement are cash collateralized in accordance with the terms thereof, the Carve Out

shall not be funded from ABL Priority Collateral.

14.  Reservation of Rights of the DIP Agents, DIP Lenders, and Prepetition Secured

Parties.  Subject only to the Carve Out, notwithstanding any other provision in the DIP Orders or

the other DIP Documents to the contrary, the entry of this Final Order is without prejudice to, and

does not constitute a waiver of, expressly or implicitly, or otherwise impair:  (a) any of the rights

of any of the Prepetition Secured Parties to seek any other or supplemental relief in respect of the

Debtors; (b) any of the rights of the DIP Secured Parties or the Prepetition Secured Parties under

the DIP Documents, the Prepetition Documents, the Prepetition Intercreditor Agreement, or the

Bankruptcy Code or under non-bankruptcy law (as applicable), including, without limitation, the

right of any of the DIP Secured Parties or the Prepetition Secured Parties to (i) request modification

of the automatic stay of section 362 of the Bankruptcy Code, (ii) request dismissal of any of these

Cases, conversion of any of these Cases to cases under chapter 7, or appointment of a chapter 11

(Page 73)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

trustee or examiner with expanded powers in any of these Cases, (iii) seek to propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or plans; or (c) any other rights, claims, or privileges (whether legal, equitable, or otherwise) of any of the DIP Secured Parties or the Prepetition Secured Parties. The delay in or failure of the DIP Secured Parties and/or the Prepetition Secured Parties to seek relief or otherwise exercise their rights and remedies shall not constitute a waiver of any of the DIP Secured Parties' or the Prepetition Secured Parties' rights and remedies. For all adequate protection purposes throughout these Cases, each of the Prepetition Secured Parties shall be deemed to have requested relief from the automatic stay and adequate protection for any Diminution in Value from and after the Petition Date. For the avoidance of doubt, such request will survive termination of this Final Order.

15. <u>Reservation of Certain Committee and Third Party Rights and Bar of Challenges and Claims</u>. The stipulations, admissions, waivers, and releases contained in the DIP Orders, including the Debtors' Stipulations, shall be binding upon the Debtors, and any of their respective successors in all circumstances and for all purposes and the Debtors are deemed to have irrevocably waived and relinquished all Challenges (as defined below) as of the Petition Date. Subject to the Challenge Period (as defined below), the stipulations, admissions, and waivers contained in the DIP Orders, including the Debtors' Stipulations, shall be binding upon the Debtors' estates and all other parties in interest, including the Committee and any other person acting on behalf of the Debtors' estates, unless and to the extent that a party in interest with proper standing granted by order of the Court (or other court of competent jurisdiction) has timely and

(Page 74)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

properly filed an adversary proceeding or contested matter (i) seeking to avoid, object to, or otherwise challenge the findings or Debtors' Stipulations regarding: (a) the validity, enforceability, extent, priority, or perfection of the mortgages, security interests, and liens of the Prepetition Agents and the Prepetition Secured Parties; or (b) the validity, enforceability, allowability, priority, secured status, or amount of the Prepetition Obligations, or the DIP Obligations consisting of the Roll-Up Loans (any such claim, a "**Challenge**"), provided, that the findings set forth in this Final Order shall be non-preclusive as to other Orders of the Court relating to estate causes of action that may be pursued (or sought to be pursued) by the Committee and (ii) in which the Court enters a final order in favor of the plaintiff sustaining any such Challenge in any such timely filed adversary proceeding or contested matter. A Challenge will only be considered timely if it is commenced by the earlier of (i) the date of the confirmation of the Debtors' chapter 11 plan of reorganization, (ii)  the date of a hearing on the approval of a sale or sales of all or substantially all of the Debtors' assets, and (iii) September 22, 2025, or eighty-two (82) calendar days after entry of the Interim Order (the "**Challenge Period**," and the date of expiration of the Challenge Period, the "**Challenge Period Termination Date**"); provided, that if the Committee (or any other party that the Prepetition Secured Parties and the Debtors agree in writing (which may be via email)) files a motion seeking standing to bring a Challenge, which attaches one or more draft complaints that detail the alleged Challenges for which the applicable party seeks standing to file, prior to the expiration of the Challenge Period, the Challenge Period Termination Date shall be tolled solely for the Committee or such other party solely with respect to the claims identified in such complaint

(Page 75)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

until 11:59 p.m. (prevailing Eastern Time) on the date that is one business day after such standing motion is adjudicated by the Court, provided, however, that if, prior to the end of the Challenge Period, (x) these Cases convert to chapter 7, or (y) if a chapter 11 trustee is appointed, then, in each such case, the Challenge Period shall be extended by the later of (A) the time remaining under the Challenge Period plus fifteen (15) days and (B) such other time as ordered by the Court solely with respect to any such trustee, commencing on the occurrence of either of the events discussed in the foregoing clauses (x) and (y). Upon the expiration of the Challenge Period Termination Date, as such deadline may be extended in writing (which may be via email) from time to time in the discretion of the Prepetition Secured Parties and the Debtors or by this Court, without the filing of a Challenge (or if any such Challenge is filed and overruled): (a) any and all such Challenges by any party (including the Committee, any chapter 11 trustee, and/or any examiner or other estate representative appointed or elected in these Cases, and any chapter 7 trustee and/or examiner or other estate representative appointed or elected in any Successor Cases) shall be deemed to be forever barred; (b) the Prepetition Obligations shall constitute allowed claims, not subject to counterclaim, setoff, recoupment, reduction, subordination, recharacterization, defense, or avoidance for all purposes in these Cases and any Successor Cases; (c) the Prepetition Liens shall be deemed to have been, as of the Petition Date, legal, valid, binding, and perfected secured claims, not subject to recharacterization, subordination, or avoidance; and (d) all of the stipulations and admissions contained in the DIP Orders, including the Debtors' Stipulations, and all other waivers, releases, affirmations, and other stipulations as to the priority, extent, and validity as to

