Caption in Compliance with D.N.J. LBR 9004-1(b)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| In re: | Chapter 11 |
| Del Monte Foods Corporation II Inc., *et al.*,[1] | Case No. 25-16984 (MBK) |
| Debtors. | (Jointly Administered) |

Order Filed on August 13, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## FINAL ORDER (A) AUTHORIZING DEBTORS TO PAY PREPETITION CLAIMS OF CRITICAL VENDORS, LIENHOLDERS, 503(B)(9) CLAIMANTS, AND PACA VENDORS; (B) DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS PAYMENTS IN CONNECTION THEREWITH; AND (C) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through eight (8), is **ORDERED**.

DATED: August 13, 2025

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor Del Monte Foods Corporation II Inc.'s tax identification number are 1894. A complete list of the Debtors in these Chapter 11 Cases and their respective tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent, at https://cases.stretto.com/DelMonteFoods. The location of the Debtor Del Monte Foods Corporation II Inc.'s principal place of business and the Debtors' service address is 205 North Wiget Lane, Walnut Creek, California 94598.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff (admitted *pro hac vice*)
Rachael L. Ringer (admitted *pro hac vice*)
Megan M. Wasson (admitted *pro hac vice*)
Ashland J. Bernard (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
E-mail: Adam.Rogoff@HSFKramer.com
         Rachael.Ringer@HSFKramer.com
         Megan.Wasson@HSFKramer.com
         Ashland.Bernard@HSFKramer.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
David M. Bass
Felice R. Yudkin
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:  msirota@coleschotz.com
         dbass@coleschotz.com
         fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page 3)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II, INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors, Lienholders, 503(B)(9) Claimants, and PACA Vendors; (B) Directing Financial Institutions to Honor and Process Payments in Connection Therewith; and (C) Granting Related Relief |

Upon the motion (the "**Motion**")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") seeking entry of an order (this "**Final Order**") (a) authorizing, but not directing, the Debtors, in their sole discretion, to pay, in the ordinary course of business, the prepetition claims of certain Domestic Critical Vendors, Foreign Critical Vendors, Lienholders, 503(b)(9) Claimants, and PACA Vendors; (b) authorizing, but not directing, the Banks to honor and process checks and electronic transfer requests related to the foregoing; and (c) granting related relief, all as more fully set forth in the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the Standing Order; and this Court having found that venue of the Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that due and proper notice of the Motion has been given, and that no other or further notice is required or necessary under the circumstances; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and upon the record in the Chapter 11 Cases and all of the proceedings had before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors, Lienholders, 503(B)(9) Claimants, and PACA Vendors; (B) Directing Financial Institutions to Honor and Process Payments in Connection Therewith; and (C) Granting Related Relief |

1. The Motion is **GRANTED** as set forth herein on a final basis.

2. The Debtors are authorized, but not directed, in their discretion and exercise of reasonable business judgment, to pay, honor, or otherwise satisfy prepetition claims held by Domestic Critical Vendors, Foreign Critical Vendors, Lienholders, 503(b)(9) Claimants, and PACA Vendors in the ordinary course of their business and consistent with historical practice, subject to the terms of this Final Order.

3. For the avoidance of doubt, "**PACA**" as defined in the Motion shall include the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§ 499a–499t and all applicable local or state statutes of similar effect, including California Food & Agricultural Code Section 55631.

4. The Debtors are further authorized, but not directed, in their discretion, to condition the payment of a Critical Vendor claim on the agreement of the Critical Vendor (i) to continue supplying goods and services to the Debtors on the Customary Trade Terms, or such other trade terms that are at least as favorable to the Debtors as those in place during the twelve (12) months prior to the Petition Date, or as otherwise agreed to by the Debtors, in the reasonable exercise of their business judgment, and the Critical Vendor; and (ii) not to cancel on less than ninety (90) calendar days' notice any contract or agreement pursuant to which they provide goods or services to the Debtors. The Debtors will consult with the Official Committee of Unsecured Creditors (the "**Committee**") on a weekly basis regarding all prepetition claims paid, honored, or otherwise satisfied pursuant to this Final Order.

