Caption in Compliance with D.N.J. LBR 9004-1(b)

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| In re:<br><br>Del Monte Foods Corporation II Inc., *et al.*,[7]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16984 (MBK)<br><br>(Jointly Administered) |

Order Filed on November 17, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

### ORDER (I) AUTHORIZING THE DEBTORS TO MAKE CERTAIN CRITICAL TRANSITION PAYMENTS AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through five (5), is **ORDERED**.

**DATED: November 17, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[7] The last four digits of Debtor Del Monte Foods Corporation II Inc.'s tax identification number are 1894. A complete list of the Debtors in these Chapter 11 Cases and their respective tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent, at https://cases.stretto.com/DelMonteFoods. The location of the Debtor Del Monte Foods Corporation II Inc.'s principal place of business and the Debtors' service address is 205 North Wiget Lane, Walnut Creek, California 94598.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff (admitted *pro hac vice*)
Rachael L. Ringer (admitted *pro hac vice*)
Megan M. Wasson (admitted *pro hac vice*)
Ashland J. Bernard (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
E-mail:   Adam.Rogoff@HSFKramer.com
              Rachael.Ringer@HSFKramer.com
              Megan.Wasson@HSFKramer.com
              Ashland.Bernard@HSFKramer.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
David M. Bass
Felice R. Yudkin
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:   msirota@coleschotz.com
             dbass@coleschotz.com
             fyudkin@coleschotz.com

*Co-Counsel to the Debtors and
Debtors in Possession*

| | |
|---|---|
| Debtors: | Del Monte Foods Corporation II Inc., *et al.* |
| Case No. | 25-16984 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Make Certain Critical Transition Payments and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Make Certain Critical Transition Payments and (II) Granting Related Relief* (the "**Motion**"),[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**") (i) authorizing the Debtors to make the Transition Payments to the Critical Outsourced Personnel and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERD THAT**

1. The Motion is **GRANTED** as set forth herein.

2. The Transition Payments are hereby approved. The Debtors are hereby authorized to make such Transition Payments to the Critical Outsourced Personnel upon the corresponding Critical Outsourced Personnel's commencement of employment with Accenture, and to perform, execute, and deliver all documents, and take all actions necessary to satisfy the Transition

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the First Day Declaration or the Goulding Declaration, as applicable.

(Page | 4)
Debtors: Del Monte Foods Corporation II Inc., *et al.*
Case No. 25-16984 (MBK)
Caption of Order: Order (I) Authorizing the Debtors to Make Certain Critical Transition Payments (II) Granting Related Relief

Payments pursuant to the terms set forth in the applicable governing documents, and to enforce the terms and conditions of the Transition Payments, as described in the Motion.

3. For the avoidance of doubt, nothing herein shall be deemed to authorize the payment of any amounts that violate or implicate section 503(c) of the Bankruptcy Code.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party

Debtors: Del Monte Foods Corporation II Inc., *et al.*
Case No. 25-16984 (MBK)
Caption of Order: Order (I) Authorizing the Debtors to Make Certain Critical Transition Payments (II) Granting Related Relief

in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

7. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be immediately effective and enforceable upon entry hereof.

8. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, including, for the avoidance of doubt, enforcement of the Clawback Provision.