**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff, Esq. (admitted *pro hac vice*)
Rachael L. Ringer, Esq. (admitted *pro hac vice*)
Megan M. Wasson, Esq. (admitted *pro hac vice*)
Ashland J. Bernard, Esq. (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000

*Co-Counsel to the Debtors and*
*Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Del Monte Foods Corporation II Inc., *et al.*,[1] | Case No. 25-16984 (MBK) |
| Debtors. | (Jointly Administered) |

### DEBTORS' OBJECTION TO (I) MOTION OF THE AD HOC GROUP OF MINORITY SECURED LENDERS FOR ENTRY OF AN ORDER ADDING THE AD HOC GROUP OF MINORITY SECURED LENDERS AS AN ADDITIONAL MEDIATION PARTY TO THE PROPOSED MEDIATION AND (II) APPLICATION FOR AN ORDER SHORTENING TIME FOR THE MOTION OF THE AD HOC GROUP OF MINORITY SECURED LENDERS FOR ENTRY OF AN ORDER ADDING THE AD HOC GROUP OF MINORITY SECURED LENDERS AS AN <u>ADDITIONAL MEDIATION PARTY TO THE PROPOSED MEDIATION</u>

The above-captioned debtors and debtors in possession (collectively, the "**<u>Debtors</u>**") file

this objection to the (i) *Motion of the Ad Hoc Group of Minority Secured Lenders for Entry of an*

*Order Adding the Ad Hoc Group of Minority Secured Lenders as an Additional Mediation Party*

*to the Proposed Mediation* [Dkt. No. 876] (the "**<u>Additional Mediation Party Motion</u>**"),[2] and

---

[1] The last four digits of Debtor Del Monte Foods Corporation II Inc.'s tax identification number are 1894. A complete list of the Debtors in these Chapter 11 Cases and their respective tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent, at https://cases.stretto.com/DelMonteFoods. The location of the Debtor Del Monte Foods Corporation II Inc.'s principal place of business and the Debtors' service address is 205 North Wiget Lane, Walnut Creek, California 94598.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Additional Mediation

(ii) *Application for Order Shortening Time for the Motion of the Ad Hoc Group of Minority Secured Lenders for Entry of an Order Adding the Ad Hoc Group of Minority Secured Lenders as an Additional Mediation Party to the Proposed Mediation* [Dkt. No. 877] (the "**Motion for Shortened Notice**"):

## OBJECTION

1.     The Additional Mediation Party Motion and the accompanying Motion for Shortened Notice should be denied, as the requested relief is both moot and to the extent not moot, undermines the fundamental purpose of the Mediation.  As noted in the *Debtors' Application in Lieu of Motion in Support of Entry of Stipulation and Agreed Order (I) Appointing the Hon. Christine M. Gravelle, Chief Judge, as Mediator for the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief* [Dkt. No. 840] (the "**Mediation Application**"), the Debtors have already commenced mediation with the Committee, the Ad Hoc Term Lender Group, and the Debtors' parent, DMPL on a limited set of Mediation Topics that implicate each of the Mediation Parties.

2.     Thanks to the efforts of the Mediator, those efforts have borne fruit, and late last week the Mediation Parties **reached an agreement in principle (subject to final documentation) settling the disputes concerning the Mediation Topics.**[3]  The Mediation Parties are presently documenting that agreement in principle.  This settlement (once fully documented) is without prejudice to the rights of any party in interest outside the Mediation, including the Minority Ad Hoc Group.  The requested relief in the Additional Mediation Party Motion is therefore moot.  To

---

Party Motion or the Mediation Application, as applicable.

[3]  The Debtors obtained the consent of the Mediator and each of the Mediation Parties to make this disclosure, and for the avoidance of doubt do not waive any mediation privilege.

the extent that the Minority Ad Hoc Group's request has not been mooted by subsequent developments, the Debtors continue to object to their inclusion as an Additional Mediation Party.

