

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**U.S. COURTHOUSE**
**402 E. STATE STREET**
**TRENTON, NEW JERSEY 08608**

**Hon. Michael B. Kaplan**                                              **609-858-9360**
**Judge, United States Bankruptcy Court**

April 2, 2026

Re:     Del Monte Foods Corporation II Inc.
        Case No. 25-16984 (MBK) (Jointly Administered)
        Motion for Certification of Direct Appeal to Third Circuit

All Counsel of Record:

Before the Court is the Request of the Ad Hoc Group of Minority Secured Lenders (the "Movants") seeking certification of this Court's Order (A) Approving the Settlement Reached Among the Mediation Parties and (B) Granting Related Relief (the "Settlement Approval Order") for direct appeal to the United States Court of Appeals for the Third Circuit (the "Motion"). ECF No. 1283. The debtors (the "Debtors") and the Ad Hoc Group of Majority Secured Lenders (the "Majority Group" together with the Debtors, the "Objecting Parties") each filed opposition. ECF Nos. 1356 and 1357. In response, the Movants filed a reply. ECF No. 1366. The Court considered this matter on the papers submitted without oral argument. For the reasons set forth below the Motion is DENIED.

## I.      Background and Procedural Posture

The Settlement Approval Order was entered following a two-day evidentiary hearing and resolved disputes among key stakeholders, including the Debtors, the Majority Group, and the Official Committee of Unsecured Creditors. The settlement provided, among other things, for an $8 million recovery to general unsecured creditors and resolved potential litigation that, according to the record, threatened to disrupt the Debtors' restructuring and sale process. The Movants, who opposed the settlement, now seek certification of a direct appeal of the Settlement Approval Order to the Third Circuit.

## II.     Positions of the Parties

The Movants contend that certification is warranted because the Settlement Approval Order presents specific questions of law appropriate for immediate review under 28 U.S.C. § 158(d)(2).

Movants frame the issues on appeal as whether the Settlement Approval Order violates core provisions of the Bankruptcy Code governing creditor treatment—specifically, whether the settlement structure is impermissible under 11 U.S.C. §§ 1129(b)(1) and 1123(a)(4). In this regard, Movants argue that the settlement provides consideration to general unsecured creditors while excluding Movants, notwithstanding Movants' asserted entitlement to priority as secured creditors, and that such treatment raises legal questions concerning both unfair discrimination and equal treatment among similarly situated creditors. Movants further contend that these issues present pure questions of law, including whether, and to what extent, statutory requirements typically applied in the plan confirmation context—such as the prohibition on unfair discrimination and the requirement of equal treatment within a class—apply to settlements approved under Bankruptcy Rule 9019. Movants assert that the Court's approval of the settlement without resolving these statutory questions warrants immediate appellate review. Movants also argue that there is no controlling authority in the Third Circuit addressing the application of these statutory provisions in the context presented here, or, alternatively, that existing case law does not resolve the questions raised by the settlement structure. In support, Movants point to decisions from other jurisdictions that they contend reflect differing approaches to the treatment of creditor distributions outside the plan context. Finally, Movants assert that immediate appeal would materially advance the progress of the case, arguing that the legality of the settlement structure is central to the Debtors' restructuring and that resolving these issues now would avoid the risk of later disruption.

The Debtors respond that the Motion seeks to reframe a fact-intensive settlement approval as a legal question suitable for direct appeal. First, the Debtors contend that Movants did not clearly raise an "unfair discrimination" objection before this Court and therefore cannot rely on that theory as a basis for certification. Second, the Debtors argue that the question presented is not a "pure" legal issue but instead involves the application of well-established legal standards to a detailed factual record developed through extensive briefing and a two-day evidentiary hearing. Third, the Debtors assert that the issues identified by Movants do not involve "a question of law as to which there is no controlling decision" within the meaning of 28 U.S.C. § 158(d)(2), as the governing standards for approval of settlements under Bankruptcy Rule 9019 are well defined under Third Circuit precedent, including *In re Martin*, 91 F.3d 389 (3d Cir. 1996). Fourth, the Debtors contend that the Motion does not present "a question of law requiring resolution of conflicting decisions," arguing that Movants have failed to identify any meaningful split in authority and instead rely on decisions arising in different factual contexts. Fifth, the Debtors submit that certification will not materially advance the progress of the case. To the contrary, according to the Debtors, the settlement is a central component of the Debtors' restructuring efforts, and an immediate appeal would risk delay and disruption. Sixth, the Debtors contend that the issues raised are not matters of public importance, but instead reflect a dispute specific to the facts and circumstances of this case.