(Page 76)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

the Prepetition Secured Parties' claims, liens, and interests contained in the DIP Orders shall be of full force and effect and forever binding upon the Debtors, the Debtors' estates, and all creditors, interest holders, and other parties in interest in these Cases and any Successor Cases.  If any such adversary proceeding or contested matter is timely and properly filed under the Bankruptcy Rules and remains pending and these Cases are converted to chapter 7, the chapter 7 trustee may continue to prosecute such adversary proceeding or contested matter on behalf of the Debtors' estates.  Furthermore, if any such adversary proceeding or contested matter is timely and properly filed under the Bankruptcy Rules, the stipulations and admissions contained in the DIP Orders, including the Debtors' Stipulations, shall nonetheless remain binding and preclusive on the Committee and any other person or entity except to the extent that such stipulations and admissions were expressly challenged in such adversary proceeding or contested matter prior to the Challenge Period Termination Date.  Nothing in the DIP Orders vests or confers on any person (as defined in the Bankruptcy Code), including, without limitation, the Committee, standing or authority to pursue any cause of action belonging to the Debtors or their estates, including, without limitation any challenges (including a Challenge) with respect to the Prepetition Documents, the Prepetition Liens, and the Prepetition Obligations, and a separate order of the Court conferring such standing on the Committee or other party in interest shall be a prerequisite for the prosecution of a Challenge by the Committee or such other party in interest.  The DIP Lenders stipulate and agree that each of the DIP Lenders will not raise as a defense in connection with any Challenge the ability of creditors to file derivative suits on behalf of limited liability companies.  Upon a successful

(Page 77)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Challenge brought pursuant to this paragraph 15, the Court may fashion an appropriate remedy. Notwithstanding anything in this paragraph to the contrary, the rights of the Minority Lender Ad Hoc Group to pursue Non-Participating Lender Claims (as defined herein), if any, shall be preserved in accordance with paragraph 40 of this Final Order.

16. <u>Termination Date</u>. Following the Termination Date and the expiration of the Remedies Notice Period, consistent with the DIP Credit Agreements, (a) all DIP Obligations shall be immediately due and payable, all New Money Commitments and DIP ABL Commitments will terminate, all DIP ABL LCs shall be cash collateralized, and the Carve Out Reserves shall be funded as set forth in the DIP Orders; (b) all authority to use Cash Collateral shall cease; provided, however, that during the Remedies Notice Period (as defined below), the Debtors may use Cash Collateral to pay necessary expenses critical to the administration of the Debtors' estates and operations in accordance with the Approved DIP Budget, subject to any Permitted Budget Variances provided for in the DIP Credit Agreements and to contest whether an Event of Default has occurred and is continuing; and (c) subject to the rights of the Debtors and the Committee to request an emergency hearing from the Court, the DIP Secured Parties shall be otherwise entitled to exercise rights and remedies under the DIP Documents in accordance with this Final Order.

17. <u>Events of Default</u>. The occurrence of any of the following events, unless waived by the applicable Required DIP Lenders in accordance with the terms of the DIP Documents, shall constitute an event of default (collectively, the "**<u>Events of Default</u>**"): (a) the failure of the Debtors to perform, in any material respect, any of the terms, provisions, conditions, covenants, or

(Page 78)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

obligations under the DIP Orders and such failure is not cured, to the extent capable of cure, within three (3) business day of written notice to the Debtors and counsel to the Committee of such failure by the DIP Agents; (b) the failure of the Debtors to comply with any of the case milestones set forth in the DIP Credit Agreements (collectively, the "**Required Milestones**"), in accordance with the applicable DIP Credit Agreements, unless such Required Milestone has been waived or extended by the applicable Required DIP Lenders; or (c) the occurrence of an "Event of Default" under the DIP Credit Agreements. The applicable Required DIP Lenders shall provide written notice of any Event of Default to the Debtors, the Committee, the non-notifying DIP Agent, and the U.S. Trustee; *provided* that such notice should be for informational purposes only and shall not be a pre-requisite to the occurrence of an Event of Default.

18. <u>Rights and Remedies Upon Event of Default</u>. Subject to the terms of the DIP Documents, upon the occurrence and during the continuation of an Event of Default, notwithstanding the provisions of section 362 of the Bankruptcy Code, without any application, motion, or notice to, hearing before, or order from the Court, but subject to the terms of the DIP Orders, and following the expiration of the Remedies Notice Period, (a) the DIP Agents (at the direction of the applicable Required DIP Lenders) may declare (any such declaration shall be referred to herein as a "**Termination Declaration**") (i) all DIP Obligations owing under the DIP Documents to be immediately due and payable, (ii) the termination of any further commitment to extend credit to the Debtors to the extent any such commitment remains under the DIP Facilities, (iii) termination of the DIP Facilities and the DIP Documents as to any future liability or obligation

(Page 79)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

of the DIP Secured Parties, but without affecting any of the DIP Liens or the DIP Obligations, and (iv) that the Carve Out shall be triggered, through the delivery of the Carve Out Trigger Notice to the DIP Borrower and counsel to the Committee; and (b) subject to paragraph 16 of this Final Order, the DIP Agents (at the direction of the applicable Required DIP Lenders) may declare a termination, reduction, or restriction on the ability of the Debtors to use Cash Collateral (the date on which a Termination Declaration is delivered, the "**Termination Date**"). The automatic stay in these Cases otherwise applicable to the DIP Secured Parties and the Prepetition Secured Parties is hereby modified so that five (5) business days after the date a Termination Declaration is delivered to the Debtors (such five (5)-business-day period, the "**Remedies Notice Period**"): (a) the DIP Agents (at the direction of the applicable Required DIP Lenders) shall be entitled to exercise its rights and remedies in accordance with the DIP Orders and the other DIP Documents to satisfy the DIP Obligations, DIP Superpriority Claims, and DIP Liens, subject to the Carve Out and the terms of the Prepetition Intercreditor Agreement; and (b) subject to the foregoing clause (a), the applicable Prepetition Secured Parties shall be entitled to exercise their respective rights and remedies to the extent available in accordance with the applicable Prepetition Documents, the Prepetition Intercreditor Agreement, and the DIP Orders (including the Lien / Claim Priorities) with respect to the Debtors' use of Cash Collateral. During the Remedies Notice Period, the Debtors and the Committee shall be entitled to seek an emergency hearing within the Remedies Notice Period with the Court. Unless the Court has determined prior to the expiration of the Remedies Notice Period that an Event of Default has not occurred and/or is not occurring or orders

(Page 80)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

otherwise prior to the expiration of the Remedies Notice Period, the automatic stay, as to all of the DIP Secured Parties and the Prepetition Secured Parties shall automatically be terminated at the end of the Remedies Notice Period without further notice or order.  Upon expiration of the Remedies Notice Period, the DIP Agents (at the direction of the applicable Required DIP Lenders) and the Prepetition Secured Parties shall be permitted to exercise all remedies set forth herein and in the DIP Documents, and as otherwise available at law without further order of or application or motion to the Court consistent with the DIP Orders, the other DIP Documents, the Prepetition Documents, and the Prepetition Intercreditor Agreement, *provided, however,* that, with respect to the foregoing, the automatic stay shall remain in place and no party shall be entitled to exercise any rights or remedies if the Court has scheduled, or is in the process of scheduling, a hearing to determine whether an Event of Default has occurred or is continuing or for the contested use of Cash Collateral.  Notwithstanding anything to the contrary in the DIP Orders, following an Event of Default, the Prepetition Secured Parties shall be stayed from enforcing any rights and remedies under the DIP Orders unless and until any DIP Agent has delivered a Carve Out Trigger Notice and has complied with its obligations in connection with the issuance thereof or consents to such enforcement.