(Page 5)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors, Lienholders, 503(B)(9) Claimants, and PACA Vendors; (B) Directing Financial Institutions to Honor and Process Payments in Connection Therewith; and (C) Granting Related Relief |

5.  The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Final Order, including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category, nature or type of payment; (d) the payment due; and (e) the Debtor or Debtors that made such payment. The Debtors shall provide a copy of such matrix/schedule to (i) the Office of the United States Trustee for the District of New Jersey (the "**U.S. Trustee**"), One Newark Center, Suite 2100 Newark, NJ 07102, Attn: Jeffrey M. Sponder (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie (Lauren.Bielskie@usdoj.gov); (ii) counsel to the Prepetition ABL Agent / DIP ABL Agent, Simpson Thacher & Bartlett LLP, 425 Lexington Ave, New York, New York 10017, Attn: Sandeep Qusba (squsba@stblaw.com), Nicholas E. Baker (nbaker@stblaw.com), Dov Gottlieb (dov.gottlieb@stblaw.com), and Zachary J. Weiner (zachary.weiner@stblaw.com); (iii) counsel to the Ad Hoc Term Lender Group, (A) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com), Jason Z. Goldstein (jgoldstein@gibsondunn.com), Francis Petrie (fpetrie@gibsondunn.com), Kevin Liang (kliang@gibsondunn.com), and Simon Briefel (sbriefel@gibsondunn.com), and (B) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, 1037 Raymond Blvd, Newark, New Jersey 07102, Attn: Andrew H. Sherman (asherman@sillscummis.com) and Gregory A. Kopacz (gkopacz@sillscummis.com), and (iv) proposed counsel to the Committee, (A) Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019, Attn: Lorenzo Marinuzzi (lmarinuzzi@mofo.com), Oksana Lashko (olashko@mofo.com), Raff Ferraioli (rferraioli@mofo.com), and Darren Smolarski (dsmolarski@mofo.com), and (B) Kelley Drye &

(Page 6)
| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors, Lienholders, 503(B)(9) Claimants, and PACA Vendors; (B) Directing Financial Institutions to Honor and Process Payments in Connection Therewith; and (C) Granting Related Relief |

Warren LLP, One Jefferson Road, 2nd Floor, Parsippany, New Jersey 07054, Attn: James Carr (jcarr@KelleyDrye.com), Kristin Elliott (kelliott@KelleyDrye.com), and Connie Choe (cchoe@KelleyDrye.com) (the parties in clauses (i) through (iv) collectively, the "**Notice Parties**") on a monthly basis beginning upon entry of this Final Order, provided, however, that any information provided to the Committee pursuant to this paragraph shall be on a "professional eyes only" basis. The Debtors shall provide the advisors to the Notice Parties with reasonable access to the Debtors and their advisors with respect to such matrix, and the rights of the Notice Parties to seek additional disclosures from the Debtors in connection with any payments made or to be made pursuant to the Interim Order or this Final Order are expressly reserved and shall not be prejudiced by entry of the Interim Order or this Final Order.

6. Nothing herein shall impair or prejudice the rights of the U.S. Trustee, the Ad Hoc Term Lender Group, the Super-Senior Agent, the Prepetition ABL Agent, the DIP Agents, and the Committee, which are expressly reserved, to object to any payment made pursuant to this Final Order to an "insider" (as such term is defined in section 101(31) of the Bankruptcy Code) or any affiliate of an insider to the Debtors. To the extent the Debtors intend to make a payment pursuant to this Final Order to an insider or an affiliate of an insider of the Debtors, the Debtors shall provide seven (7) calendar days' advance notice to object by the U.S. Trustee, the Ad Hoc Term Lender Group, the Super-Senior Agent, the Prepetition ABL Agent, the DIP Agents, and the Committee; *provided* that if any party objects to a payment, the Debtors shall not make such payment without order of this Court.

| | |
|---|---|
| (Page 7) | |
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors, Lienholders, 503(B)(9) Claimants, and PACA Vendors; (B) Directing Financial Institutions to Honor and Process Payments in Connection Therewith; and (C) Granting Related Relief |

7. The Banks are authorized, but not directed, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, on, or after the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

8. Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity, or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action, or other rights

(Page 8)

| | |
|---|---|
| Debtors: | DEL MONTE FOODS CORPORATION II INC., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors, Lienholders, 503(B)(9) Claimants, and PACA Vendors; (B) Directing Financial Institutions to Honor and Process Payments in Connection Therewith; and (C) Granting Related Relief |

of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

9. Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of cash collateral and/or the Debtors' entry into any postpetition financing facilities or credit agreements, and any budgets in connection therewith governing any such postpetition financing and/or use of cash collateral (each such order, a "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice thereof and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.