3.     Even prior to achieving an agreement-in-principle through the Mediation, the Debtors' view was that, given the universe of Mediation Topics, the participation of the Minority Ad Hoc Group was not necessary or appropriate.  For that reason and as further described herein, when counsel for the Minority Ad Hoc Group reached out to the Mediation Parties for their consent to the Minority Ad Hoc Group becoming an Additional Mediation Party, counsel for the Debtors coordinated with counsel for the Committee, the Ad Hoc Term Lender Group and later DMPL, and informed counsel for the Minority Ad Hoc Group that none of the Mediation Parties consented to their joining the Mediation.  *See* Additional Mediation Party Motion, Exh. A, Exh. B (after sending the email contained in Exhibit B, counsel for the Debtors confirmed with counsel for DMPL that DMPL also did not support the Minority Ad Hoc Group becoming an Additional Mediation Party).

4.     Having failed to obtain the required unanimous (or, in fact, any) consent of the Mediation Parties, the Minority Ad Hoc Group now asks the Court to let them participate in the Mediation.  Tellingly, the Minority Ad Hoc Group fails to cite any cases where the Court ordered parties to a *consensual mediation* to include a party that *none of the mediation parties consented to* as an additional mediation party.  *See* Additional Mediation Party Motion ¶ 9 (collecting cases on the Court's ability to order mediation as a general matter).  Mediation is intended to foster consensus among parties who have been unable to find common ground on specific topics.  If the Mediation Parties do not think that the Minority Ad Hoc Group's participation would be helpful to the Mediation at this time in point, that should be the beginning and the end of the inquiry.

5.      The Minority Ad Hoc Group suffers no prejudice by not participating in the Mediation.  The first two Mediation Topics have nothing to do with the Minority Ad Hoc Group: Mediation Topic 1 includes claims subject to Challenge (as defined in the Final DIP Order), which does not apply to the Minority Ad Hoc Group as its Challenge deadline already ran on September 22, 2025, and Mediation Topic 2 includes claims and causes of action that are the subject of investigation by the Debtors' Special Investigation Committee and/or the Committee – not the Minority Ad Hoc Group.  With respect to the third Mediation Topic – resolution of the issues raised in Mediation Topics 1 and 2, including the allocation of Sale proceeds to creditors – the Minority Ad Hoc Group has the same rights as any other creditor: to object to any proposed resolution of estate claims and to any allocation of Sale proceeds.  The Minority Ad Hoc Group is free to raise those objections (or any other relevant and non-time barred objections) at any hearings to approve any settlement, Sale(s) and/or with respect to any proposed Chapter 11 plan, just as any other creditor not participating in the Mediation.

6.      Finally, the Minority Ad Hoc Group's arguments that excluding them from the Mediation will cause unnecessary delay and expense are unfounded.  As noted above, the Mediation has already resulted in a settlement in principle, which is in the process of being documented.  Adding a fifth party to the Mediation at this point whose issues are not integral to the Mediation Topics, and whose rights in these Chapter 11 Cases as creditors are not prejudiced in any way by the Mediation or the Mediation Parties, would unduly complicate and prolong the Mediation and cause the very delay and expense that the Minority Ad Hoc Group warns of.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Debtors respectfully request that the Court deny the Additional Mediation Party Motion and the Motion for Shortened Notice.

Dated: December 8, 2025

/s/ Michael D. Sirota
Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota
David M. Bass
Felice R. Yudkin
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:  msirota@coleschotz.com
        dbass@coleschotz.com
        fyudkin@coleschotz.com

– and –

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff (admitted *pro hac vice*)
Rachael L. Ringer (admitted *pro hac vice*)
Megan M. Wasson (admitted *pro hac vice*)
Ashland J. Bernard (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
E-mail: Adam.Rogoff@HSFKramer.com
        Rachael.Ringer@HSFKramer.com
        Megan.Wasson@HSFKramer.com
        Ashland.Bernard@HSFKramer.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*