The Majority Group joins in the Debtors' opposition and advances additional arguments. As a threshold matter, the Majority Group argues that Movants lack appellate standing because they cannot demonstrate that they would receive *any* recovery even if the settlement were unwound. The Majority Group further contends that Movants have not satisfied any of the statutory criteria for certification and, in addition, submit that Movants failed to preserve the arguments they now seek to raise on appeal. In particular, the Majority Group asserts that Movants did not adequately present their unfair discrimination or related statutory arguments in connection with the settlement approval proceedings and therefore cannot rely on those arguments as a basis for certification.

On the merits, the Majority Group argues that controlling precedent forecloses Movants' legal theories and that the authorities cited by Movants do not create any meaningful conflict. The Majority Group also asserts that the Settlement Approval Order is a poor vehicle for direct appeal because it rests on fact-intensive determinations and discretionary judgment. In this regard, the Majority Group notes that, while Movants identify a single purported legal issue for certification, they have simultaneously designated numerous issues for appeal to the district court, including issues concerning the sufficiency of the evidentiary record, the adequacy of this Court's analysis, and the weighing of factors relevant to settlement approval. The Majority Group argues that certifying a direct appeal under these circumstances would effectively invite the Court of Appeals to address a host of fact-bound issues that are not appropriate for direct review. Finally, the Majority Group contends that an immediate appeal would hinder, rather than advance, the Debtors' restructuring by introducing delay and uncertainty at a critical stage of the case.

In reply, Movants dispute both the standing and preservation arguments advanced by the Debtors and the Majority Group. With respect to standing, Movants contend that the Settlement Approval Order itself imposes a concrete pecuniary injury by allocating value to certain unsecured creditors while excluding Movants entirely, and that such exclusion constitutes a sufficient injury for purposes of appellate standing. Movants further argue that, even if the ultimate recovery is uncertain, the loss of the opportunity to obtain a distribution consistent with the Bankruptcy Code's priority scheme is itself a cognizable injury, relying on *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451 (2017) to support that proposition.

With respect to preservation, Movants contend that they adequately raised their arguments before this Court, including arguments grounded in priority principles, unfair discrimination, and the alleged distributional effects of the settlement. Movants argue that their objection and oral argument repeatedly invoked *Jevic* and challenged the settlement as an impermissible distribution of estate value that excluded them, while providing recoveries to other creditors. They further assert that any refinement of those arguments on appeal constitutes additional support for claims already presented, rather than new arguments.

### III.    Applicable Law

Motions for direct appeal to the court of appeals are governed by 28 U.S.C. § 158(d)(2), which provides that a district court may certify a final order for immediate appeal to the court of appeals. In accordance with section 158(d)(2)(A) and (B), certification is mandatory if the Court determines that any of the following exist:

1) the order "involves a question of law as to which there is no controlling decision";
2) the order "involves a question of law requiring resolution of conflicting decisions";
3) the order "involves a matter of public importance"; or
4) immediate appeal of the order "may materially advance the progress of the case."

28 U.S.C. § 158(d)(2); *see also Whittaker, Clark & Daniels, Inc.*, 2023 WL 4875915, at *1–2 (Bankr. D.N.J. July 31, 2023).

The direct-appeal pathway for a bankruptcy court order under 28 U.S.C. § 158(d)(2) was enacted to "foster the development of coherent bankruptcy-law precedent" by facilitating "guidance on pure questions of law" from the circuit courts of appeals. *Weber v. United States*, 484 F.3d 154, 158–59 (2d Cir. 2007). It is generally reserved for gaps or conflicts in bankruptcy-law precedent— when the order "involves a question of law as to which there is no controlling decision" or "involves a question of law requiring resolution of conflicting decisions." § 158(d)(2)(A)(i), (ii). Certification may also be granted for an order that "involves a matter of public importance" or for which immediate appeal "may materially advance the progress of the case," § 158(d)(2)(A)(i), (iii), but courts construe these secondary provisions "narrowly." *Polk 33 Lending LLC v. THL Corp. Fin., Inc.* (*In re Aerogroup Int'l, Inc.*), 2020 WL 757892, at *5 (D. Del. Feb. 14, 2020).