19.    <u>Limitation on Charging Expenses Against Collateral</u>.  Except to the extent of the Carve Out (solely with respect to the DIP Term Loan Lenders), no expenses of administration of these Cases or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under the Bankruptcy Code, shall be charged against or recovered from (a)

(Page 81)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

the DIP Collateral (except to the extent of the Carve Out) the DIP Secured Parties or (b) the Prepetition Collateral (except to the extent of the Carve Out) or the Prepetition Secured Parties, in each case, pursuant to sections 105(a) or 506(c) of the Bankruptcy Code or any similar principle of law or equity, without the prior written consent of the DIP Secured Parties and the Prepetition Secured Parties, as applicable, and no such consent shall be implied from any other action, inaction, or acquiescence by the DIP Secured Parties or the Prepetition Secured Parties.

20.     <u>Use of Cash Collateral</u>.  The Debtors are hereby authorized to continue to use all Cash Collateral of the Prepetition Secured Parties, but solely for the purposes set forth in the DIP Orders and solely in accordance with the Approved DIP Budget (subject to Permitted Budget Variances as set forth in the DIP Orders and the other DIP Documents) and the provisions of the DIP Orders, including, without limitation, to make payments on account of the Adequate Protection Obligations provided for in the DIP Orders, from the date of the Interim Order through and including the date of termination of the DIP Credit Agreements.

21.     <u>Expenses and Indemnification</u>.

(a)     The Debtors are hereby authorized (and solely in the case of fees due and owing to the DIP Lenders through the date of entry of the Interim Order authorized and directed) to pay, in accordance with the DIP Orders, and to the extent permissible under the Bankruptcy Code, the principal, interest, fees, payments, expenses, and other amounts described in the DIP Documents as such amounts become due and without need to obtain further Court approval, including, without limitation, backstop, fronting, closing, arrangement or commitment payments

(Page 82)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

(including all payments and other amounts owed to the DIP Lenders), administrative agent's fees, collateral agent's fees, escrow agent's fees (including all fees and other amounts owed to the Prepetition Agents and the DIP Agents), field examination and appraisal fees, the reasonable and documented fees and disbursements of counsel and other professionals to the extent set forth in paragraphs 3(e)(3) and 8(c) of this Final Order, all to the extent provided in the DIP Orders or the other DIP Documents. Notwithstanding the foregoing, the Debtors are authorized and directed to pay on the Effective Date or the Closing Date, as applicable, all reasonable and documented fees, costs, and expenses, including the fees and expenses of counsel and other professionals (subject to paragraphs 3(e)(3) and 8(c) of this Final Order) to the DIP Term Loan Lenders, the DIP Agents, subject to the terms of the Restructuring Support Agreement with respect to the Prepetition Term Loan Agent, the Prepetition Agents, the Super-Senior First-Out Secured Parties, and the Prepetition ABL Secured Parties incurred on or prior to such date without the need to be subject to the procedures set forth in paragraph 21(b) of this Final Order.

(b)     The Debtors shall be jointly and severally obligated to pay all fees and expenses described above, which obligations shall constitute DIP Obligations. The Debtors shall pay the reasonable and documented professional fees, expenses, and disbursements of professionals to the extent provided for in paragraphs 3(e)(3) and 8(c) of this Final Order (collectively, the "**Lender Professionals**" and, each, a "**Lender Professional**") no later than ten (10) business days (the "**Review Period**") after the receipt by counsel to the Debtors, counsel to the Committee, or the U.S. Trustee of each of the invoices therefor (the "**Invoiced Fees**") and

(Page 83)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

without the necessity of filing formal fee applications, including such amounts arising before the Petition Date. Invoiced Fees shall be in the form of an invoice summary for professional fees and categorized expenses incurred during the pendency of these Cases, and such invoice summary shall not be required to contain time entries, but shall include a general, brief description of the nature of the matters for which services were performed, and which may be redacted or modified to the extent necessary to delete any information subject to the attorney-client privilege, any work product doctrine, privilege or protection, common interest doctrine privilege or protection, any other evidentiary privilege or protection recognized under applicable law, or any other confidential information, and the provision of such invoices shall not constitute any waiver of the attorney-client privilege, work product doctrine, privilege or protection, common interest doctrine privilege or protection, or any other evidentiary privilege or protection recognized under applicable law; provided that the Debtors, the U.S. Trustee, and the Committee may request additional information regarding the Invoiced Fees. The Debtors, the Committee, or the U.S. Trustee may dispute the payment of any portion of the Invoiced Fees (the "**Disputed Invoiced Fees**") if, within the Review Period, a Debtor, the Committee, or the U.S. Trustee notifies the submitting party in writing setting forth the specific objections to the Disputed Invoiced Fees (to be followed by the filing with the Court, if necessary, of a motion or other pleading, with at least ten (10) days prior written notice to the submitting party of any hearing on such motion or other pleading). For avoidance of doubt, the Debtors shall promptly pay in full all Invoiced Fees other than the Disputed Invoiced Fees.