Courts in this circuit have consistently recognized that certifying "pure" legal questions accords with the precedent-building purpose of § 158(d)(2). *See, e.g.*, *IRS v. Davis*, 2016 WL 3567039, at *2 (D.N.J. June 29, 2016) ("the question on appeal—whether there is a timeliness requirement to the term 'return' under the BAPCA—is a legal one"); *Troisio v. Erickson* (*In re IMMC Corp.*), 2016 WL 356026, at *5 (D. Del. Jan. 28, 2016) ("whether bankruptcy courts are included in the definition of 'courts' under § 610 for purposes of § 1631 is a pure question of law"). In contrast, certification ordinarily is inappropriate when there is an opportunity to build additional precedent because the lower court's order involves questions of fact, mixed questions of fact and law, or the application of well-settled law to a particular set of facts. *See Weber*, 484 F.3d at 158 ("Congress believed direct appeal would be most appropriate … to resolve a question of law not heavily dependent on the particular facts of a case"). Courts in this circuit have rejected requests to certify fact-bound orders. *See In re Tribune Co.*, 477 B.R. 465, 472 (Bankr. D. Del. 2012) ("[H]ow this Court measured materiality is not a pure legal issue; it is not appropriate for direct appeal."); *Bepco LP v. Globalsantafe Corp.* (*In re 15375 Mem'l Corp.*), 2008 WL 2698678, at *1 (D. Del. July 3, 2008) (Under § 1112(b) of the Bankruptcy Code, "whether such 'unusual circumstances' exist on the record … is necessarily fact-intensive, as is a review of that court's determination that no lack of good faith exists on the part of the debtors. Such factual issues preclude a direct appeal.").

## IV.    Discussion

The Court begins with the threshold arguments raised by the Objecting Parties concerning standing and preservation. First, the Majority Group contends that Movants lack appellate standing because they cannot demonstrate that they would receive any recovery even if the settlement were unwound. This Court is not persuaded that the absence of a guaranteed recovery deprives Movants of standing for purposes of seeking appellate review. As Movants correctly observe, the Settlement Approval Order itself directs that Movants receive no recovery, while providing a distribution to other unsecured creditors. Whether Movants would ultimately recover in the absence of the settlement is not dispositive at this stage. The alleged injury—the exclusion from a distribution that Movants contend must comply with the Bankruptcy Code's priority scheme—is sufficient to establish the type of pecuniary interest typically required for appellate standing in bankruptcy cases. *See, e.g., Jevic*, 580 U.S. at 464. The existence of standing, however, does not resolve whether certification is appropriate under § 158(d)(2).

The Court next considers the related argument that Movants failed to preserve the issues they now seek to present on appeal. The Objecting Parties argue that Movants failed to preserve the arguments they now seek to advance on appeal. The Court does not find that the preservation issue

4

provides a basis to resolve the Motion. The record reflects that Movants raised objections to the settlement grounded in its distributional effects and its alleged inconsistency with the Bankruptcy Code's priority framework, including reliance on *Jevic* and related principles. While the parties dispute the precise framing and clarity of those arguments, the Court is satisfied that Movants sufficiently presented the substance of their position for purposes of this Motion. *See, e.g., Minority Ad Hoc Group's Obj. to Settlement Motion* ¶ 97, [Filed Under Seal, 1/21/26] ("The Debtors should not be permitted to use the Settlement to circumvent solicitation and confirmation requirements contemplated by the Code exactly to prevent this kind of unfair creditor treatment."); *id.* at ¶ 85 (citing *Jevic* and arguing that the settlement's "distribution . . . contravenes the Bankruptcy Code's priority scheme"); *id.* at ¶99 (citing *Jevic* and arguing that their treatment under the settlement "violate[s] the Bankruptcy Code's priority scheme without consent").

Having considered the threshold arguments, the Court now addresses whether certification is warranted under 28 U.S.C. § 158(d)(2). This Court is not persuaded that the Settlement Approval Order presents a suitable vehicle for direct appeal. The approval of a settlement under Bankruptcy Rule 9019 is inherently a fact-intensive determination requiring the Court to assess, among other things, the probability of success in litigation, the complexity, expense, and likely duration of such litigation, and the paramount interests of creditors. *See In re Martin*, 91 F.3d at 393. These considerations necessarily require the Court to weigh competing evidence, evaluate risks, and exercise its discretion based upon the particular circumstances of the case.