(Page 84)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

(c)    In addition, as provided in the DIP Credit Agreements, the Debtors will indemnify each of the applicable DIP Lenders, the DIP Agents, the Prepetition Agents, the Prepetition Secured Parties, and each of their respective affiliates, successors, and assigns and the officers, directors, employees, agents, attorneys, advisors, controlling persons, and members of each of the foregoing (each an "**Indemnified Person**") and hold them harmless from and against all costs, expenses (including but not limited to reasonable and documented legal fees and expenses), and liabilities arising out of or relating to the transactions contemplated hereby and any actual or proposed use of the proceeds of any loans made under the DIP Facilities as and to the extent provided in the DIP Credit Agreements; provided that, notwithstanding anything herein or in the DIP Documents, the Debtors shall not indemnify any Indemnified Person against (i) a successful Challenge, or (ii) for costs, expenses or liabilities to the extent determined by a final, non-appealable judgment of a court of competent jurisdiction to have been incurred by reason of gross negligence and/or willful misconduct of such Indemnified Person.  No Indemnified Person shall have any liability (whether direct or indirect, in contract, tort, or otherwise) to the Debtors or any shareholders or creditors of the Debtors for or in connection with the DIP Financing contemplated hereby, except to the extent such liability is found in a final non-appealable judgment by a court of competent jurisdiction to have resulted solely from such Indemnified Person's gross negligence, fraud, or willful misconduct or breach of their obligations under the DIP Facilities, which indemnity shall have equal priority and lien status to the DIP Superpriority Claims.  For the avoidance of doubt, any Indemnified Person shall be indemnified hereunder against any Non-

(Page 85)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Participating Lender Claim, but this paragraph shall not modify the right to pursue any such Non-Participating Lender Claim, if any, solely as set forth in paragraph 40 herein.  In no event shall any Indemnified Person or any Debtor be liable on any theory of liability for any special, indirect, consequential, or punitive damages; <u>provided</u>, that this shall not affect the Debtors' indemnification obligations pursuant to the immediately preceding sentences.

22.    <u>No Third Party Rights</u>.  Except as explicitly provided for herein, this Final Order does not create any rights for the benefit of any third party, creditor, equity holder, or any direct, indirect, or incidental beneficiary.

23.    <u>Section 507(b) Reservation</u>.  Subject only to the Carve Out as provided herein, nothing herein shall impair or modify the application of section 507(b) of the Bankruptcy Code in the event that the adequate protection provided to the Prepetition Secured Parties is insufficient to compensate for any Diminution in Value of their interests in the Prepetition Collateral during these Cases.  Nothing contained herein shall be deemed a finding by the Court, or an acknowledgment by any of the Prepetition Secured Parties that the adequate protection granted herein does in fact adequately protect any of the Prepetition Secured Parties against any Diminution in Value of their respective interests in the Prepetition Collateral (including Cash Collateral).

24.    <u>Insurance</u>.  Until the DIP Obligations have been indefeasibly paid in full, at all times the Debtors shall maintain casualty and loss insurance coverage for the Prepetition Collateral and the DIP Collateral on substantially the same basis as maintained prior to the Petition Date and

(Page 86)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

from entry of the Interim Order and as ratified by this Final Order, shall deem named the DIP

Agents as loss payees or additional insureds, as applicable, thereunder.

25.    <u>No Waiver for Failure to Seek Relief</u>.  The failure or delay of the DIP Agents or

the applicable Required DIP Lenders to exercise rights and remedies under the DIP Orders, the

other DIP Documents, or applicable law, as the case may be, shall not constitute a waiver of their

respective rights hereunder, thereunder, or otherwise.

26.    <u>Perfection of the DIP Liens and Adequate Protection Liens</u>.

(a)    Without in any way limiting the automatically effective perfection of the

DIP Liens granted pursuant to paragraph 7 of this Final Order and the Adequate Protection Liens

granted pursuant to paragraphs 8(a), 9(a), 10(a), and 11(a) of this Final Order, the DIP Agents and

the Prepetition Agents are hereby authorized, but not required, to file or record financing

statements, intellectual property filings, mortgages, depository account control agreements,

notices of lien, or similar instruments in any jurisdiction in order to validate and perfect the liens

and security interests granted hereunder.  Whether or not the DIP Agents or the Prepetition Agents

shall (at the direction of the applicable required lenders) choose to file such financing statements,

intellectual property filings, mortgages, notices of lien, or similar instruments, such liens and

security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable, and

subject to the Challenge Period, not subject to challenge, dispute, or subordination as of the date

of entry of the Interim Order.  If the DIP Agents or the Prepetition Agents (at the direction of the

applicable required lenders) determine to file or execute any financing statements, agreements,

(Page 87)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

notice of liens, or similar instruments (which, in each case, shall be at the sole cost and expense of the Debtors), the Debtors shall use commercially reasonable efforts to cooperate and assist in any such execution and/or filings as reasonably requested by the DIP Agents or the Prepetition Agents (at the direction of the applicable required lenders), and the automatic stay shall be modified solely to allow such filings as provided for in the DIP Orders.

(b)       A certified copy of the Interim Order and/or this Final Order may, at the direction of the applicable Required DIP Lenders, be filed with or recorded in filing or recording offices by the DIP Agents or the Prepetition Agents in addition to or in lieu of such financing statements, mortgages, notices of lien, or similar instruments, and all filing offices are hereby authorized and directed to accept such certified copy of the Interim Order and/or this Final Order for filing and recording; provided, however, that notwithstanding the date of any such filing, the date of such perfection shall be the date of the Interim Order.

(c)       Any provision of any lease or other license, contract or other agreement that requires (i) the consent or approval of one or more landlords, lessors, or other parties or (ii) excluding any stamp-tax, the payment of any fees or obligations to any governmental entity, in order for any Debtor to pledge, grant, sell, assign, or otherwise transfer any such leasehold interest, or the proceeds thereof, or other collateral related thereto, is hereby deemed to be inconsistent with the applicable provisions of the Bankruptcy Code, subject to applicable law.  Any such provision shall have no force and effect with respect to the granting of the DIP Liens and the Adequate Protection Liens on such leasehold interest or the proceeds of any assignment and/or sale thereof

(Page 88)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

by any Debtor in accordance with the terms of the DIP Credit Agreements or the DIP Orders, subject to applicable law.