The record here reflects precisely such an exercise. The Settlement Approval Order followed a two-day evidentiary hearing, extensive briefing, and the consideration of a substantial and developed factual record. The Court's determination was grounded in well-established Third Circuit precedent and required the application of those standards to the specific facts presented, including the risks attendant to continued litigation and the benefits of the negotiated resolution. Courts have consistently recognized that such determinations—where the Court is called upon to apply settled legal principles to a detailed factual record—are not well suited for direct appellate review under § 158(d)(2). *See, e.g., In re Tribune*, 477 B.R. at 472 (collecting cases) (declining certification where the issue turned on how the court applied established standards to the facts before it). That is particularly so where, as here, the issues identified by Movants arise from the Court's evaluation of the evidentiary record and its discretionary judgment in approving the settlement. The Court also finds persuasive the Majority Group's observation that, notwithstanding Movants' attempt to frame a single legal issue for certification, Movants have designated numerous additional issues for appeal that are plainly fact-bound. Those issues include challenges to the sufficiency of the evidentiary record; the Court's evaluation of the complexity, expense, and delay associated with continued litigation; and the adequacy of the Court's analysis of the settlement factors. *See, e.g., Notice of Appeal* ¶¶ 6-13, ECF No. 1284. Certification under these circumstances would risk inviting the Court of Appeals to consider a broader set of issues that turn on the application of settled law to the factual record, rather than a discrete legal question appropriate for immediate review. Accordingly, the Settlement Approval Order does not present the type of purely legal issue contemplated by § 158(d)(2) but rather reflects a fact-bound application of settled law, making it an unsuitable candidate for direct appeal.

Movants next assert that conflicting decisions warrant immediate appellate resolution. Again, this Court does not agree. To satisfy § 158(d)(2)(A)(ii), Movants must identify conflicting decisions that require resolution by the Court of Appeals—not merely cite cases that reach different outcomes on different records or in differing procedural postures. The authorities cited by Movants do not

establish such a divergence. Rather, those decisions arise in distinct contexts—including plan confirmation—and reflect the application of established principles to those respective records. *See, e.g., Movants' Request for Direct Certification* ¶ 22, ECF No. 1283 (citing *In re Trib. Co.*, 972 F.3d 228 (3d Cir. 2020), which addressed plan confirmation). They do not demonstrate that courts have adopted competing legal standards governing the issues Movants seek to raise here. Nor do out-of-circuit decisions, even if arguably in tension, establish the type of conflict contemplated by the statute. *See, e.g. In re Millennium Lab Holdings II, LLC*, 543 B.R. 703, 714 (Bankr. D. Del. 2016) (collecting cases and explaining that "inter-circuit splits do not satisfy section 158(d)(2)"). This is particularly so where controlling precedent within this Circuit provides the governing framework. *In re Martin*, 91 F.3d at 393 (setting forth the factors governing approval of settlements under Bankruptcy Rule 9019). At most, the cases cited by Movants illustrate that courts have addressed similar issues in fact-specific ways, which underscores—rather than undermines—that the issues presented here are not amenable to resolution through a direct appeal. Accordingly, Movants have not demonstrated the existence of conflicting decisions requiring immediate appellate intervention.

Finally, Movants assert that immediate appellate review will materially advance the progress of these cases. This Court disagrees. As an initial matter, the Court notes that Movants' argument necessarily overlaps with the related contention that the issues presented warrant immediate review due to their asserted importance. As discussed at the outset, certification may be granted for an order that "involves a matter of public importance," 28 U.S.C. § 158(d)(2)(A)(i), but courts read this basis narrowly and with a specific meaning. *See, e.g., Polk*, 2020 WL 757892, at *5; *In re Nortel Networks Corp.*, 2010 WL 1172642, at *2 (Bankr. D. Del. Mar. 18, 2010). In particular, courts emphasize that an order must "'transcend the litigants and involve a legal question, the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case.'" *Polk*, 2020 WL 757892, at *5 (quoting *In re Am. Home Mortg. Inv. Corp.*, 408 B.R. 42, 44 (D. Del. 2009)). Even where a dispute implicates public policy concerns, those concerns must be broad and must still present a legal question. *See Troisio,* 2016 WL 356026, at *6; *Nortel*, 2010 WL 1172642, at *2. Thus, that an issue is hotly contested and important to the parties is not sufficient. *See In re Millennium Lab Holdings II, LLC*, 543 B.R. at 716. Similarly, issues involving the application of legal standards to a particular factual record generally do not satisfy this standard because they do not "transcend" the parties or meaningfully advance the development of the law. *Polk*, 2020 WL 757892, at *5.

**V.     Conclusion**

For the reasons expressed herein, the Court denies the Motion. The Debtors are directed to submit a proposed form of order consistent with this Opinion.

Honorable Michael B. Kaplan
United States Bankruptcy Judge