27.     <u>Release</u>. Subject to the rights and limitations set forth in paragraph 15 of this Final Order, each of the Debtors and the Debtors' estates, on its own behalf and on behalf of each of their predecessors, their successors, and assigns, shall, to the maximum extent permitted by applicable law, unconditionally, irrevocably, and fully forever release, remise, acquit, relinquish, irrevocably waive, and discharge, effective upon entry of the Interim Order and as ratified by this Final Order, each of the DIP Secured Parties, Prepetition Secured Parties, and each of their respective affiliates, former, current, or future officers, employees, directors, agents, representatives, owners, members, partners, financial advisors, legal advisors, shareholders, managers, consultants, accountants, attorneys, affiliates, assigns, and predecessors in interest, each in their capacity as such (collectively, the "**<u>Related Parties</u>**"), of and from any and all claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness and obligations, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, or judgments of every type, whether known, unknown, asserted, unasserted, suspected, unsuspected, accrued, unaccrued, fixed, contingent, pending, or threatened, including, without limitation, all legal and equitable theories of recovery, arising under common law, statute, or regulation or by contract, of every nature and description that exist on the date hereof with respect to or relating to the DIP Obligations, the DIP Liens, the DIP Documents, the Prepetition Obligations, the Prepetition Liens, or the Prepetition Documents,

(Page 89)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

as applicable, including, without limitation: (i) any so-called "lender liability" or equitable subordination claims or defenses, (ii) any and all claims and causes of action arising under the Bankruptcy Code, and (iii) any and all claims and causes of action regarding the validity, priority, extent, enforceability, perfection, or avoidability of the liens or claims of the DIP Secured Parties and the Prepetition Secured Parties; <u>provided</u> that nothing in this paragraph shall in any way limit or release the obligations of any DIP Secured Party under the DIP Orders and the other DIP Documents.  For the avoidance of doubt and, notwithstanding anything herein or in the DIP Documents to the contrary, nothing in this Final Order shall release any claims against Del Monte Pacific Limited and Del Monte Philippines Inc. (collectively, "**<u>DMPL</u>**").

28.    <u>Credit Bidding</u>.  Subject to section 363(k) of the Bankruptcy Code and the rights of parties in interest pursuant to paragraph 15 of this Final Order, the DIP Agents (at the direction of the applicable Required DIP Lenders), the Super-Senior Agent (at the direction of the Requisite Lenders), and the Prepetition ABL Agent (at the direction of the Required Lenders) shall have the right to credit bid (either directly or through one or more acquisition vehicles) up to the full amount of the underlying lenders' respective claims, including, for the avoidance of doubt, Adequate Protection Superpriority Claims, if any, in any sale of all or any portion of the Prepetition Collateral or the DIP Collateral including, without limitation, sales occurring pursuant to section 363 of the Bankruptcy Code or included as part of any chapter 11 plan subject to confirmation under sections 1129(b)(2)(A)(ii)–(iii) of the Bankruptcy Code; <u>provided</u>, that the rights of parties in interest (including the Committee) to object to any proposed plan on any other basis are fully reserved

(Page 90)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

provided that any party's credit bid rights pursuant to this paragraph shall be subject in all respects to the DIP Orders (including the Lien / Claim Priorities), the other DIP Documents, and the Prepetition Intercreditor Agreements.

29.     Preservation of Rights Granted Under this Final Order.

(a)     Unless and until all DIP Obligations are indefeasibly paid in full, in cash, and all New Money Commitments and DIP ABL Commitments are terminated and all DIP ABL LCs are cash collateralized, the Prepetition Secured Parties shall: (i) have no right to and shall take no action to foreclose upon, or recover in connection with, the liens granted thereto pursuant to the Prepetition Documents or the DIP Orders, or otherwise seek to exercise or enforce any rights or remedies against such DIP Collateral; and (ii) not file any further financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments, or otherwise take any action to perfect their security interests in the DIP Collateral, except as set forth in paragraph 31 herein.

(b)     In the event this Final Order or any provision hereof is vacated, reversed, or modified on appeal or otherwise, any liens or claims granted to the DIP Secured Parties or the Prepetition Secured Parties hereunder arising prior to the effective date of any such vacatur, reversal, or modification of this Final Order shall be governed in all respects by the original provisions of this Final Order, including entitlement to all rights, remedies, privileges, and benefits granted herein, and the Prepetition Secured Parties shall be entitled to all the rights, remedies, privileges, and benefits afforded in section 364(e) of the Bankruptcy Code.

(Page 91)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

(c)     Unless and until all DIP Obligations, Prepetition Obligations, and Adequate Protection Obligations are indefeasibly paid in full, in cash, and all New Money Commitments and DIP ABL Commitments are terminated, the entry of any order in these Cases shall be an Event of Default for purposes of the DIP Credit Agreements and a Termination Event if such order authorizes any of the following (unless such order provides for the simultaneous satisfaction of such obligations): (i) except as permitted under the DIP Documents or, if not provided for therein, with the prior written consent of the DIP Agents, the applicable Required DIP Lenders, and the Prepetition Agents (acting at the direction of the applicable required lenders), (x) any modification, stay, vacatur, or amendment of this Final Order, (y) a priority claim for any administrative expense or unsecured claim against any of the Debtors (now existing or hereafter arising of any kind or nature whatsoever, including, without limitation, any administrative expense of the kind specified in sections 503(b), 507(a), or 507(b) of the Bankruptcy Code) in any of these Cases, *pari passu* with or senior to the DIP Superpriority Claims, the Adequate Protection Superpriority Claims, or the Prepetition Obligations, or (z) any other order allowing use of the DIP Collateral; (ii) except as permitted under the DIP Documents (including the Carve Out), any lien on any of the DIP Collateral or the Prepetition Collateral with priority equal or superior to the DIP Liens, the Adequate Protection Liens or the Prepetition Liens, as applicable; (iii) the use of Cash Collateral for any purpose other than as permitted in the DIP Documents and the DIP Orders; and (iv) except as set forth in the DIP Documents, the return of goods pursuant to section 546(h) of the Bankruptcy Code (or other return of goods on account of any prepetition indebtedness) to any creditor of any

(Page 92)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Debtor; (v) an order converting or dismissing any of these Cases; provided, however, that none of the foregoing shall require the Debtors to violate their fiduciary duties.

(d)      Notwithstanding any order dismissing any of these Cases entered at any time, (x) the DIP Liens, the DIP Superpriority Claims, the Adequate Protection Liens, the Adequate Protection Superpriority Claims, and the other administrative claims granted pursuant to the DIP Orders shall continue in full force and effect and shall maintain their priorities as provided in the DIP Orders until all DIP Obligations and Adequate Protection Payments are indefeasibly paid in full in cash (and such DIP Liens, DIP Superpriority Claims, Adequate Protection Liens, Adequate Protection Superpriority Claims, and the other administrative claims granted pursuant to the DIP Orders, shall, notwithstanding such dismissal, remain binding on all parties in interest); and (y) to the fullest extent permitted by law the Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens, and security interests referred to in clause (x) above.

(e)      Except as expressly provided in the DIP Orders or the other DIP Documents, and subject to the rights of parties in interest specifically set forth in paragraph 15 of this Final Order (and subject to the limitations thereon contained in such paragraph or otherwise in this Final Order), the DIP Liens, the DIP Superpriority Claims, the Adequate Protection Liens, the Adequate Protection Superpriority Claims, and all other rights and remedies of the DIP Secured Parties and the Prepetition Secured Parties granted by the provisions of this Final Order and the other DIP Documents shall survive, and shall not be modified, impaired, or discharged by (i) the

(Page 93)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

entry of an order converting any of these Cases to a case under chapter 7, dismissing any of these Cases, terminating the joint administration of these Cases or by any other act or omission, (ii) the entry of an order approving the sale of any Prepetition Collateral or DIP Collateral pursuant to section 363(b) of the Bankruptcy Code, or (iii) the entry of an order confirming a chapter 11 plan in any of these Cases and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtors have waived any discharge as to any remaining DIP Obligations or Adequate Protection Obligations.  The terms and provisions of this Final Order and the other DIP Documents shall continue in these Cases, in any case under chapter 7 of the Bankruptcy Code upon the conversion of any of these Cases, or in any other proceedings superseding or related to any of the foregoing (collectively, the "**Successor Cases**").  The DIP Liens, the DIP Superpriority Claims, the Adequate Protection Liens, the Adequate Protection Superpriority Claims, and all other rights and remedies of the DIP Secured Parties and the Prepetition Secured Parties granted by the provisions of this Final Order shall continue in full force and effect until the DIP Obligations and the Adequate Protection Payments are indefeasibly paid in full, in cash or, with respect to the DIP Obligations, otherwise satisfied in a manner agreed to by the applicable Required DIP Lenders and the DIP Agents (acting at the direction of the applicable Required DIP Lenders).

(f)     Other than as set forth in the DIP Orders, subject to the Carve Out as set forth herein, neither the DIP Liens nor the Adequate Protection Liens shall be made subject to or *pari passu* with any lien or security interest granted in any of these Cases or arising after the Petition Date, and neither the DIP Liens nor the Adequate Protection Liens shall be subject or

(Page 94)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

junior to any lien or security interest that is avoided and preserved for the benefit of the Debtors'
estates under section 551 of the Bankruptcy Code.

(g)    *Saddle Creek Corporation.*  For the avoidance of doubt, any liens and other
relief granted hereunder do not prime and do not otherwise impair the Prior Senior Liens held by
Saddle Creek Corporation ("**SCC**") arising out of SCC's continuing possessory warehouseman's
lien only against the Debtors' goods stored at SCC's facility from time to time, as permitted under
Article 7 of the Uniform Commercial Code, which liens are valid, binding, perfected, enforceable,
non-avoidable, and senior in priority to the Prepetition Liens (as the Prepetition Liens existed on
the Petition Date) pursuant to applicable law and that certain Warehouse Services Agreement,
dated as of December 6, 2019, among the Debtors and SCC, as amended from time to time.

(h)    *ASIC.*  Notwithstanding anything in this Final Order to the contrary, nothing
in the DIP Orders shall prime, modify, limit, alter, or expand any rights and/or interests that
Atlantic Specialty Insurance Company, the issuer of surety bonds on behalf of the Debtors, has or
may have under any of its surety bonds, any related indemnity agreements, bonded contracts,
collateral agreements, and/or in any of its cash collateral to the extent that such rights and/or
interests (i) as of the Petition Date, are not property of the Debtors; or (ii) constitute Prior Senior
Liens, which includes Atlantic Specialty Insurance Company's rights and/or interests in its cash
collateral.

(i)    *Texas Taxing Authorities*.  Notwithstanding any other provisions in this
Final Order or any final orders pertaining to post-petition financing or the use of cash collateral in

(Page 95)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

these Chapter 11 Cases, any statutory liens on account of ad valorem taxes held by the Texas

Taxing Authorities[8] (the "**Tax Liens**") that constitute Prior Senior Liens shall neither be primed

by nor made subordinate to any liens granted to any party hereby to the extent the Tax Liens are

valid, binding, enforceable, senior, perfected, and non-unavoidable, and all parties' rights to object

to the priority, validity, amount, enforceability, perfection, and extent of the purported claims and

liens asserted by the Texas Taxing Authorities (including but not limited to the Tax Liens) are

fully preserved.

(j)    *PCP and Morning Star.*   Notwithstanding anything to the contrary in this

Final Order and/or documents related thereto, including but not limited to the DIP Documents, (1)

the Products (as defined in the Products Supply Agreement between Del Monte Foods Corporation

II Inc., The Morning Star Packaging Company L.P., and Pacific Coast Producers, effective as of

January 8, 2025, including its appendices and exhibits, in each case as in effect on the date of this

Final Order (the "**Supply Agreement**")) and (2) the Irrevocable Standby Letter of Credit Number

NUSCGS057352 issued by JPMorgan Chase Bank N.A. in favor of The Morning Star Packaging

Company L.P. and Pacific Coast Producers  (the "**PCP LP**"), shall not constitute part of the DIP

Collateral or the Adequate Protection Collateral, and the Products and PCP LP, and proceeds

thereof, shall not be subject to any encumbrances including, but not limited to, liens, security

interests, or claims including, but not limited to, DIP Liens, Adequate Protection Liens,  DIP

---

[8]   The term Texas Taxing Authorities is defined as Dallas County, Galveston County, Lone Star College System, Tarrant County, and Eagle Mountain-Saginaw ISD.

(Page 96)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Superpriority Claims, or 507(b) Claims, provided, however, that the foregoing does not apply to (x) any Products for which title has transferred to the Debtors pursuant to the terms of the Supply Agreement, (y) any proceeds of such Products described in the foregoing clause (x), and (z) any rights and interests of the Debtors in the Supply Agreement, Products or the PCP LP (which rights and interests shall be DIP Collateral and Adequate Protection Collateral). Nothing in this Final Order shall alter or otherwise affect the rights and obligations of the parties under the Supply Agreement and the PCP LP, and applicable law, and any such rights and obligations are expressly preserved.

30. <u>Limitation on Use of DIP Facilities Proceeds, DIP Collateral, and Cash Collateral</u>. Notwithstanding anything to the contrary set forth in the DIP Orders, none of the DIP Facilities, the DIP Collateral, the Prepetition Collateral, including Cash Collateral, or the Carve Out or proceeds thereof may be used: (a) to investigate (including by way of examinations or discovery proceedings), initiate, assert, prosecute, join, commence, support, or finance the initiation or prosecution of any claim, counterclaim, action, suit, arbitration, proceeding, application, motion, objection, defense, adversary proceeding, or other litigation of any type (i) against any of the DIP Secured Parties or the Prepetition Secured Parties (each in their capacities as such), and each of their respective affiliates, officers, directors, employees, agents, representatives, attorneys, consultants, financial advisors, affiliates, assigns, or successors, with respect to any transaction, occurrence, omission, action, or other matter (including formal discovery proceedings in anticipation thereof), including, without limitation, any so-called "lender liability" claims and

(Page 97)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

causes of action, or seeking relief that would impair the rights and remedies of the DIP Secured Parties or the Prepetition Secured Parties (each in their capacities as such) under the DIP Orders, the other DIP Documents, or the Prepetition Documents, including, without limitation, for the payment of any services rendered by the professionals retained by the Debtors or the Committee in connection with the assertion of or joinder in any claim, counterclaim, action, suit, arbitration, proceeding, application, motion, objection, defense, adversary proceeding, or other contested matter, the purpose of which is to seek, or the result of which would be to obtain, any order, judgment, determination, declaration, or similar relief that would impair the ability of any of the DIP Secured Parties or the Prepetition Secured Parties to recover on the DIP Collateral or the Prepetition Collateral or seeking affirmative relief against any of the DIP Secured Parties or the Prepetition Secured Parties related to the DIP Obligations or the Prepetition Obligations; (ii) invalidating, setting aside, avoiding, or subordinating, in whole or in part, the DIP Obligations or the Prepetition Obligations, or the DIP Secured Parties', and the Prepetition Secured Parties' liens or security interests in the DIP Collateral or Prepetition Collateral, as applicable; or (iii) for monetary, injunctive, or other affirmative relief against the DIP Secured Parties or the  Prepetition Secured Parties' respective liens on or security interests in the DIP Collateral or the Prepetition Collateral that would impair the ability of any of the DIP Secured Parties or the Prepetition Secured Parties, as applicable, to assert or enforce any lien, claim, right, or security interest or to realize or recover on the DIP Obligations or the Prepetition Obligations, to the extent applicable; (b) for objecting to or challenging in any way the legality, validity, priority, perfection, or enforceability

(Page 98)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

of the claims, liens, or interests (including the Prepetition Liens) held by or on behalf of each of the Prepetition Secured Parties related to the Prepetition Obligations, or by or on behalf of the DIP Secured Parties related to the DIP Obligations; (c) for asserting, commencing, or prosecuting any claims or causes of action whatsoever, including, without limitation, any Avoidance Actions related to the DIP Obligations, the DIP Liens, the Prepetition Obligations, or the Prepetition Liens; or (d) for prosecuting an objection to, contesting in any manner, or raising any defenses to, the validity, extent, amount, perfection, priority, or enforceability of: (x) any of the DIP Liens or any other rights or interests of the DIP Secured Parties related to the DIP Obligations or the DIP Liens, or (y) any of the Prepetition Liens or any other rights or interests of any of the Prepetition Secured Parties related to the Prepetition Obligations or the Prepetition Liens, provided that no more than $200,000 of the proceeds of the DIP Facilities, the DIP Collateral, or the Prepetition Collateral, including Cash Collateral, in the aggregate, may be used by the Committee solely to investigate and not to prosecute or seek standing to prosecute, within the Challenge Period (as defined below), the claims, causes of action, adversary proceedings, or other litigation against the Prepetition Secured Parties solely concerning the legality, validity, priority, perfection, enforceability or extent of the claims, liens, or interests (including the Prepetition Liens) held by or on behalf of each of the Prepetition Secured Parties related to the Prepetition Obligations.  For the avoidance of doubt, the limitations in this paragraph shall not prevent the Committee from asserting administrative expense claims for any fees and expenses incurred or any party from objecting to such claims.

(Page 99)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

31.   <u>Conditions Precedent</u>.   No DIP Lender shall have any obligation to make any DIP Loan under the respective DIP Documents unless all of the conditions precedent to the making of such extensions of credit under the applicable DIP Documents have been satisfied in full or waived in accordance with such DIP Documents.

32.   <u>Prepetition Intercreditor Agreement</u>.   Pursuant to section 510 of the Bankruptcy Code, any applicable intercreditor or subordination provisions contained in any of the Prepetition Documents, including the Prepetition Intercreditor Agreement, the Super-Senior Credit Agreement, and the Prepetition ABL Credit Agreement shall remain in full force and effect; <u>provided</u> that nothing in this Final Order shall be deemed to provide liens to any Prepetition Secured Party on any assets of the Debtors except as set forth herein.

33.   <u>Binding Effect; Successors and Assigns</u>.   The provisions of this Final Order and the other DIP Documents, including all findings herein, shall be binding upon all parties in interest in these Cases, including, without limitation, the DIP Secured Parties, the Prepetition Secured Parties, the Committee, and the Debtors and their respective successors and permitted assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of any of the Debtors, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of any of the Debtors or with respect to the property of the estate of any of the Debtors) and shall inure to the benefit of the DIP Secured Parties and the applicable Prepetition Secured Parties; <u>provided</u> that, except to the extent expressly set forth in the DIP Orders, the Prepetition Secured Parties shall have no obligation to permit the use of

(Page 100)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Cash Collateral or to extend any financing to any chapter 7 trustee or similar responsible person appointed for the estates of the Debtors. In determining to make any loan (whether under the DIP Credit Agreements, a promissory note, or otherwise) to permit the use of Cash Collateral pursuant to the DIP Orders or the other DIP Documents, the DIP Secured Parties and the Prepetition Secured Parties shall not (i) be deemed to be in control of the operations of the Debtors, or (ii) owe any fiduciary duty to the Debtors, their respective creditors, shareholders, or estates.

34.  <u>Limitation of Liability</u>.  In determining to make any loan under the DIP Documents, or permitting the use of Cash Collateral, pursuant to the DIP Orders or the other DIP Documents, the DIP Secured Parties and the Prepetition Secured Parties shall not, solely by reason thereof, be deemed in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtors (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 et seq. as amended, or any similar federal or state statute).  Furthermore, nothing in this Final Order or the other DIP Documents shall in any way be construed or interpreted to impose or allow the imposition upon the DIP Secured Parties or any Prepetition Secured Parties of any liability for any claims arising from the prepetition or post-petition activities of any of the Debtors.

35.  <u>No Requirement to File Claim for DIP Obligations</u>.  Notwithstanding anything to the contrary contained in any prior or subsequent order of the Court, including, without limitation, any order establishing a deadline for the filing of proofs of claim or requests for payment of

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

administrative expenses under section 503(b) of the Bankruptcy Code, neither the DIP Agents nor any DIP Lender shall be required to file any proof of claim or request for payment of administrative expenses with respect to any of the DIP Obligations, all of which shall be due and payable in accordance with the DIP Documents without the necessity of filing any such proof of claim or request for payment of administrative expenses, and the failure to file any such proof of claim or request for payment of administrative expenses shall not affect the validity, priority, or enforceability of any of the DIP Documents or of any indebtedness, liabilities, or obligations arising at any time thereunder or prejudice or otherwise adversely affect the DIP Agents' or any DIP Lender's rights, remedies, powers, or privileges under any of the DIP Documents, the DIP Orders, or applicable law.  The provisions set forth in this paragraph are intended solely for the purpose of administrative convenience and shall not affect the substantive rights of any party in interest or their respective successors in interest.

36.     <u>No Requirement to File Claim for Prepetition Obligations</u>.  Notwithstanding anything to the contrary contained in any prior or subsequent order of the Court, including, without limitation, any order establishing a deadline for the filing of proofs of claim or requests for payment of administrative expenses under section 503(b) of the Bankruptcy Code, neither the Prepetition Agents nor any Prepetition Secured Parties shall be required to file any proof of claim or request for payment of administrative expenses with respect to any of the Prepetition Obligations; and the failure to file any such proof of claim or request for payment of administrative expenses shall not affect the validity, priority, or enforceability of any of the Prepetition

(Page 102)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

Documents or of any indebtedness, liabilities, or obligations arising at any time thereunder or prejudice or otherwise adversely affect the Prepetition Agents' or any Prepetition Secured Party's rights, remedies, powers, or privileges under any of the Prepetition Documents, the DIP Orders, or applicable law. The provisions set forth in this paragraph are intended solely for the purpose of administrative convenience and shall not affect the substantive rights of any party in interest or their respective successors in interest.

37.    No Marshaling. Subject to the priorities set forth in the DIP Orders (including the Lien / Claim Priorities), the DIP Agents and the DIP Secured Parties shall not be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any of the DIP Collateral, and proceeds of the DIP Collateral shall be received and applied pursuant to the DIP Orders, the other DIP Documents, and the Prepetition Documents, notwithstanding any other agreement or provision to the contrary, and the Prepetition Secured Parties shall not be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any of the Prepetition Collateral.

38.    Application of Proceeds of DIP Collateral. Except as set forth in this Final Order, and subject to the priorities set forth in the DIP Orders (including the Lien / Claim Priorities), the Debtors and the DIP Secured Parties shall use commercially reasonable efforts to repay the DIP Obligations (a) first, from all DIP Collateral other than DIP Collateral comprising Previously Unencumbered Property and (b) second, from all DIP Collateral comprising Previously Unencumbered Property. Notwithstanding anything herein to the contrary, for the avoidance of

(Page 103)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

doubt, the marshalling provisions herein shall not apply to any newly created, acquired, or arising postpetition DIP Collateral which is DIP Collateral hereunder pursuant to section 552(b) of the Bankruptcy Code or otherwise with respect to assets of the type constituting ABL Priority Collateral.

39.   <u>Equities of the Case</u>.  The Prepetition Secured Parties shall each be entitled to all the rights and benefits of section 552(b) of the Bankruptcy Code, and the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to the Prepetition Secured Parties with respect to proceeds, product, offspring, or profits of any of the Collateral (including the Prepetition Collateral).

40.   <u>Findings and Conclusions Do Not Preclude Pursuit of Non-Participating Lender Claims</u>.  Notwithstanding anything set forth herein or in the DIP Documents, nothing in the DIP Orders shall waive, release, preclude, prejudice, or modify the rights of the Minority Lender Ad Hoc Group or the members of such group identified in the *Verified Statement of the Ad Hoc Group of Minority Secured Lenders, Pursuant to Bankruptcy Rule 2019* filed on August 4, 2025 at D.I. 295 to pursue any claim or cause of action arising out of or relating to the roll-up of Super-Senior First-Out Loans (any of the foregoing, a "**Non-Participating Lender Claim**") commenced on or prior to the date that is twenty-eight (28) days after the date of the conclusion of the Auction (as defined in the Bidding Procedures[9]) (and such commencement shall be in the Bankruptcy Court),

---

[9]   "Bidding Procedures" has the meaning given such term in the *Debtors' Motion for Entry of an Order (I) Approving the Auction and Bidding Procedures in Connection with the Sale of Substantially all of the Debtors' Assets, (II) Authorizing the Debtors to Enter into the Stalking Horse Purchase Agreement, (III) Scheduling an*

(Page 104)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief |

or bind any such holder with respect to any factual matter or through application of issue preclusion, claim preclusion, collateral estoppel, res judicata or any similar doctrine in connection with any Non-Participating Lender Claim, in each case, notwithstanding the failure of the Minority Lender Ad Hoc Group to bring a Challenge in accordance with the provisions of paragraph 15 of the Interim Order and paragraph 15 of this Final Order.

41.     <u>Effect of this Final Order</u>.  This Final Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable immediately upon execution hereof.

42.     <u>Supporting Documents</u>.  All landlord access agreements, landlord waivers, license agreements, and other documents with third parties that were entered into in connection with the Prepetition Documents shall continue in full force and effect and apply *mutatis mutandis* to the DIP Documents and the DIP Obligations.  All of the terms of the Prepetition Documents that provided for the guarantee of the Prepetition Obligations by the guarantors thereof, shall apply *mutatis mutandis* to the Debtors and each Debtor shall be a guarantor (pursuant to such terms) of the DIP Obligations.

43.     <u>Retention of Jurisdiction</u>.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Final Order.

---

*Auction and Sale Hearing, (IV) Approving the Form and Manner of Notice Thereof, and (V) Approving the Sale of Substantially all of the Debtors' Assets, and (V) Granting Related Relief* [D.I. 190].